IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANGELA DEBOSE,                          )
                                        )
    Plaintiff,                       )
                                        )
v.                                      )   CASE NO.
                                        )   4:22CV439-RH/MAF
THE UNIVERSITY OF SOUTH FLORIDA         )
BOARD OF TRUSTEES,                      )   JURY TRIAL DEMANDED
                                        )
    Defendant.                       )
_____/

## COMPLAINT

    Plaintiff Angela DeBose ("Ms. DeBose"), individually, brings this action against the Defendant, the University of South Florida Board of Trustees ("USFBOT"), and alleges as follows:

### I. PARTIES

1.    The Plaintiff is a State of Florida resident in the City of Tampa, Hillsborough County, Florida. Plaintiff was formerly an employee of the state government university and agency, University of South Florida Board of Trustees, and filed suit in federal court, *Angela DeBose v. University of South Florida Board of Trustees and Ellucian, L.P.*, Case No. 8:15-cv-02787-EAK-AEP[1]. Section 704(a) of Title VII makes it unlawful "for an employer to discriminate against any of his employees or

---

[1] Renumbered 8:15-cv-02787-VMC-AEP

FILED USDC FLND TL
DEC 8 '22 PM 5:39


or applicants for employment" who have availed themselves of Title VII's protections." See *Robinson v. Shell Oil Co.*, 519 U.S. 337, (1997). Insofar as § 704(a) expressly protects employees from retaliation for filing a "charge," and a charge under § 703(a) alleging unlawful discharge, former employees were included within the scope of "employees" protected by § 704(a) who could bring an action. Ms. DeBose sues the University of South Florida for continued post-employment discrimination/retaliation through adverse actions designed to interfere with her employment, over the course of seven (7) years after her termination.

2.     Defendant USFBOT is the governing body of the University of South Florida (USF), and public body corporate created by Article IX, Section 7 of the Constitution of the State of Florida. Defendant USFBOT is based at 4202 E. Fowler Avenue, Tampa, Florida. Defendant USFBOT is a body corporate authorized to sue and be sued under the laws of the State of Florida on behalf of USF. USF is an "employer" in an "industry affecting commerce" as defined by federal and Florida law. USF is part of the State University System with its main campus in Hillsborough County, Florida. At all times material hereto, USF was and is a public university within the State University System of the State of Florida and a "state agency," pursuant to §216.011(1)(qq), Florida Statutes.

3.     Plaintiff was an employee of Defendant USFBOT and is an aggrieved person within the meaning of Title VII.

4.      Defendant USFBOT is an employer within the meaning of Title VII.

## II. JURISDICTION

5.      Venue in the Tampa / Orlando Division of the Middle District of Florida ("MDF") is proper as the unlawful employment-related practices described herein occurred in both Hillsborough and Polk County, Florida.  However, MDF has barred this filing, *appealed*; therefore, Plaintiff is applying for jurisdiction in this Court.

6.      Plaintiff is a resident of Hillsborough County, Florida and is employed in Polk County, Florida.

7.      Defendant USFBOT is located in Hillsborough County, Florida but is alleged to have unlawfully conspired and interfered with Ms. DeBose's employment in Polk County, Florida.  28 U.S.C. §1391; Middle District Local Rule 1.02(c).

8.      Venue in the Tampa or Orlando Division of the Middle District of Florida is proper because a substantial part of the events giving rise to Plaintiff's claims occurred in both judicial districts and had a substantial effect on Ms. DeBose in these judicial districts:

<u>Background</u>

a.      On May 19, 2015, USF terminated Ms. DeBose before a scheduled May 21, 2015 preliminary injunction hearing.  Immediately after Ms. DeBose's termination, USF Provost Ralph Wilcox interfered with her job opportunity at the University of North Florida (UNF).

b.    USF refused to allow Ms. DeBose to copy/inspect public records and charged Ms. DeBose approximately $20,000 for such records that it provided to others free of charge, to prevent Ms. DeBose from proving elements of her case and lied to a judge to try and halt the deposition of the local NAACP president because she had personal knowledge and direct evidence in that regard.

c.    In July 2015, USF deleted telephonic evidence that was relevant to Ms. DeBose's federal case.

d.    In July 2015, Ms. DeBose was hired as a consultant by Florida Polytechnic University ("Florida Poly") and subsequently hired in October 2015 to a full-time position with benefits. In 2016, USFBOT contacted Florida Poly, stating that Ms. DeBose had been terminated by the university and inquired about Ms. DeBose's hire and the "reason for leaving USF" that Ms. DeBose listed on her job application. Through discovery, Plaintiff will show that USFBOT was motivated by a retaliatory animus to disrupt Ms. DeBose's employment.

e.    In November 2016, USFBOT commandeered its student workers to put Ms. DeBose's employment files into shred bins for destruction because Ms. DeBose was engaged in a protected activity and filed discrimination and retaliation charges.

f.    USFBOT's employees and representatives lied about the destruction and committed hate crimes against Ms. DeBose because of her protected activity,

including the deletion of phone records and vandalism of Ms. DeBose's car.  In a criminal investigation by the Tampa Police Department (TPD), probable cause was found and the case was referred to the State Attorney's Office (SAO) for prosecution.

g.    In December 2018, USFBOT contacted Florida Poly about Ms. DeBose's pay and put on false evidence that her pay was equivalent to or more than her earnings at USF.  USFBOT also put on false evidence that it stopped issuing written employment contracts in 2005, having shredded or concealed Ms. DeBose's contracts so that it would not have to pay her contract damages due to her under her 2015 and extended 4-year contract to 2019.

h.    In 2019, USF tainted a court-ordered mediation by having an unlawful ex parte communication in an 8-page letter with the court-appointed mediator to thwart the chances for a potential settlement and/or damages to Ms. DeBose, the verdict winner at trial.

i.    In January 2020, USFBOT conspired with others to conceal that an incapacitated judge and rogue/recused interfering judges falsified court records and orders in Ms. DeBose's state court actions.

j.    In September 2021, USFBOT called upon and conspired with Ms. DeBose's employer, Florida Poly, to force Ms. DeBose out by creating a hostile retaliatory work environment that is nearly the exact pretextual plan for

discrimination that it deployed against her to setup Ms. DeBose's unlawful termination.  Through discovery, Plaintiff will show that USFBOT's collusion with Florida Poly was motivated by its hostile retaliatory animus to prevent Ms. DeBose from earning a paycheck that would allow her to maintain her state/federal court actions against the USF Board, et al.

k.      On March 14, 2022, ABC Action News broadcast and publication broke the story about incapacitated judge being held out as actively presiding over cases and rogue, intervening judges falsifying and/or forging orders under the auspices that the orders were rendered by the judge himself or under the judge's signature/stamp.  USFBOT and others retaliated against Ms. DeBose for blowing the whistle by closing her pending cases in federal and state court and entering ill-begotten injunction orders against Ms. DeBose for alleged vexation.

9. Plaintiff has met all conditions precedent and exhausted all administrative remedies prior to filing suit, including:

a. Filing a Charge of Continued Discrimination/Retaliation with the United States Equal Employment Opportunity Commission ("EEOC") via dual-filing same through the Florida Commission on Human Relations ("FCHR");

b. Receiving a Notice of Right to Sue from the EEOC within the appropriate amount of time for filing this action, **(see Exhibit A)**; and

c. Defendant USFBOT has been given notice of tort action taken against it pursuant to the requirements of section 768.28(6)(a), Florida Statutes.

## III. FACTS

10.  Ms. DeBose is female and her race is black.

11.  DeBose is a former employee of USFBOT who has engaged in a protected activity and had "participation" in an EEOC process or "opposition" to discrimination and retaliation by USFBOT.

12.  Materially adverse actions have been taken by Ms. DeBose's former employer, USFBOT.

13.  There is a close or very close causal connection between Ms. DeBose's protected activity and the materially adverse actions.

14.  The scope of USFBOT's actions extend beyond workplace-related or employment-related retaliatory acts and harm.

15.  In August 2022, Ms. DeBose made a public records request of her employer, Florida Poly, concerning USFBOT's continuing communications to Florida Poly about her and its retaliatory interference with her employment.  The responsive records to Ms. DeBose's request is 2,725 records.  **(See Exhibit B).**

16.  Florida Poly previously provided responses to two public records requests from Ms. DeBose.  However, Florida Poly has refused to provide DeBose the 2,725 public records.  Through discovery, Plaintiff will show that USFBOT has urged

Florida Poly not to comply.  At USFBOT's urging, Florida Poly's General Counsel

has asserted that Ms. DeBose has already received "*public records with a value of*

*$45,000.*"  The General Counsel sent an itemized invoice to Ms. DeBose for

$1,268.81.

17.     When Ms. DeBose request the records pursuant to the itemized charge for

141 records at $241.56, Florida Poly's General Counsel stated it was all or nothing

and refused to provide any of the records unless Ms. DeBose paid the total charge.

18.     Because USFBOT has continued to discriminate and retaliate against Ms.

DeBose through disparaging remarks and calls for her termination by her employer,

Florida Poly, Ms. DeBose filed a complaint of post-employment discrimination

against USFBOT with the EEOC.

19.     The emails will show that USFBOT has urged Florida Poly to take unlawful

adverse employment actions against Ms. DeBose on account of Ms. DeBose's

protected activity and litigation against USFBOT.

20.     The emails will show that Florida Poly agreed to help USFBOT by taking

several adverse, discriminatory, retaliatory actions against Ms. DeBose on account

of DeBose's race-gender, protected activity, and complaints against USFBOT.

21.     As a result of the conspiratorial agreement USFBOT initiated with Florida

Poly, Ms. DeBose filed internal complaints against Florida Poly for creating a hostile

retaliatory work environment and conspiring to force her out of her job.  Through

discovery, Plaintiff will show that USFBOT has urged Florida Poly to follow the same retaliatory scheme it deployed against DeBose.

22.     By way of example, USFBOT disparaged Ms. DeBose to Florida Poly and made false reports to government authorities, law enforcement, and court officials, on account of her race-gender, protected activity, and complaints against USFBOT.

23.     USFBOT urged Florida Poly to create a hostile, retaliatory work environment by using a software consultant as it did, to frustrate her purpose, disrupt her work, and lower her estimation in the eyes of the Florida Poly community.

24.     USFBOT urged Florida Poly to do as it did and threaten Ms. DeBose with reorganization, reassignment, and removal of her supervisory responsibilities, on account of her race-gender, protected activity, and complaints against USFBOT.

25.     USFBOT urged Florida Poly to fail to evaluate Ms. DeBose or give her a lower rating to degrade and marginalize Ms. DeBose as it did, on account of her race-gender, protected activity, and complaints against USFBOT.

26.     USFBOT urged Florida Poly to suppress Ms. DeBose's pay and deny her the title/role of AVP as it did, on account of her race-gender, protected activity, and complaints against USFBOT.

27.     USFBOT urged Florida Poly to do as it did and terminate Ms. DeBose's grievance process and block her access to otherwise available remedial internal

mechanisms as it did, on account of her race-gender, protected activity, and complaints against USFBOT.

28. USFBOT urged Florida Poly to end Ms. DeBose's employment or force her early retirement to deter her from being able to economically or financially maintain her pending litigation against USF because of her race-gender, protected activity, and complaints against USFBOT.

29. There is evidence of causation that supports Ms. DeBose's prima facie case, and well as evidence to refute USFBOT's et al. nonretaliatory, pretextual explanations, in the emails USFBOT and its employees, representatives, et al. exchanged with Florida Poly.

## IV. CLAIMS

### COUNT I - against Defendant USFBOT
### Gender Discrimination in Violation of Title VII.

30. Plaintiff incorporates Paragraphs 10-14, 20, 22, 24-28, above as if fully set forth herein.

31. At all times relevant hereto, Plaintiff performed her duties in a satisfactory, professional and highly competent manner at Florida Polytechnic University.

32. Defendant USFBOT subjected Plaintiff to disparate treatment based on her gender (female) in violation of Title VII, and because she is both Black and female.

33. Defendant USFBOT's actions against Plaintiff, including but not limited to the continual disparaging comments to her employer, Florida Poly, over a 7-year

time period. Ms. DeBose is the only black female department head and USFBOT made continuous calls for her termination and/or forced early retirement. USFBOT's action constitute a retaliatory adverse employment actions based upon Plaintiff's gender, and because she is both Black and female.

34. As a result of Defendant USFBOT's unlawful actions, Plaintiff has suffered and continues to suffer, past and future monetary losses, including damages in the form of lost wages and other benefits, damages to her career and to her professional and personal reputations, humiliation, emotional pain and suffering, mental anguish and stress, loss of enjoyment of life, and other non-pecuniary losses, and Plaintiff will likely continue to suffer these losses and impairments in the future.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a judgment in favor of Plaintiff and against Defendant USFBOT declaring that Defendant USFBOT unlawfully engaged in post-employment discrimination against Plaintiff in violation of Title VII;

B. Issue a mandatory injunction: 1) Requiring Defendant USFBOT to effectively plan, develop, undertake, implement and monitor a plan designed to ensure that Defendant USFBOT's employees are not subjected to discrimination; and/or 2) Enjoin Defendant USFBOT from further interfering with Plaintiff and any of her rights, privileges or benefits of employment or otherwise treating her differently on account of her gender and/or race; and/or

C. Award Plaintiff all lost pay and benefits; and/or

D. Award Plaintiff compensatory damages; and/or

E. Retain continuing jurisdiction in order to ensure compliance with the terms of the mandatory injunction requested herein; and

F. Grant such additional relief as this Court deems just and proper.

## COUNT II - against Defendant USFBOT
## Race Discrimination in Violation of Title VII.

35.     Plaintiff incorporates Paragraphs 1-34 above as if fully set forth herein.

36.     At all times relevant hereto, Plaintiff performed her duties in a satisfactory, professional and highly competent manner at Florida Polytechnic University.

37.     Defendant USFBOT subjected Plaintiff to disparate treatment based on her race (Black) in violation of Title VII, and because she is both Black and female.

38.     Defendant USFBOT's actions against Plaintiff, including but not limited to the failure to promote her and the termination of her employment, constitute adverse employment actions based upon Plaintiff's gender, and because she is both Black and female.

39.     As a result of Defendant USFBOT's unlawful actions, Plaintiff has suffered and continues to suffer, past and future monetary losses, including damages in the form of lost wages and other benefits, damages to her career and to her professional and personal reputations, humiliation, emotional pain and suffering, mental anguish

and stress, loss of enjoyment of life, and other non-pecuniary losses, and Plaintiff will likely continue to suffer these losses and impairments in the future.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a judgment in favor of Plaintiff and against Defendant USFBOT declaring that Defendant USFBOT unlawfully engaged in post-employment discrimination against Plaintiff in violation of Title VII;

B. Issue a mandatory injunction: 1) Requiring Defendant USFBOT to effectively plan, develop, undertake, implement and monitor a plan designed to ensure that Defendant USFBOT's employees are not subjected to discrimination; and/or 2) Enjoin Defendant USFBOT from further interfering with Plaintiff and any of her rights, privileges or benefits of employment or otherwise treating her differently on account of her gender and/or race; and/or

C. Award Plaintiff all lost pay and benefits; and/or

D. Award Plaintiff compensatory damages; and/or

E. Retain continuing jurisdiction in order to ensure compliance with the terms of the mandatory injunction requested herein; and

G. Grant such additional relief as this Court deems just and proper.

**COUNT III – against Defendant USFBOT**
**Unlawful Retaliation in Violation of Title VII.**

Plaintiff incorporates Paragraphs 1-39 above as if fully set forth herein.

40.    Title VII forbids retaliation against an employee because she has opposed an employment practice made unlawful by Title VII, or because she engaged in EEO activity, filed a charge or participated in any proceeding under Title VII.

41.    This protection includes former employees.

42.    Plaintiff is a former employee of USFBOT.

43.    Plaintiff engaged in protected activity and filed a charge or participated in proceedings under Title VII.

44.    Plaintiff engaged in protected activity as described in the paragraphs above when she complained about gender discrimination and race discrimination, including but not limited to: filing a charge of post-employment discrimination and retaliation with the EEOC and filing a discrimination lawsuit for damages and other relief in U.S. District Court Middle District of Florida.

45.    The actions of Defendant USFBOT, as fully set forth above, including but not limited to: calling for termination of Ms. DeBose's employment, making disparaging remarks to a prospective employer (Florida Poly) and current employer (Florida Poly) were taken in retaliation for Plaintiff's opposition to the discriminatory treatment based on her gender and race, and violated Title VII.

46.    The foregoing actions are the types that are reasonably likely to deter protected activity by Plaintiff and/or other employees, and therefore constitute retaliation in violation of Title VII.

14

**COUNT IV – against Defendant USFBOT**
**Tortious Interference with a Business Relationship**

Plaintiff incorporates paragraphs 1-29 above as if fully set forth herein.

47.   In September 2015, Ms. DeBose was offered a temporary consulting job by Florida Polytechnic University to evaluate its Student System, Three Rivers CAMS, and subsequently hired to an OPS Business Analyst position to implement Workday ® Human Capital Management and Financials.

48.   In October 2016, Ms. DeBose was hired to a permanent position with benefits.

49.   From 2016 through 2022, USFBOT has communicated with Florida Poly, creating approximately 2,725 records, to "poison the well" and discourage Florida Poly from hiring, retaining, and advancing Ms. DeBose through her retirement.

50.   Upon information and belief, the interference by USFBOT has induced Florida Poly to create a hostile retaliatory work environment, discriminate, retaliate, and take adverse action against Ms. DeBose.

51.   USFBOT has a long history of gender and race discrimination and upon review, has over 60 federal and state civil rights cases against it.

52.   In its brief history as Florida's newest state university, Florida Poly has a similar history of discrimination in a shorter span of time, and like USF, has lost in court, requiring it to pay monetary damages.

53.     Upon information and belief, Defendant USFBOT improperly, intentionally, and unjustifiably interfered by having an improper reason, as well as, utilizing improper methods.

54.     Upon information and belief, Defendant USFBOT contacted Florida Poly and induced its leadership and General Counsel not to provide the public records pursuant to Ms. DeBose's request and/or comply with a subpoena issued by a federal court to obtain those records.   USFBOT is again seeking to deprive, delete, and destroy evidence that Ms. DeBose needs to prove her case at trial by urging Florida Poly to withhold the public records no matter the consequence because of its backdoor access and influence peddling with the courts in its jurisdiction.

55.     USFBOT sought to deprive Ms. DeBose of her prospects for other professional jobs in higher education in hopes of humiliating and degrading DeBose,

56.     The interference with Ms. DeBose's employment at Florida Poly has damaged Plaintiff.

57.     Upon information and belief, Defendant USFBOT persisted in its course of action, despite the knowledge that its conduct would result in damage to Plaintiff, or at least was highly likely to result in damage to Plaintiff.

        WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a judgment in favor of Plaintiff and against Defendant USFBOT declaring that Defendant USFBOT unlawfully interfered with Plaintiff's business relationship with Florida Poly; and/or

B. Issue a mandatory injunction: 1) Requiring Defendant USFBOT to effectively plan, develop, undertake, implement and monitor a plan designed to ensure that individuals such as Plaintiff are not subjected to unlawful interference; and/or 2) Enjoining Defendant USFBOT from actions designed to deny Plaintiff any of her rights, privileges or benefits of employment or otherwise treating her differently on account of her protected activity; and/or 3) Enjoining Defendant USFBOT from benefiting from any contractual relationship that may have arisen out of the interference; and/or

C. Award Plaintiff all economic losses resulting from the unlawful interference; and/or

D. Award Plaintiff damages for mental distress; and/or

E. Retain continuing jurisdiction in order to ensure compliance with the terms of the mandatory injunction requested herein; and

F. Grant such additional relief as this Court deems just and proper.

### COUNT V – against Defendant USFBOT
### Hate Crimes

Plaintiff re-alleges paragraphs 1-57 of this Complaint as if fully set forth under this count.

17

58.    On February 4, 2015, DeBose commenced legal proceedings in the proper form, with probable cause, filing a motion for a temporary restraining order (TRO) and preliminary injunction against Defendant USFBOT pursuant to Section 706(f)(2) of Title VII of the Civil Rights Act of 1964.

59.    On December 2015, DeBose filed a discrimination / retaliation complaint in federal court against Defendant USFBOT 42 U.S.C. § 2000e-5(f)(2) et al.

60.    In 2016, DeBose filed a criminal report (#2016-901289; 9500-4 Information-Miscellaneous Investigation) against USFBOT and its General Counsel, with the Tampa Police Department ("TPD") alleging the destruction of her employment files and State of Florida public records, on account of her race and because she engaged in a protected activity.

61.    Following a determination of probable cause, the matter was referred to the Florida State Attorney's Office ("SAO").

62.    During all relevant times, the TPD and the SAO falsely represented to DeBose that the Statute of Limitations had run.  However, Plaintiff discovered the limitations period is seven years and does not expire until 2023.

63.    On May 29, 2022, Plaintiff requested that the TPD Chief of Police reopen her case, which had been closed under false pretenses.  Plaintiff also reported a hate crime to the Federal Bureau of Investigation ("FBI").  An investigation of Defendant

USFBOT was initiated with the FBI Civil Rights Division by the NAACP. The Thirteenth Judicial Circuit is also purportedly under federal investigation.

64.    USFBOT DeBose's employment files and evidence for trial because she is Black and because she filed an EEOC complaint and took legal action against the University of South Florida for Title VII civil rights violations.

65.    USFBOT lied about the destruction to conceal or cover-up their crimes against DeBose and to prevent adverse judgments from being entered against them.

66.    USFBOT and/or its employees, agents, assigns, vandalized DeBose's car while it was parked on USF property while DeBose was at work and still employed in the USF Office of the Registrar in order to coerce, intimidate, or threaten DeBose in the hopes that she would resign or quit her job as University System Registrar.

67.    USFBOT deleted and/or concealed phone records between DeBose and the general counsel, to deprive DeBose of her evidence for trial that would have specifically proven the timing of certain adverse actions taken against DeBose in relation to her EEOC complaint.

68.    USFBOT ordered the destruction of DeBose's computer hard-drive and refused to provide her any of the public records created thereto, in order deprive DeBose of her evidence for trial.

69.    USFBOT has committed crimes and perverted the legal process in an attempt to cover-up or conceal its crimes to accomplish an ulterior purpose, for which it was

not designed or construed, including getting favorable judgments and committing fraud on the court(s).

70.     USFBOT filed motions in limine to prevent USFBOT's hate crimes from being known at trial.

71.     Over a 7-year period since Ms. DeBose's termination from USF in 2015, USFBOT has exchanged 2,725 emails with Florida Poly to interfere with Ms. DeBose's employment in hopes that she would lose her job and her income so that she could not maintain her protected activity and pending litigation against the university.

72.     USFBOT has sought to have the courts declare Ms. DeBose, a pro se litigant and nonpracticing lawyer in good standing, as "vexatious" to deprive her of the right of self-representation, access to the courts, and other substantial fundamental rights under the U.S. and Florida constitutions.

73.     USFBOT has a history of racism, discrimination, retaliation, and corruption.

74.     USFBOT has also committed acts that would be considered hate crimes against other Blacks / African Americans.  By way of example, on April 9, 2020, USFBOT was sued by a plaintiff for an act of racism, intimidation, and reprisal against the complainant involving a noose, a stuffed pig (a.k.a. "Miss Piggy"), and race gender smears.   USFBOT encouraged and facilitated a discriminatory, retaliatory, racist, and hateful work environment that allowed its employees to refer

to the plaintiff in that action as a pig and a *"whore"*, who by her symbolic hanging, *"got what she deserved!"*.

75.    DeBose suffered numerous acts of hatred directed at her and may be entitled to recover treble damages from the Defendants.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a judgment in favor of Plaintiff and against Defendant USFBOT declaring that Defendant USFBOT unlawfully committed hate crimes under Florida Statutes § 775.085, Violent Interference with Federally Protected Rights,18 U.S.C. § 245, and Conspiracy Against Rights, 18 U.S.C. § 241.; and/or

B. Issue a mandatory injunction: 1) Requiring Defendant USFBOT to effectively plan, develop, undertake, implement and monitor a plan designed to ensure that individuals such as Plaintiff are not subjected to unlawful interference; and/or 2) Enjoining Defendant USFBOT from actions designed to deny Plaintiff any of her rights, privileges or benefits of employment or otherwise treating her differently on account of her protected activity; and/or 3) Awarding Plaintiff all economic losses resulting from the unlawful interference; and/or 4) Awarding Plaintiff damages for mental distress; and/or 5) Retaining continuing jurisdiction in order to ensure compliance with the

terms of the mandatory injunction requested herein; and 6) Granting such additional relief as this Court deems just and proper.

**COUNT VI - against Defendant USFBOT**
**Race Discrimination in the Making and Enforcement of Contracts**
**42 U.S.C. § 1981**

88.   Plaintiff re-alleges Paragraph 1-29 and 47-57 and states additionally or alternatively:

89.   Ms. DeBose opposed and complained to the EEOC about unlawful race discrimination and retaliation by USFBOT against her.

90.   Ms. DeBose's complaint comprised protected activity under 42 U.S.C. § 1981.

91.   At all relevant times DeBose was engaged in protected activity, USFBOT was aware of her protected activity.

92.   USFBOT nevertheless took adverse action against DeBose in retaliation for engaging in protected activity and for maintaining the complaints and litigation against it.

93.   A reasonable former employee would have found USFBOT's retaliatory actions materially adverse, as did Ms. Debose.

94.   USFBOT's retaliatory actions against Ms. DeBose could well dissuade a reasonable employee from protected conduct.

95.   By retaliating against DeBose, USFBOT sought to unlawfully deprive Ms. DeBose the same rights to make and enforce employment contracts—which includes

making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship—as enjoyed by white people.

96.   By retaliating against Ms. DeBose, USFBOT subjected DeBose to punishment, pains, penalties, and exactions of every kind less than those to which USFBOT subjects similarly situated white people; and USFBOT did so by seeking assistance from Ms. DeBose's employer, because she is black and because she engaged in protected activity.

97.   By retaliating against Ms. DeBose, USFBOT sought to deny Ms. DeBose the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens; and USFBOT did so because of DeBose's protected activity.

98.   In retaliating against Ms. DeBose, USFBOT acted with malice or callous indifference to Ms. DeBose's employment with Florida Poly and her federally protected rights.

99.   Ms. DeBose has been injured by USFBOT as a result of the violations as alleged, including pain and suffering, emotional distress, mental anguish, loss of the capacity to enjoy life, loss of sense of self-efficacy, and economic damages.

100.  DeBose demands all relief that is just and equitable, including compensatory damages, costs, and fees as provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a judgment in favor of Plaintiff and against Defendant USFBOT declaring that Defendant USFBOT committed acts in violation of 42 U.S.C. § 1988; and/or

B. Issue a mandatory injunction: 1) Requiring Defendant USFBOT to effectively plan, develop, undertake, implement and monitor a plan designed to ensure that individuals such as Plaintiff are not subjected to unlawful interference; and/or

2) Enjoining Defendant USFBOT from actions designed to deny Plaintiff any of her rights, privileges or benefits of employment or otherwise treating her differently on account of her protected activity; and/or 3) Awarding Plaintiff all economic losses resulting from the unlawful interference; and/or 4) Awarding Plaintiff damages for mental distress; and/or 5) Retaining continuing jurisdiction in order to ensure compliance with the terms of the mandatory injunction requested herein; and 6) Granting such additional relief as this Court deems just and proper.

## COUNT VII – against USFBOT
### Conspiracy to Interfere with Civil Rights 42 U.S.C. §§ 1985 and 1986

Plaintiff re-alleges paragraphs 1-29, 47-57, 88-100 and states additionally or alternatively:

101. Under 42 U.S.C. § 1985(2), Ms. DeBose has the right to be free from intimidation by USF as a party and as a witness, and to be free of obstruction of justice and intimidation by USFBOT in her federal actions against USFBOT.

102. USFBOT conspired with Ms. DeBose's employer, Florida Poly, to deter, by intimidation and threat, Ms. DeBose from maintaining matters pending therein, freely, fully, truthfully, and to injure Ms. DeBose, in person and property, from providing evidence and testimony favorable to Ms. DeBose and unfavorable to USFBOT.

103. More specifically, USFBOT contacted Florida Poly and exchanged communications electronically, whereupon they agreed to intimidate Ms. DeBose by telling Florida Poly employees not to speak to Ms. DeBose and to take overt actions against her, including suggesting that Ms. DeBose was uncollaborative, unprofessional, or unqualified.

104. USFBOT acted with malice or callous indifference to Ms. DeBose's employment and federally protected rights as alleged.

105. Under 42 U.S.C. § 1986 and under the circumstances of USFBOT's interference with DeBose's employment and business opportunities with Florida Poly, USF had a duty to prevent or not engage in Section 1985 conspiracies against DeBose.

106.  Ms. DeBose has been injured by USFBOT as a result of the violations as alleged in this Count, including pain and suffering, emotional distress, mental anguish, loss of the capacity to enjoy life, loss of sense of self-efficacy, and economic damages.

107.  Ms. DeBose demands all relief that is just and equitable, including compensatory damages, costs, fees, and other relief provided by 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a judgment in favor of Plaintiff and against Defendant USFBOT declaring that Defendant USFBOT committed acts in violation of 42 U.S.C. § 1988; and/or

B. Issue a mandatory injunction: 1) Requiring Defendant USFBOT to effectively plan, develop, undertake, implement and monitor a plan designed to ensure that individuals such as Plaintiff are not subjected to unlawful interference; and/or

108.  2) Enjoining Defendant USFBOT from actions designed to deny Plaintiff any of her rights, privileges or benefits of employment or otherwise treating her differently on account of her protected activity; and/or 3) Awarding Plaintiff all economic losses resulting from the unlawful interference; and/or 4) Awarding Plaintiff damages for mental distress; and/or 5) Retaining continuing jurisdiction in

order to ensure compliance with the terms of the mandatory injunction requested herein; and 6) Granting such additional relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant relief against the Defendant as follows:

A. Enter judgment against USFBOT, in the ways enumerated in this Complaint and by other means; and/or

B. Award Plaintiff monetary damages and other money relief for the Defendant's violations, in the ways enumerated resulting from violations of law; and/or

C. Award Plaintiff monetary damages and other money relief for her property interests in her employment as well as her money judgment, damages, interest, costs, fees, and other relief that deprived Plaintiff of her rights, privileges, protections, and compensation under the law;

D. Trial by jury as to all issues so triable; and

E. Grant such other legal and equitable relief as may be just and proper.

## RESERVATION OF RIGHTS

Plaintiff reserves his right to further amend this Complaint to include counts upon completion of her investigation and discovery, to assert any additional claims for relief against Defendant or other parties as may be warranted under the

circumstances and as allowed by law. The Florida Commission on Human Relations ("FCHR") has 180 days to investigate Plaintiff's claims. If, upon its investigation, the agency finds "reasonable cause" to believe that discrimination exists, it will notify the claimant. At this point, the claimant may bring a civil action for damages, request an administrative hearing, or request mediation. Plaintiff reserves the right to file dual counts under the Florida Civil Rights Act.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this **7th** day of December, 2022.

/s/ Angela DeBose

Angela DeBose, Plaintiff
1107 W. Kirby Street
Tampa, FL 33604
813-932-6959
awdebose@aol.com

28

# EXHIBIT

# A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Tampa Field Office**
501 East Polk St, Suite 1000
Tampa, FL 33602
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Ms. Angela W. DeBose
1107 W Kirby St
TAMPA, FL 33604

Charge No: 511-2022-02975

EEOC Representative and email:   CYNTHIA WOODRUFF
Investigator
cynthia.woodruff@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 511-2022-02975.

On behalf of the Commission,

**Cc:** Luisette "Liz" Gierbolini, Esq
4202 E. Fowler Ave, CGS 301
Tampa FL 33620

# EXHIBIT

# B

9/21/22, 7:44 PM                                              Fw: email domains

**From:** Office of the General Counsel <ogc@floridapoly.edu>
**Sent:** Monday, September 12, 2022 4:04 PM
**To:** Angela DeBose <adebose@floridapoly.edu>
**Cc:** Office of the General Counsel <ogc@floridapoly.edu>
**Subject:** RE: email domains

Angela,

The modifications made to your request resulted in the following number of records received:

1. Search 1 = 2,584
2. Search 2 = 141

As this will still require an extensive amount of time by the OGC personnel to review these records to ensure compliance with State and Federal law. Prior to providing an invoice, our team will look at the file to determine a more precise estimate based upon the findings.

Best,

**Sherri Pavlik**
Executive Assistant | Office of the General Counsel
W: 863-874-8412

*Please note: Due to Florida's broad public records law, most written communication to or from university employees is considered a public record. Therefore, the contents of this email, including personal email addresses, may be subject to disclosure in the event a request is made.*

 Delete     Archive     Report ∨     Reply     Reply all     Forward ∨         ∨     ∨

# Re: Chapter 119, F.S. - Public Records Request

**Sent:** Wednesday, August 24, 2022 11:19 AM
**To:** Office of the General Counsel <ogc@floridapoly.edu>
**Subject:** Chapter 119, F.S. - Public Records Request

Dear OGC:

Thank you for being responsive to my prior public record requests.  I have an additional request using the search criteria below:

Search Criteria:

Search 1
Please provide emails in Florida Poly's prior **.org** and/or current **.edu** domains that
        CONTAINS "USF" or "University of South Florida"
        **AND** also contains "Angela" or "DeBose"
        but does <u>not</u> contain or include "adebose" or "awdebose"


Search 2
Please provide emails in Florida Poly's prior **.org** and/or current **.edu** domains that
        CONTAINS "@gtlaw" or "@hwhlaw" or "@littler" or "@dldlawyers" or "thomas.gonzalez@gray-robinson.com"
        **AND** also contains "Angela" or "DeBose"


If there is a public record(s) that you believe is exempt or privileged, please (1) identify the document; (2) briefly describe the document; and (3) state the nature of the exemption/privilege that is claimed.

 Reply     Forward

EXPRESS
MAIL
UNITED STATES POSTAL SERVICE™

LABEL 127R

PRIORITY
MAIL
EXPRESS®

UNITED STATES POSTAL SERVICE®

www.usps.gov

FLAT RATE
ENVELOPE
ONE RATE ■ ANY WEIGHT

PS10001000006

USPS.COM/PICKUP

To schedule free Package Pickup,
scan the QR code.

EP13F July 2022
OD: 12 1/2 x 9 1/2

⇦ PEEL FROM THIS CORNER

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 insurance included.

CUSTOMER USE ONLY
FROM: (please print)

Angela DeRose
1107 W. Kirby St
Tampa, FL 33604

PHONE ( 813 ) 210-3023

SIGNATURE REQUIRED

DELIVERY OPTIONS (Customer Use Only)

TO: (please print)          PHONE ( )

US N. Courthouse
111 N. Adams St, Ste 322
Tallahassee, FL 32301-7730

ZIP + 4® (U.S. ADDRESSES ONLY)

PAYMENT BY ACCOUNT (if applicable)
USPS® Corporate Acct No.        Federal Agency Acct No. or Postal Service™ Acct No.

ORIGIN (POSTAL SERVICE USE ONLY)

PO ZIP Code        Scheduled Delivery Date        Postage
33604              (MM/DD/YY)                      $ 27.90
                   12/08/22

Date Accepted (MM/DD/YY)    Scheduled Delivery Time    Insurance Fee    COD Fee
12/07/22                    □ 10:30 AM
                            ☑ 3:00 PM

Time Accepted               Return Receipt Fee         Live Animal
1:20  □ AM  ☑ PM                                        Transportation Fee

Special Handling/Fragile    Sunday/Holiday Premium Fee  Total Postage & Fees
                                                        $ 27.90

Weight            Flat Rate    Acceptance Employee Initials
780  ☑ lbs  oz    □ Yes

DELIVERY (POSTAL SERVICE USE ONLY)

Delivery Attempt (MM/DD/YY)  Time  □ AM  Employee Signature
                                   □ PM

Delivery Attempt (MM/DD/YY)  Time  □ AM  Employee Signature
                                   □ PM

LABEL 11-B, MAY 2015

EI 499 260 786 US

U.S. POSTAGE PAID
PABE 1, DBY
TAMPA, FL
33604
AUG 08, 22
AMOUNT
$27.90
R2304M11928-33

UNITED STATES
POSTAL SERVICE®