## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ANGELA DEBOSE,                                )
                                             )
    Plaintiff,                               )
                                             )
v.                                           )          CASE No.: 4:22cv439-RH-MAF
                                             )
UNIVERSITY OF SOUTH FLORIDA                  )
BOARD OF TRUSTEES,                           )
                                             )
    Defendant.                               )
                                             )
_____ /

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Angela DeBose commenced the instant Title VII action against the University of

South Florida Board of Trustees for continued post-employment discrimination and retaliation that

over has occurred during the seven years following termination from employment. On December

8, 2022, the Court issued an Order to Show Cause ("OSC"), (Doc. 3), asking Plaintiff to (1) pay

the $402.00 filing fee and (2) attach the injunction order of the Middle District of Florida ("MDF")

and explain why Plaintiff believes she is barred from proceeding in the MDF court(s). This Court

requires both actions to be completed by January 17, 2023. Having submitted payment to satisfy

the requisite case docketing fee concerning part 1 of this Court's OSC, Plaintiff states as follows

concerning part 2:

### I. Federal Jurisdiction

When an American party sues another American party in a federal court, at least one

thing is certain: so long as some court in the United States has jurisdiction (personal and subject

matter) over the case, the case should be heard.

A. Subject Matter Jurisdiction

The OSC noted that Plaintiff is pro se; however, the OSC does not inquire into subject matter jurisdiction, as Plaintiff has included allegations sufficient to establish federal jurisdiction. *See also Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013) ("[F]ederal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists."). *See also Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The Plaintiff and Defendant are citizens of the State of Florida. DeBose is domiciled in Florida and the University of South Florida and/or its Board of Trustees ("USF" / "USFBOT") has Florida as its principal place of business. The amount in controversy exceeds $75,000. Furthermore, as a pro se, the Plaintiff's pleadings are to be liberally construed. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[C]ourts must construe pro se pleadings liberally.").

B. Personal Jurisdiction and Reasons for an Alternative Available Forum

The OSC points out that Plaintiff has alleged the case is properly situated in federal court in the Middle District of Florida, based on a federal question. However, as shown by the attached Middle District of Florida Injunction Order, ("**EXHIBIT A**"), Plaintiff may not file there. The order applies to the MDF courts and not strictly the Tampa Division. Additionally, it applies to Plaintiff's cases in the MDF—irrespective of the case status (open, closed, appealed) or the defendant(s) identity (USFBOT, Ellucian, L.P., et al.). The order frustrates the purposes of Title VII as does the effort to withhold the emails by and between USFBOT and Plaintiff's employer. Plaintiff does not have an adequate state or federal forum in her jurisdiction that accords her access to the courts as a self-represented litigant. *See Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 435, 102 S.Ct. 2515, 2522-23, 73 L.Ed.2d 116 (1982); *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). *Younger* advises that, when state proceedings are pending, constitutional issues should be raised in that forum, "'unless it

plainly appears that this course would not afford adequate protection.'" 401 U.S. at 45, 91 S.Ct. at 751 (quoting *Fenner v. Boykin,* 271 U.S. 240, 244, 46 S.Ct. 492, 493, 70 L.Ed. 927 (1926)).

Although Plaintiff sought a stay of the injunction order and extension of the RTSL deadline to retain counsel for the instant action, it was impracticable to hire counsel in the constricted timeframe due to the complexities of the case, the appealed injunction orders, and the publication about the various species of fraud committed by the Thirteenth Judicial Circuit involving the University of South Florida. The RTSL filing deadline would have run unless counsel could be immediately retained or an extension granted on an emergent or time-sensitive basis. This did not happen. Additionally, Plaintiff attempted to file the new Title VII action in her jurisdiction on December 7, 2022. The Clerk of the Court with the Middle District of Florida refused the filing and instead provided the court's injunction order.[1] Therefore, Appellant was forced to file the complaint in another jurisdiction and did so on December 8, 2022. On that same date, Plaintiff also filed a motion to reopen her dismissed case and leave to file her proposed Third Amended Complaint, supplemented with the Title VII claims filed in the instant case.[2] The Middle District of Florida denied the motion. Plaintiff had no other option but to file outside of her jurisdiction to preserve her claims against USFBOT's invidious discrimination, retaliation, and hate crime against her. The parties are in a dispute but there is clear and convincing evidence that DeBose is and has been the victim of the university's hostility and aggression to lock DeBose out of court.

## II. Forum Non Conveniens

Forum non conveniens says that an appropriate forum—even though competent under the law—may divest itself of jurisdiction if, for the convenience of the litigants, the witnesses, or the

---

[1] Appellant also filed a motion to reopen the case, allowing her leave to file a proposed Third Amended Complaint that included the claims under the new Title VII action, (Doc. 103). The District Court denied the motion, (Doc. 106).

[2] This may have required the Eleventh Circuit to relinquish or temporarily suspend its jurisdiction.

public, it appears that the action should proceed in another forum where the action might originally have been brought. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981). ("The basic principle is that . . . forum non conveniens [will be invoked] where the court is satisfied that there is some other available forum, having competent jurisdiction, which is the appropriate forum for the trial of the action, i.e. in which the case may be tried more suitably for the interests of all the parties and the ends of justice."). The current doctrine calls on courts to conduct a two-part inquiry to determine whether a case should be dismissed on the basis of forum non conveniens. *See Piper*, 454 U.S. 235; *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947) (noting that application of the doctrine "presupposes at least two forums in which the defendant is amenable to process"). The court should determine whether an available alternative forum (AAF) exists for the action. *Piper*, 454 U.S. at 254 n.22. Additionally, the court determines whether it can dismiss the lawsuit in favor of another forum. *See Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 189 (2d Cir. 2009); *Barak v. Zeff*, 289 F. App'x 907, 916 (6th Cir. 2008); *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 865 (11th Cir. 2007). In *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp*, the Supreme Court held that that a federal court such as this one may hear and pass a ruling on a forum non conveniens motion even if that court does not necessarily have subject-matter jurisdiction or personal jurisdiction over the case in front of the court. The Court decided that while courts typically need to consider personal jurisdiction and subject-matter jurisdiction before hearing a case on the merits, this procedure does not necessarily apply when considering non merits issues. The second case was *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas,* which determined that courts should use 28 U.S.C. 1404(a), which allows for the transfer of cases between jurisdiction, for the purposes of granting a forum non

conveniens motion.[3]  Here, the expectation in seeking this Court's jurisdiction as an AAF is that (1) all defendants may be subject to the jurisdiction of this Court; (2) this Court may provide a meaningful remedy under the circumstances; (3) the plaintiff can be treated fairly; (4) the plaintiff and all parties will have practical access to the court; (5) this forum can provide procedural due process; and (6) this appears to be a stable forum.  See, e.g., *Sinochem Int'l Co. v. Malay. Shipping Int'l Co.*, 549 U.S. 422, 429 (2007); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996).

Plaintiff has not been treated fairly in the MDF and is now falsely accused of vexation, against the clear court records and the great weight of the evidence:

> A "vexatious litigant" is defined as:
> - A person who, in the immediately preceding 5-year period, has commenced, prosecuted, or maintained, *pro se*, five or more civil actions in any court in this state, except an action governed by the Florida Small Claims Rules, which actions have been finally and adversely determined against such person or entity; or
> - Any person or entity previously found to be a vexatious litigant pursuant to this section.

### III. The Facts

At the beginning of the litigation, DeBose had attorney representation in her federal case.  Her attorneys were allowed to withdraw over her objection.  In 2017, a federal magistrate judge issued an order finding that DeBose could proceed pro se.   DeBose, though a licensed bar-certified attorney, has never engaged in the practice of law.   Her status historically is/has been "nonpracticing" during all relevant times.  Under the above vexatious litigant rule, DeBose would not be considered pro se because she was represented by counsel and also because she has not engaged in the practice of law.  Secondly, DeBose has not filed frivolous papers or claims.  DeBose prevailed in her cases and on appeal.  Thirdly, none of the state court actions were commenced in

---

[3] In Case No. 8:21-cv-2127-SDM-AAS, DeBose moved for a transfer/change of venue to Washington, DC given the claims against the US. *Denied* in the injunction order.

Florida within the bright line of 5 years of the state court's injunction order except one, i.e., 19-

CA-004473.[4]  Finally, the decisions were not finally and adversely determined against her:

  i.   Middle District of Florida

| Case No. | Case Style | Disposition |
|---|---|---|
| **8:15-mc-00018 - EAK-MAP** – Motion for Temporary Restraining Order / Preliminary Injunction | Angela DeBose v. University of South Florida Board of Trustees, Paul Dosal | DeBose prevailed in that she proved irreparable harm and a substantial likelihood of success on the merits. *Voluntarily dismissed* by DeBose upon filing her federal discrimination case. Renumbered 8:15-mc-00018 -CEH-MAP.  The case has a pending fully brief motion to reopen filed on May 12, 2020 and motion for hearing that has not been decided or set for hearing; therefore it was and is not finally and adversely determined against DeBose. |
| **8:15-cv-02787- EAK-AEP** – Title VII Discrimination, Retaliation, Breach of Contract, Conspiracy | Angela DeBose v. University of South Florida Board of Trustees, Ellucian, L.P. | DeBose won at summary judgment in September 2017 and was the unanimous verdict winner following a 2-week trial against USFBOT in October 2018. In February 2019, the MDF overturned the jury verdict and final judgment, ordered a failed mediation, and afterwards denied DeBose's timely filed motion for new trial. NOTE:   A joint stipulation was entered by DeBose and Ellucian, L.P. to dismiss all actions against Ellucian, L.P. defendants. |
| **8:18-cv-00473- EAK-AAS** – Removal of state court common law fraud claims to federal court by Defendant | Angela DeBose v. Ellucian, L.P. | DeBose was the prevailing party.  Removed case by Defendant was remanded back to state court. Thus, the case was not finally and adversely determined against DeBose.  NOTE: Following an unlawful second removal filed by Ellucian, L.P. in Case 8:19-cv-00200-JSM-AEP, a joint stipulation was entered by the parties to dismiss the action. |
| **8:19-cv-01132- JSM-AEP** – Rule 60(d) Independent Action for fraud or other misconduct | Angela DeBose v. Greenberg Traurig, P.A., University of South Florida Board of Trustees | The case did not commence.  The district court refused to allow electronic filing, a summons for service of process, order a case management scheduling conference, allow discovery, etc. The district court immediately notified the Defendants of the action, though they never filed an appearance in the case.  Dismissed w/o prejudice for lack of jurisdiction. Plaintiff required to refile |

---

[4] This case was not finally and adversely determined. See *Farrey's W., H. v. Hobesound I. P*, 719 So. 2d 374 (Fla. Dist. Ct. App. 1998), where jurisdictional and procedural defects rendered the final judgments void; the judgments were vacated as void and not saved by the "Tipsy Coachman" doctrine.

| Case No. | Case Style | Outcome |
|---|---|---|
| | | in renumbered **8:15-cv-02787-VMC-AEP** as a Rule 60(b) Motion for Relief from Judgment. The MDF granted Defendants' affirmative defenses and motion to dismiss (res judicata/claim preclusion). Also ruled that DeBose was too late to appeal 8:19-cv-01132-JSM-AEP because it was more than 180 days from the dismissal order—though jurisdiction can be challenged at any time. |
| **8:21-cv-2127-SDM-AAS** – Federal Torts Claim Act | Angela DeBose v. USA, Thirteenth Judicial Circuit Court (James M. Barton, Ronald Ficarrotta, Gregory P. Holder, Elizabeth G. Rice); University of South Florida Board of Trustees, (Ralph Wilcox, Gerard Solis, Paul Dosal, Lois Palmer); Greenberg Traurig, P.A., Richard McCrea | MDF issued no case management scheduling order, no discovery, no hearings (not even ones required by law). Injunction Order granted on motion by Defendants Greenberg Traurig, P.A. and Richard McCrea; *Dismissed with Prejudice* as to all Defendants on ground of res judicata, though identities are not the same, action could not have been brought in any prior action, issues never fully or fairly litigated. Abstention not applicable concerning state court matters, as DeBose did not have an adequate state forum. The only evidence filed was by DeBose and it was substantial. DeBose filed only one amended complaint (2nd). The first amended complaint was ordered by the MDF to correct font-size. The MDF denied Plaintiff's motion to file a (3rd) amended complaint. |

ii.  State court

| Case No. | Case Style | Outcome |
|---|---|---|
| **15-CA-005663** – Florida Public Records Act - Petition for Writ of Mandamus | Angela DeBose v. University of South Florida Board of Trustees | Petition to copy/inspect public records (i.e. emails) denied by a former judge recused from the case. A new terminally ill and absent judge assigned, who was held out as active, allowing unassigned judges to interfere and issue dispositive orders. Another judge was assigned following the death of terminally ill judge. This judge administratively closed the case and issued an Injunction Order following ABC Action News Story about the terminally ill judge. No injunction hearing. |
| **17-CA-001652** – Bad faith | Angela DeBose v. University of South Florida Board of Trustees, | No discovery. Never set for trial. Case with substantial evidence languished under terminally ill absentee judge. An unassigned interfering judge from the criminal division issued final judgment and order dismissing the case with prejudice on ground of res judicata in July 2020. |

| | | No hearing. Judge assigned after death of terminally ill judge administratively closed the case and issued an Injunction Order following ABC Action News Story about the terminally-ill judge. |
|---|---|---|
| **19-CA-004473 – Independent Action for Relief from Judgment in Case 17-CA-002114, Violation of the Florida Public Records Act, Florida RICO, etc.** | Angela DeBose v. Ellucian, L.P., Littler Mendelson, Kimberly Doud, Andrea Diamond, University of South Florida Board of Trustees, Gerard Solis, Greenberg Traurig, P.A., Richard McCrea. | A joint stipulation was entered by DeBose and Ellucian, L.P. to dismiss all actions against Ellucian, L.P. defendants. No discovery. Never set for trial. Substantial evidence filed by DeBose. An unassigned interfering judge from the criminal division issued order dismissing the case with prejudice on grounds of res judicata in July 2020. No hearing. Judge assigned after death of terminally-ill judge administratively closed the case and issued an Injunction Order following ABC Action News Story about the terminally-ill judge. |

The state court followed a highly irregular procedure under highly irregular unconstitutional circumstances to issue its injunction order. The Middle District of Florida used the state court restriction to follow a similar highly irregular procedure and unconstitutional process. DeBose did not have an adequate state forum; it was highly irregular that the state court cases were assigned to a judge who was terminally ill and absent from work for nearly two years prior to his assignment. Through this irregular procedure, DeBose state cases languished, were unlawfully decided, were administratively closed, and DeBose enjoined. The Supreme Court has found state courts to be inadequate if state procedures are unconstitutional. See *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

Additionally, the MDF also followed highly irregular, inadequate procedures. Its injunction order relied and commented upon the state court's restrictive injunction order. This is inconsistent with abstention. See *The News-Journal Corp. v. Foxman*, 939 F.2d 1499. DeBose

was irreparably harmed and unconstitutionally *locked out of court* in her jurisdiction. The injury was great and immediate.[5]

## CONCLUSION

WHEREFORE, based on the above and foregoing, Plaintiff asks this Court to serve as an alternative available federal forum for her Title VII action. In response to the OSC, Plaintiff respectfully asks this Court for a fair resolution of its inquiry, as justice so requires.

**Submitted: 1/3/2023**                Respectfully,

/s/ *Angela DeBose*
Angela DeBose, Appellant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **3rd** day of January 2023, the above and foregoing was sent by US postal mail for filing by the Clerk of the Court.

/s/ *Angela DeBose*
Angela DeBose
1107 W. Kirby Street
Tampa, Florida 33604
Telephone: (813) 932-6959
Email: awdebose@aol.com

---

[5] DeBose was refused the right to copy/inspect public records. DeBose was prevented from filing a Title VII action for post-employment discrimination in her jurisdiction by the EEOC RTSL deadline. DeBose was denied the right to file a counterclaim or third-party claim in a small claims action.

# EXHIBIT

# A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ANGELA DEBOSE,

     Plaintiff,

v.                              CASE NO. 8:21-cv-2127-SDM-AAS

THE UNITED STATES, et al.,

     Defendant.

_____/


## ORDER

In this action, the latest engagement in a seven-year campaign, Angela
DeBose, a lawyer who lost her *pro se* Title VII action against the University of South
Florida, undertakes in this action to sue USF, members of the Board of Trustees,
USF's lawyers in the Title VII action, the Thirteenth Judicial Circuit, the United
States, and the state and federal judges who have denied DeBose relief in her eight
actions against USF and others.[1] The defendants move (Docs. 30, 50, 64) to dismiss,
and USF's lawyers move (Doc. 30) to enjoin DeBose as a vexatious litigant.

---

[1] (1) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-mc-18 (M.D. Fla.); (2) *DeBose v. Univ. of
S. Fla. Bd. of Trustees*, No. 8:15-cv-2787 (M.D. Fla.); (3) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No.
15-CA-5663 (Fla. 13th Cir. Ct.); (4) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 17- CA-1652 (Fla.
13th Cir. Ct.); (5) *DeBose v. Ellucian, LP*, No. 17-CA-2114 (Fla. 13th Cir. Ct.); (6) *DeBose v. Ellucian,
LP*, No. 18-CA-893 (Fla. 13th Cir. Ct.); (7) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:19-cv-1132
(M.D. Fla.); (8) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 19-CA-4473 (Fla. 13th Cir. Ct.).

## BACKGROUND

### I.     The Title VII action

In 2015, DeBose, a lawyer admitted to practice law in Wisconsin,[2] sued USF
and Ellucian, LP, a software consultant retained by USF, for discrimination and re-
taliation, among other claims. *DeBose v. USF Board of Trustees, et al.*, No. 8:15-cv-
02787-VMC-AEP (M.D. Fla.). Throughout the action, DeBose, appearing *pro se*, re-
peatedly moved for sanctions and asserted that USF had destroyed certain employ-
ment documents. After much briefing and several hearings, an order (Doc. 144) de-
nies DeBose's motion for sanctions and holds (1) that USF's destruction of the docu-
ments resulted from policy and revealed no bad faith and (2) that DeBose failed to
show the importance of the destroyed documents to DeBose's burden of proof. The
district court granted summary judgment for Ellucian on all claims and for USF on
some claims.

A trial, over which Judge Kovachevich presided, occurred on DeBose's dis-
crimination and retaliation claims against USF.[3] The evidence at trial showed the
following. *See generally*, *DeBose v. USF Bd. of Trustees*, 811 Fed. Appx. 547 (11th Cir.
2020) (per curiam). In 2014, USF began receiving complaints about DeBose's pro-
fessionalism and demeanor. In July 2014, DeBose, an African American woman,

---

[2] https://www.wisbar.org/directories/pages/lawyerprofile.aspx?Memberid=1101650; *see
also DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-CV-2787-EAK-AEP, 2019 WL 3465730, at *1,
n.1 (M.D. Fla. Feb. 14, 2019)

[3] After Judge Kovachevich's retirement, the clerk randomly assigned Judge Covington to the
case.

filed with USF a discrimination complaint after DeBose's supervisor promoted an
employee other than DeBose. In January 2015, DeBose filed a discrimination com-
plaint with the EEOC. A month later, DeBose received a reprimand for calling a co-
worker a "little girl." In April 2015, an Ellucian consultant met with DeBose to dis-
cuss the implementation of new software as part of the software development con-
tract between USF and Ellucian. After the meeting, the Ellucian consultant reported
to USF that DeBose was uncollaborative and resistant to change. USF decided not
to renew DeBose's employment.

On DeBose's discrimination claim against USF, the jury found that race
served as a "motivating factor" but found that USF would have fired DeBose regard-
less of race. On DeBose's retaliation claim, the jury found that USF had fired
DeBose for complaining about discrimination and awarded DeBose $310,500. After
the verdict, the district court granted USF's renewed motion for judgment as a matter
of law.

DeBose appealed both the judgment and the denial of the motion for sanc-
tions. The Eleventh Circuit affirmed in full and held that DeBose proffered neither
evidence showing that her internal discrimination complaint caused her termination
nor evidence rebutting USF's non-discriminatory reasons for termination. The Su-
preme Court denied certiorari. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, 141 S. Ct.
2518 (2021). Also, DeBose moved in the district court four times for relief from
judgment and principally claimed spoliation and fraud. An order denied each mo-
tion. DeBose appealed, the Eleventh Circuit affirmed, *DeBose v. USF Bd. of Trs.*, 844

- 3 -

Fed. Appx. 99 (11th Cir. 2021), and the Supreme Court denied certiorari, *DeBose v. Univ. of S. Fla. Bd. of Trustees*, 142 S. Ct. 80 (2021).

II.      The successive actions

During the pendency of the Title VII action and the appeal of the judgment, DeBose filed in state and federal court seven successive actions against USF, members of the USF Board of Trustees, USF's lawyers, and Ellucian. A brief description of each episode in this saga of redundancy follows.

On June 22, 2015, DeBose petitioned in the Thirteenth Judicial Circuit for a writ mandating that USF produce documents for use in the Title VII action. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct.). After an evidentiary hearing, Circuit Judge Rice denied the (twice amended) petition.

On February 21, 2017, DeBose sued USF and USF's lawyers for, among other things, destroying documents allegedly critical to her Title VII action. *Angela DeBose v. Univ. of South Florida, et al.*, 17-CA-1652, (Fla. 13th Cir. Ct.). (Doc. 50-1 at 147–172) Circuit Judge Rice dismissed the action and held (1) that the litigation privilege bars the claims against USF's lawyers, (2) that Florida law recognizes no cause of action for spoliation, (3) that collateral estoppel bars the spoliation contention because DeBose litigated and lost her sanctions motion in the Title VII action, and (4) that *res judicata* bars DeBose's breach of contract and other claims as an attempt to re-litigate her claims against USF. (Doc. 50-1 at 174–175) Later, DeBose moved to amend the complaint and to strike USF's affirmative defenses. Circuit Judge Holder (the successor after re-assignment) denied the motion and observed that, among other things,

- 4 -

the proposed amended complaint "suffers the exact same fatal leg[a]l flaws as those within the Complaint and the Amended Complaint, now dismissed with prejudice." (Doc. 50-1 at 177–178)

On January 29, 2018, DeBose sued Ellucian in the Thirteenth Judicial Circuit and principally claimed that Ellucian defamed DeBose by remarking to USF that DeBose was uncollaborative and resistant to change. *DeBose v. Ellucian, L.P., et al.*, Case No. 18-CA-893 (Fla. 13th Cir. Ct.). The defendants removed, *DeBose v. Ellucian, LP et al.*, 8:19-cv-200-JSM-AEP (M.D. Fla.), and Judge Moody dismissed the action as barred by *res judicata* because the defamation and other claims arose from the same transaction and occurrence as the claims in the Title VII action for which Ellucian received judgment. DeBose appealed, and the Eleventh Circuit affirmed. *DeBose v. Ellucian Co.*, L.P., 802 Fed. Appx. 429 (11th Cir. 2019).

On April 29, 2019, DeBose again sued USF and USF's lawyers in the Thirteenth Judicial Circuit. This time, DeBose attempted to re-cast the spoliation allegation as constituting "fraud," triggering RICO liability, intentionally inflicting emotional distress, and violating the right to equal protection and due process. (Doc. 50-1 at 181) *DeBose v. Univ. of S. Fla. Bd. of Trs.*, No. 19-CA-4473 (Fla. 13th Cir. Ct.). Circuit Judge Holder dismissed the action and observed: "Having spent many hours reviewing the various pleadings and papers within [DeBose's earlier actions], the Court concludes that" the judgments in DeBose's earlier actions "absolutely preclude this attempt to re-litigate these matters which have received both justice and finality in various courts of competent jurisdiction." (Doc. 50-1 at 225–226)

- 5 -

On May 10, 2019, DeBose again sued USF and USF's counsel in the Middle District of Florida and this time attempted to re-cast the spoliation claim as either voiding or warranting relief from the judgment in the Title VII action. *DeBose v. Univ. of S. Fla. Bd. of Trs.*, 8:19-cv-01132-JSM-AEP (M.D. Fla.). In a May 16, 2019 order, Judge Moody construed DeBose's complaint as requesting relief from judgment under Rule 60(b), Federal Rules of Civil Procedure, and dismissed the action without prejudice to moving in the Title VII action for relief under Rule 60(b). DeBose moved three times to vacate Judge Moody's dismissal, each of which an order denied. More than a year after the dismissal, DeBose moved to "clarify" the dismissal and to "certify" the dismissal order as appealable. An order denied the motion.[4]

On July 25, 2022, after DeBose began this action, Circuit Judge Melissa M. Polo (the latest successor in the 2015 mandamus action) describes in detail DeBose's history of repetitive, wasteful, frivolous, and vexatious conduct in the Thirteenth Judicial Circuit and enjoins Angela DeBose "from filing further documents with this Court or with the Clerk unless the document is signed by a member in good standing of The Florida Bar." *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct. July 25, 2022) (Doc. 433). A copy Circuit Judge Polo's order is appended to this order.

---

[4] In other, ancillary actions against USF, the members of USF's Board of Trustees, and USF's counsel, DeBose demands the production of records and moves for preliminary equitable relief.

## DISCUSSION

Dissatisfied with the final judgment in USF's favor and the dismissal of her successive actions, DeBose in her second amended complaint (Doc. 27) sues the United States and Judge James S. Moody, Judge Elizabeth A. Kovachevich, Judge Virginia M. Covington, Judge Charlene E. Honeywell, and Magistrate Judge Anthony E. Porcelli; the Thirteenth Judicial Circuit and Judge Ronald Ficarrotta, Judge Elizabeth G. Rice, Judge Gregory P. Holder, and Judge James M. Barton; the USF Board of Trustees and trustees Ralph Wilcox, Paul Dosal, Gerard Solis, and Lois Palmer; and Greenberg Traurig, P.A., and Richard McCrea. This order resolves in turn DeBose's claims against each category of defendant.

I.    The judicial defendants

Putatively under the Federal Tort Claims Act, DeBose claims that the United States through Judge James S. Moody, Judge Elizabeth A. Kovachevich, Judge Virginia M. Covington, Judge Charlene E. Honeywell, and Magistrate Judge Anthony E. Porcelli "intentionally sought to cause injury to [DeBose] by engaging in acts of misconduct in office" and conspired "to facilitate [USF's] pattern or practice of institutional discrimination and systemic racism against black people." (Doc. 27 at ¶ 10) Although no count asserts a claim against a federal judge, the amended complaint identifies each judge as a defendant. (Doc. 27 at ¶¶ 13–17) Apparently, DeBose purports to recover from the United States the damages allegedly caused by the federal judges who ruled against DeBose.

- 7 -

Against Judge Moody, DeBose alleges — without any corroborating allega-
tion of fact — that the promptness of the dismissal of DeBose's successive action to
vacate the judgment in the Title VII action reveals an *ex parte* conspiracy among
Judge Moody, Judge Porcelli, USF, and USF's counsel to "discuss[] and decide[]"
the disposition of DeBose's complaint.  Also, against Judge Moody, DeBose alleges
— without any corroborating allegation of fact — that the dismissal of DeBose's suc-
cessive defamation action against Ellucian and the denial of DeBose's motion to re-
mand reveals a conspiracy among Judge Moody, Judge Porcelli, USF's lawyers, and
the state court judges to "block" DeBose from demonstrating another alleged con-
spiracy, specifically that Ellucian issued a negative report about DeBose solely to fur-
nish USF with a pretext to fire DeBose.  (Doc. 27 ¶ 46)  Rather, Judge Moody's dis-
missal reveals the obvious:  *res judicata* bars in a successive action a defamation claim
arising from the same transaction and occurrence as the unsuccessful discrimination
and retaliation claims.

Against Judge Kovachevich and against Judge Covington, assigned to the Ti-
tle VII action after Judge Kovachevich's retirement, DeBose maintains — frivolously
— that these judges refused to perform the "ministerial" duty to sanction USF for de-
stroying documents allegedly critical to DeBose's Title VII claims.  Also, because the
Eleventh Circuit dismissed for lack of jurisdiction DeBose's interlocutory appeal of
one of the orders denying DeBose's motions for sanctions, DeBose accuses the

- 8 -

presiding judges of using "backdoor channels to influence the Eleventh Circuit to stop the appeal[s]."[5]  (Doc. 27 ¶ 61)

Purportedly under Section 1983, DeBose claims — frivolously — that the Thirteenth Judicial Circuit and the judges presiding over her state-court actions failed to perform a "ministerial" duty and "exceeded jurisdiction" (1) by dismissing DeBose's actions as barred by *res judicata* and collateral estoppel, (2) by allegedly convening a "judicial conspiracy or racket" to assign judges favorable to USF, (3) by permitting parties to exercise their statutory right to removal, (4) by allegedly threatening DeBose with sanctions for vexatiousness, and (5) by allegedly failing to comply with the Florida Rules of Civil Procedure.

A judge is afforded absolute immunity for any "judicial act." *Stump v. Sparkman*, 435 U.S. 349 (1978). Although DeBose frivolously designates adverse decisions as the failure to discharge a "ministerial" duty, as "exceeding" each judge's "jurisdiction," or as void as a matter of law, a careful review of the record confirms that each act about which DeBose complains is quintessentially a judicial act for which each judge, state and federal, is immune from suit.[6]

_____

[5] Also, against Judge Honeywell, DeBose complains about an order in a miscellaneous action, *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 9:15-mc-18 (M.D. Fla.), denying DeBose's motion to re-open an action that DeBose had voluntarily dismissed four years earlier.

[6] Also, DeBose quibbles about case administration, case assignments, procedural matters, and rulings on motions to recuse, none of which, even if erroneously decided, conceivably deprives the presiding judge of judicial immunity or voids the judge's decision. Further, as Circuit Judge Polo aptly explains in footnote seven of her July 25, 2022 order (Ex. A), "[a]ll judges of a circuit court are authorized to exercise a circuit court's jurisdiction" even in a case to which the judge is not assigned.

- 9 -

The remedy for judicial error (and a review of the actions about which DeBose complains reveals not error but the just, speedy, inexpensive, and commendable management of an exasperating litigant) lies not in a suit against the presiding judge but in an appeal or in a motion for relief from judgment. Of course, DeBose, a lawyer, knows this: DeBose appealed the judgment in the Title VII action and lost, moved from relief from judgment and lost, and appealed again and lost. Nonetheless, DeBose endeavors frivolously to re-litigate the adverse judgment under the guise of a suit against each judge who received the random assignment of DeBose's successive actions. Each judge is entitled to absolute judicial immunity. And although DeBose nominally sues under the Federal Tort Claims Act, the absolute judicial immunity of federal judges defeats the claims against the United States. Similarly, absolute judicial immunity and sovereign immunity defeat DeBose's claims against the Thirteenth Judicial Circuit, an arm of the state. *Kaimowitz v. Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) ("The Eleventh Amendment prohibits actions against state courts."); *Driessen v. 11th Judicial Circuit Court*, 522 Fed. Appx. 797 (11th Cir. 2013).

2.      USF and the trustees

Against USF and several members of the USF Board of Trustees, DeBose complains about the alleged destruction of her employment records, the alleged "interference" with her employment contract, the alleged abuse of the "legal process," the alleged fraud and fraudulent concealment of records, and the alleged "intentional infliction of emotional distress." Each of these claims arises from the same transaction and occurrence: DeBose's termination and USF's destruction of allegedly

- 10 -

critical documents during the litigation. DeBose has already litigated to finality these contentions arising from the same transaction and occurrence. *DeBose v. USF Bd. of Trs.*, et al Case No. 8:15-cv-02787-VMC-AEP; *DeBose v. USF Bd. of Trs.*, et al Case No. 8:19-cv-01132-JSM-AEP; *DeBose v. USFBOT*, Case No. 17-CA-1652; and *DeBose v. USF Bd. of Trs.*, et al Case No. 19-CA-4473. Like Judge Holder, I "[h]av[e] spent many hours reviewing the various pleadings and papers within [the related actions]" and likewise conclude "that the grounds set forth within the Defendants' Motions are well taken and absolutely preclude this attempt to re-litigate these matters which have received both justice and finality in various courts of competent jurisdiction." (Doc. 50-1 at 225–226) DeBose presents no claim against USF or the members of the Board of Trustees not barred by *res judicata* or collateral estoppel. DeBose maintains, but presents no plausible allegation showing, that the earlier judgments are void or otherwise not entitled to preclusive effect. For these reasons and for others capably explained in the motion (Doc. 50) to dismiss, the claims against USF and the members of the Board of Trustees warrant dismissal.

3.     USF's lawyers

Against USF's law firm and lawyers, DeBose claims that the adverse judgments in federal and state court resulted from the fraudulent concealment of evidence, the destruction of documents, and a conspiracy between the lawyers and federal and state judges. DeBose has asserted these claims against USF's lawyers in state court and each action was dismissed with prejudice. Also, DeBose's claims are barred by Florida's litigation privilege, which affords "absolute immunity for acts

- 11 -

occurring during the course of judicial proceedings." *Kodsi v. Branch Banking and Tr. Co.*, 15-CV-81053, 2018 WL 830117, at *3 (S.D. Fla. Feb. 12, 2018). The remedy for alleged lawyer misconduct (a study of the record reveals no misconduct by USF's lawyers) is a motion for sanctions. Of course, DeBose knows this: she moved for sanctions in the Title VII action and lost and appealed and lost. Nonetheless, DeBose frivolously attempts to re-litigate claims already dismissed as barred by *res judicata*, collateral estoppel, and the litigation privilege. DeBose maintains — but presents no plausible allegation showing — that these earlier judgments are void or otherwise not entitled to preclusive effect. For these reasons and others capably explained in the motion (Doc. 30) to dismiss, the claims against USF's lawyers warrant dismissal.[7]

## CONCLUSION

Perhaps DeBose is convinced that USF discriminated and retaliated against her. Perhaps DeBose is convinced that the district judge erred by entering judgment as a matter of law against her. Perhaps DeBose is convinced that the Eleventh

---

[7] Although barred by absolute judicial immunity, the litigation privilege, *res judicata*, and collateral estoppel, DeBose also fails to state a claim. The conversion claim, a misguided attempt to re-cast as the conversion of property the denial of her *pro se* motion for an attorney's fee and costs, among other things, is facially frivolous. The civil theft claims are similar. A claim for "assault" and "battery" cannot conceivably result from the mere proximity of law enforcement during state court proceedings. The fraud, misrepresentation, and concealment claims rely on no plausible allegation of fact (and satisfy no component of the particularity requirement under Rule 9(b)). The RICO claim identifies no enterprise, no racketeering activity, and no plausible predicate act. The negligent supervision claim is purely conclusory. The claim for intentional infliction of emotional distress identifies no "outrageous conduct" and describes acrimonious but ordinary litigation and an ordinary employment dispute. The civil conspiracy claim depends on conclusory allegations and includes no facts suggesting the remotest degree of plausibility. The 1983 claim, a misguided attempt to re-litigate as violative of "equal protection" matters decided by the state court, similarly fails.

- 12 -

Circuit erred by affirming the judgment against her.[8]  But DeBose received a fair process:  a civil action and trial conducted in conformity with the Federal Rules of Civil Procedure, federal statutes, and the United States Constitution.  DeBose received a result:  judgment as a matter of law in USF's favor.  DeBose received a fair opportunity to correct a (perceived) error in the result:  an appeal to the Eleventh Circuit and a petition for a writ of certiorari.  The Eleventh Circuit affirmed the result and the Supreme Court declined further review of the result.  This result binds DeBose.

After losing the Title VII action, DeBose has persisted in suing USF, the members of the Board of Trustees, USF's lawyers, and Ellucian.  DeBose lost each action on the merits, sued again, and lost each successive action as barred by *res judicata* and collateral estoppel, among other things.  Rather than acknowledge the finality of those judgments, DeBose has chosen resistance and disruption in the form of further actions that feature increasingly bizarre, uncorroborated, and fantastical allegations of conspiracy (such as the allegation that the federal judges of this district belong to "secret societies" including the "Elizabethan Order.").  (Doc. 27 ¶ 106)

DeBose's complaint — a burst of invective against the district court and state court judges, her litigation adversaries, and anyone else unfortunate enough to be ensnared by DeBose's misguided quest for re-instatement of the jury's verdict — demonstrates that DeBose, a lawyer admitted to the bar of the state of Wisconsin,

---

[8] Although I have no occasion in this posture to adjudicate the correctness of the judgments of the district court and the circuit court, I detect no error by either in my review of those actions or any other action by DeBose.

either fails to comprehend the fundamentals of litigation or, regardless of the funda-
mentals of litigation, chooses for whatever reason to wantonly vex her adversaries.
Nothing in DeBose's conduct in her seven years of litigation against USF suggests
that DeBose will accept the judgment in this action (or any other action) and refrain
from contriving another litigation mechanism method to harass USF and other per-
ceived adversaries.

　　"Three or four lawsuits over one employment relationship is enough." *Riccard
v. Prudential Ins.* Co., 307 F.3d 1277, 1295 (11th Cir. 2002) (affirming a limiting in-
junction against a vexatious former employee). DeBose has filed nine. DeBose
(1) demonstrates a history of filing duplicative and vexatious actions, (2) harbors no
objectively good faith basis to prevail in these duplicative actions, and (3) has sub-
jected USF, USF's lawyers, Ellucian LP, the Thirteenth Judicial Circuit, this court,
and the much-distressed taxpayers, to needless expense. *See, Ray v. Loweder,* 5:02-cv-
316-OC-10GRJ, 2003 WL 22384806, at *2 (M.D. Fla. Aug. 29, 2003) (Hodges, J.)
(articulating factors). DeBose cannot perpetually file redundant, frivolous, and suc-
cessive actions burdening her adversaries with legal expenses without cost or conse-
quence to herself. In accord with the inherent authority of a federal court to prohibit
conduct impairing "the ability to carry out Article III functions," *Procup v. Strickland,*
792 F. 2d 1073 (11th Cir. 1986) (citing *In re Martin-Trigona,* 737 F.2d 1254, 1261–62)
(2d Cir. 1984)), the motion (Doc. 30) for a limiting injunction against DeBose is
**GRANTED** as follows.

Angela DeBose is **ENJOINED** from filing *pro se* in the United States District Court for the Middle District of Florida any complaint, petition, or claim that is (1) about her employment with USF, (2) about Ellucian, LP, (3) about any firm's or lawyer's representation of USF or Ellucian, LP, or (4) about DeBose's litigation against USF, the members of the Board of Trustees, USF's lawyers and Ellucian, LP.[9]  DeBose must not file such a paper without the signature of a lawyer admitted to The Florida Bar and the bar of the Middle District of Florida.  Nothing in this order prevents DeBose from filing an appeal in this action (or in any other action).

DeBose's motion (Doc. 77) to transfer is **DENIED** because DeBose presents no basis for venue in the District of Columbia other than the frivolous inclusion of the United States as a defendant.  DeBose's motion (Doc. 53) to supplement the amended complaint is **DENIED** for futility.  The motions (Docs. 30, 50, 64) to dismiss are **GRANTED**, and the action is **DISMISSED WITH PREJUDICE** as barred by *res judicata*, by collateral estoppel, by judicial immunity, by litigation immunity, and by sovereign immunity.  Also, the complaint fails to state a claim for the reasons

---

[9] (1) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-mc-18 (M.D. Fla.); (2) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-cv-2787 (M.D. Fla.); (3) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct.); (4) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 17- CA-1652 (Fla. 13th Cir. Ct.); (5) *DeBose v. Ellucian, LP*, No. 17-CA-2114 (Fla. 13th Cir. Ct.); (6) *DeBose v. Ellucian, LP*, No. 18-CA-893 (Fla. 13th Cir. Ct.); (7) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:19-cv-1132 (M.D. Fla.); (8) *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 19-CA-4473 (Fla. 13th Cir. Ct.); and (9) this action.

explained in footnote seven and as explained by the defendants in the motions to dismiss.

DeBose's other motions — the motion (Doc. 42) to reconsider the stay of discovery, the motion (Doc. 43) to decline the "judicial notice" of DeBose's other actions, the motions (Doc. 57, 68) for default judgment against the United States, and the motion (Doc. 69) to strike the United States' motion to dismiss for lack of jurisdiction — are **DENIED**. The clerk must (1) enter judgment of dismissal with prejudice, (2) terminate any remaining motion, (3) close the case, (4) file a copy of this order in 8:15-mc-18, 8:15-cv-2787, 8:19-cv-1132, and (5) mail a copy of this order to the Supreme Court of Wisconsin, Office of Lawyer Regulation 110 East Main Street, Suite 315 P.O. Box 1648 Madison, WI 53701-1648, for any action that the office finds appropriate.

ORDERED in Tampa, Florida, on September 12, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Angela DeBose
1107 W. Kirby St.
Tampa, FL 33604



  

7002 2430 0006 4994 6910

U.S. POSTAGE PAID
TAMPA, FL
33604
JAN 05 23
AMOUNT
$6.16
R2304H1 39031-07


JAN 0 5 2023

Northern District of Florida
United States Courthouse
Clerk of the Court
111 N. Adams St.
Tallahassee, FL 32301