# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANGELA DEBOSE,**

    Plaintiff,

vs.                                              Case No. 4:22cv439-RH-MAF

**THE UNIVERSITY OF SOUTH**
**FLORIDA BOARD OF TRUSTEES,**

    Defendants.

_____/

# O R D E R

    Plaintiff, proceeding pro se, has initiated a case in this Court, although she contends that venue is proper in the United States District Court for the Middle District of Florida as both Plaintiff and Defendant are located in Hillsborough County and the "unlawful employment-related practices" alleged within the complaint "occurred in both Hillsborough and Polk" Counties. ECF No. 1 at 3. Since Plaintiff acknowledged that venue was proper in the Middle District pursuant to 28 U.S.C. § 1391(b), and she argued that she was barred from filing in that Court, an Order was entered requiring Plaintiff to explain her assertion and attach a copy of the order

issued by the Middle District which she believes bars her from proceeding in that Court. ECF No. 4. Plaintiff has complied. ECF No. 5.

Attached to Plaintiff's response is an Order entered in case number 8:21cv2127-SDM-AAS, by United States District Judge Steven D. Merryday, on September 12, 2022. ECF No. 5 at 11-26. The order demonstrates that Plaintiff was sanctioned by that court for frivolously[1] attempting "to re-litigate claims already dismissed as barred by *res juicata*, collateral estoppel, and the litigation privilege." *Id.* at 22. The order further shows that Plaintiff has not accepted the "finality of those judgments" entered against her and continues to file other cases seeking to re-instate a prior jury verdict which was overturned by the district court and a renewed motion for judgment as a matter of law was granted in favor of USF. *Id.* at 13, 23. The Eleventh Circuit affirmed, and the United States Supreme Court denied certiorari. *Id.* at 13-14. After seven years of litigation in the Middle District, Judge Merryday enjoined Plaintiff from filing a case pro se in that Court if the claim concerned "her employment with USF," her "litigation against USF, the members of the Board of Trustees, USF'

---

[1] Plaintiff asserts she "has not filed frivolous papers or claims" and argues that she has "prevailed in her cases and on appeal." ECF No. 5 at 5. Plaintiff says that her prior cases "were not finally and adversely determined against her." *Id.* at 6.

lawyers and Ellucian, LP." *Id.* at 24-25. Plaintiff was not permitted to "file such a paper without the signature of a lawyer admitted to The Florida Bar and the bar of the Middle District of Florida." *Id.* at 25.

In light of that order, Plaintiff has turned to this Court. ECF No. 1. She has belatedly paid the filing fee for this case. ECF No. 6. She contends this Court has subject matter jurisdiction over this case, and she "had no other option but to file outside of her jurisdiction to preserve her claims against USFBOT's invidious discrimination, retaliation, and hate crime against her." ECF No. 6 at 2-3. She asserts this case should proceed here based on "forum non conveniens," *id.* at 3-4, and contends she has been "irreparably harmed and unconstitutionally *locked out of court* in her jurisdiction." *Id.* at 9. She "asks this Court to serve as an alternative available federal forum for her Title VII action." *Id.*

Because Plaintiff has paid the filing fee, ECF No. 6, she is entitled to have her complaint served and Defendant required to respond as may be appropriate. Plaintiff's complaint, ECF No. 1, asserts claims against the Defendant "for continued post-employment discrimination/ retaliation through adverse actions designed to interfere with her employment, over the course of seven (7) years after her termination." ECF No. 1 at 2.

Count I is a gender discrimination claim based on Title VII; Count II is a race discrimination claim brought pursuant to Title VII; Count III is a claim for unlawful retaliation under Title VII; Count IV is a state law claim for tortious interference with a business relationship. ECF No. 1 at 10-15. Plaintiff also includes a "hate crime" claim, a criminal claim, in Count V. *Id.* at 16-22. She further includes another claim for race discrimination brought pursuant to 42 U.S.C. § 1981 in Count VI, and a conspiracy claim in Count VII pursuant to 42 U.S.C. § 1985 and § 1986. *Id.* at 22-27. Plaintiff included two exhibits with her complaint. ECF No. 1.

It is Plaintiff's responsibility to have Defendant served with a copy of the complaint, ECF No. 1. The copy of the complaint served on the Defendant must be identical to the complaint as filed with this Court. Fed. R. Civ. P. 4(c)(1). Plaintiff must have the complaint served within 90 days as required by Rule 4(m). Nevertheless, as a courtesy to Plaintiff in light of the delay in receipt of the filing fee, Plaintiff shall have 90 days from the date of this Order to ensure service of process is completed.

To effect service of process, the Defendant must be served with a copy of the complaint and summons that is issued by the Clerk of this Court. Personal delivery may be made by anyone who is at least 18 years

of age and <u>is</u> <u>not</u> <u>a</u> <u>party</u> <u>to</u> <u>this</u> <u>action</u>. Fed. R. Civ. P. 4(c). Process servers may be found under that heading in the yellow pages of the telephone book.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court shall forthwith issue a summons for the named Defendant, and deliver the summons along with this Order to Plaintiff, who shall be responsible for prompt service of the summons and complaint upon the Defendant.

2. After a response to the complaint has been filed by the Defendant, Plaintiff is required to mail to the attorney for the Defendant a copy of every pleading or other paper, including motions and notices, submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk of Court a "certificate of service" which states the date a correct copy of the paper was mailed to the Defendant or to the attorney representing the Defendant. Any paper submitted for filing after a response to the complaint has been filed by the Defendant which does not contain a "certificate of service" shall be returned by the Clerk and disregarded by the Court.

Case No. 4:22cv439-RH-MAF

3.  Pursuant to 28 U.S.C. § 636(c)(2),[2] the Clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with this case number written on it.  If Plaintiff wishes to consent, the form must be signed by Plaintiff and forwarded to counsel for the Defendant.  If Defendant consents, the form should be signed and returned to the Clerk of Court.  The parties, of course, are entirely free to withhold such consent without any adverse consequences.

4.  Plaintiff is reminded that she must keep the Clerk's Office informed of any change in her mailing address.  This case will be dismissed if mail from the Court cannot reach Plaintiff and is returned as "undeliverable."

5.  The Clerk of Court shall return this file the filing of an executed or unexecuted summons, or no later than April 10, 2022.

**DONE AND ORDERED** on January 10, 2023.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

---

[2] Pursuant to 28 U.S.C. § 636(c) parties may consent to full trial before the undersigned, a magistrate judge.  The statute provides that a full-time United States magistrate judge may, upon consent of the parties, conduct any or all proceedings in a jury or non-jury civil matter and order the entry of judgment in the case.

Case No. 4:22cv439-RH-MAF