# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**ANGELA DEBOSE,**

    **Plaintiff,**

**v.**                **CASE NO. 4:22-CV-00439-RH-MAF**

**UNIVERSITY OF SOUTH
FLORIDA BOARD OF
TRUSTEES,**

    **Defendant.**

_____/

## <u>DEFENDANT'S MOTION TO DISMISS AND TO STRIKE</u>

Defendant University of South Florida Board of Trustees ("USFBOT"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) and Rule 12(b)(3) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Complaint for failure to state claims upon which relief can be granted and for improper venue. USFBOT further moves, pursuant to Rule 12(f), to strike the allegations of the Complaint barred by *res judicata*. The grounds upon which the instant motion is based are set forth in the following Supporting Memorandum of Law.

## SUPPORTING MEMORANDUM OF LAW

## I.

## PRELIMINARY STATEMENT

1.     Plaintiff Angela DeBose's ("DeBose") lengthy litigation with USFBOT began in 2015.  DeBose sued USFBOT for discrimination and retaliation, among other claims.  DeBose has filed numerous actions in the Thirteenth Judicial Circuit (and appeals to the Second District Court of Appeal and the Supreme Court of Florida), and in the Middle District of Florida (and appeals to the Eleventh Circuit Court of Appeal and the Supreme Court of the United States) against USFBOT related to the claims arising from her employment with USF, including the following:

1.  *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-mc-18 (M.D. Fla.);
2.  *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-cv-2787 (M.D. Fla.);
3.  *DeBose v. Univ. of S. Fla. Bd. of Trustees, et al.*, No. 8:19-cv-1132 (M.D. Fla);
4.  *DeBose v. The United States, et al.*, No. 8:21-cv-2127 (M.D. Fla.);
5.  *DeBose v. Univ. of S. Fla. Bd. of Trustees, et al.*, No. 17-14025 (11th Cir.);
6.  *DeBose v. Univ. of S. Fla. Bd. of Trustees, et al.*, No. 17-14793 (11th Cir.);
7.  *DeBose v. Univ. of S. Fla. Bd. of Trustees, et al.*, No. 18-12226 (11th Cir.);
8.  *In re DeBose*, No. 18-11238 (11th Cir.);
9.  *DeBose v. Univ. of S. Fla. Bd. of Trustees, et al.*, No. 18-13545 (11th Cir.);
10. *DeBose v. Univ. of S. Fla. Bd. of Trustees, et al.*, 18-3803 (11th Cir.);
11. *DeBose v. Univ. of S. Fla. Bd. of Trustees, et al.*, No. 18-14637 (11th Cir.);

*ACTIVE 684846766v2*

12. *DeBose v. Univ. of S. Fla. Bd. of Trustees, et al.*, No. 19-10865 (11th Cir.);
13. *DeBose v. Ellucian, et al.*, No. 19-11701 (11th Cir.);
14. *DeBose v. Ellucian, et al.*, No. 20-10342 (11th Cir.);
15. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 20-12732 (11th Cir.);
16. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 20-1140 (U.S.);
17. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 20-1538 (U.S.);
18. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 21-305 (U.S.);
19. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 15-CA-5663 (Fla. 13th Cir. Ct.);
20. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 17- CA-1652 (Fla. 13th Cir. Ct.);
21. *DeBose v. Ellucian, LP*, No. 17-CA-2114 (Fla. 13th Cir. Ct.);
22. *DeBose v. Ellucian, LP*, No. 18-CA-893 (Fla. 13th Cir. Ct.);
23. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 19-CA-4473 (Fla. 13th Cir. Ct.);
24. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 18-3779 (2nd DCA);
25. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 18-3940 (2nd DCA);
26. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 19-611 (2nd DCA);
27. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 18-3940 (2nd DCA);
28. *DeBose v. Ellucian, et al.*, No. 19-3839 (2nd DCA);
29. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 20-594 (2nd DCA);
30. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, et al., No. 20-2455 (2nd DCA);
31. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, et al., No. 20-2532 (2nd DCA);
32. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, et al., No. 22-1666 (2nd DCA);
33. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, et al., No. 22-2779 (2nd DCA);
34. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. SC19-754 (Fla.);
35. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. SC21-701 (Fla.); and
36. *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. SC21-825 (Fla.)

2. On July 25, 2022, the Honorable Melissa M. Polo entered the Injunctive Sanction Order and Directions to the Clerk in the Thirteenth Judicial Circuit, finding that DeBose had engaged in frivolous litigation and stating:

*ACTIVE 684846766v2*

1. ANGELA DEBOSE is hereby **PROHIBITED** from appearing before this Court as a plaintiff, defendant, petitioner, respondent, appellant or appellee, unless represented by a member in good standing of The Florida Bar.

2. ANGELA DEBOSE is **ENJOINED** from filing further documents with this Court or with the Clerk unless the document is signed by a member in good standing of The Florida Bar.

3. In accordance with Administrative Order S-2017-038, the Clerk of Court may (A) place any submissions received by ANGELA DEBOSE after entry of this injunctive sanction order into an inactive file; and (B) accept from ANGELA DEBOSE, file, and submit to the appellate court a notice of appeal. *See also G.W. v. Rushing*, 22 So. 3d 819 (Fla. 2d DCA 2009).

4. This Order shall apply to all of ANGELA DEBOSE's cases in this Court's Division C, as well as to any new action subsequently filed by ANGELA DEBOSE, regardless of what division of the Circuit Civil Division that new case would be assigned.

[Case No. 8:21-cv-2127 at Doc. 81[1]].

5.      On September 12, 2022, the Honorable Steven D. Merryday entered an

Order declaring DeBose a vexatious litigant and enjoining DeBose from filing in the

Middle District without filings being filed by a member of The Florida Bar.  [Doc.

5].

---

[1] In response to this Court's Order directing DeBose "to submit a copy of the order from the United States District Court for the Middle District of Florida which barred Plaintiff from filing this action in that court," DeBose failed to include the entire Order, which included as an exhibit the Injunctive Sanction Order and Directions to the Clerk entered in the Thirteenth Judicial Circuit. *See* Case No. 8:21-cv-2127 at Doc. 81.

ACTIVE 684846766v2

## II.

## ARGUMENT

## A.    The Complaint Should Be Dismissed For Improper Venue

Rule 12(b)(3) of the Federal Rules is the proper vehicle for challenging improper venue.  If venue is improper, then the district "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The district court retains discretion whether to transfer or dismiss.  *Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982).

When venue is challenged under Rule 12(b)(3), the plaintiff bears the burden of establishing that venue in the present forum is proper.  *Wai v. Rainbow Holdings*, 315 F.Supp. 2d 1261, 1268 (S.D. Fla. 2004); *Liberty Media Holdings, LLC v. Wintice Group, Inc.*, 2010 WL 2367227, *3 (M.D. Fla., June 14, 2010).  Here, DeBose admits that venue is proper in the "Tampa/Orlando Division of the Middle District of Florida… as the unlawful employment-related practices described herein occurred in both Hillsborough and Polk County, Florida."  [Doc. 1, ¶ 5].  DeBose's Complaint does not allege that venue is proper in this Court.

The reason DeBose filed this action in the wrong venue is simple:  DeBose has been found to be a vexatious litigant and the Middle District of Florida enjoined her from filing "*pro se* in the United Stated District Court for the Middle District of

Florida any complaint, petition, or claim that is (1) about her employment with USF, (2) about Ellucian, LP, (3) about any firm's or lawyer's representation of USF or Ellucian, LP, or (4) about DeBose's litigation against USF, the members of the Board of Trustees, USF's lawyers and Ellucian, LP without the signature of a lawyer admitted to The Florida Bar and the bar of the Middle District of Florida." [Doc. 5].

As a means to avoid the Middle District's injunctive Order, DeBose is now attempting to renew her litigiousness in this venue. DeBose acknowledges this fact. *See* Doc. 1 at ¶ 5 ("MDF has barred this filing, *appealed*; therefore, Plaintiff is applying for jurisdiction in this Court").

Courts have routinely dismissed complaints by vexatious litigants attempting to circumvent injunctions by filing in neighboring districts. *See, e.g. Greene v. McDonalds Restaurant*, 2011 U.S. Dist. Lexis 131228 (S.D. Cal. Nov. 14, 2011) (dismissing complaint given proper venue in the Central District of California); *Greene v. L.A. Cnty. Sheriff Dep't*, 2011 U.S. Dist. Lexis 158761 (S.D. Cal. Nov. 4, 2011) (same); *Greene v. Southland Transit, Inc.*, 2011 U.S. Dist. Lexis 24761 (E.D. Cal. Mar. 10, 2011) (same), *adopted*, 2011 U.S. Dist. Lexis 35541 (E.D. Cal. Mar. 30, 2011); *Greene v. New Carver Apts.*, 2011 U.S. Dist. Lexis 23915 (E.D. Cal. Mar 9, 2011) (same).

In *Emrit v. CIA*, 2022 U.S. Dist. LEXIS 89915 (N.D.W. Va. Apr. 1, 2022), the Court reasoned:

> It is appropriate for a district court to dismiss, rather than transfer, an action based upon a finding of improper venue when a plaintiff has committed an obvious error in filing his action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system.

2022 U.S. Dist. LEXIS 89915, at *13.

Here, by initiating this action in a judicial district where venue plainly does not lie, DeBose has "committed an obvious error in filing his action in the wrong court, and thereby imposed substantial unnecessary costs on . . . the judicial system." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993).

Although this Court may transfer this action to another venue—such as the Middle District of Florida—such a transfer is not in the interests of justice under the circumstances. As another district court noted, "[m]erely 'kicking the can' by transferring venue or issuing a warning clearly would be of no benefit to Plaintiff, to this Court, or to another federal court to which Plaintiff's case might be transferred." *Ermit v. Trump*, 2019 U.S. Dist. LEXIS 3713, at *5 (S.D. Ohio Jan. 9, 2019).

In *Emrit v. Devos*, 2020 U.S. Dist. LEXIS 266292 (M.D. Fla. Feb. 25, 2020), the Court dismissed the complaint of a vexatious litigant and stated that "the interests of justice do not require transfer. 28 U.S.C. § 1406(a)." Moreover, while the proper venue is in the Middle District, transfer would contravene Judge Merryday's ruling enjoining DeBose from filing further lawsuits without meeting the Court's

*ACTIVE 684846766v2*

conditions.  Accordingly, USFBOT respectfully requests that the Court "conclude[]

that the better course of action is to recommend dismissal at the outset rather than to

burden another federal court with this frivolous action."  2019 U.S. Dist. LEXIS

3713, at *3.

**B.**     **Counts VI And VII Are Barred By Eleventh Amendment Immunity**

The Eleventh Amendment immunity bars suits against a State or its agencies

by a resident or a non-resident absent waiver or Congress' legitimate exercise of its

power to abrogate that immunity.  *Welch v. Texas Dep't. of Highways & Public

Transp.*, 483 U.S. 468, 472, 479-88, 97 L.Ed. 2d 389 (1987).

USFBOT is an agency or instrumentality of the State of Florida for Eleventh

Amendment purposes.  *See Schultz v. Bd. of Trustees of the Univ. of West Fla.*, 2007

U.S. Dist. LEXIS 36815 (N.D. Fla. May 21, 2007) ("sufficient authority exists to

properly characterize the University as an agency or instrumentality of the State of

Florida for Eleventh Amendment purposes"); *Tseng v. Florida A&M Univ.*, 2009

WL 311105, at *2 (N.D. Fla. 2009) ("[i]ndeed, State Universities are protected by

the Eleventh Amendment because they are state agencies"); *Dismuke v. Univ. S. Fla.

Bd. of Trustees*, 2006 WL 166547, at *4 (M.D. Fla. Jan. 23, 2008) ("[s]ince the

Defendant is clearly a state agency, Plaintiff is not entitled to seek punitive damages

in this case"); *Tang v. Univ. of S. Fla.*, 2005 WL 2334697 (M.D. Fla. Sept. 23, 2005)

8

(same); *Boles v. Gibbons*, 694 F. Supp. 849, 850 (M.D. Fla. 1998) (USF is a state agency).

There are two ways that a state's sovereign immunity can be waived: either (1) Congress can abrogate sovereign immunity by enacting legislation to enforce the substantive provisions of the Fourteenth Amendment; or (2) a state can waive its sovereign immunity. *See Stroud v. McIntosh*, 722 F.3d 1294, 1298 (11th Cir. 2013), *cert. denied*, 571 U.S. 1131, 134 S. Ct. 958, 187 L. Ed. 2d 786 (2014).

Congress has not abrogated Eleventh Amendment immunity for claims brought under 42 U.S.C. § 1981 claims. *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981); *Walker v. Florida State Univ. Sch.*, 2004 U.S. Dist. LEXIS 26668 (N.D. Fla. Dec. 30, 2004) (judgment entered for university on §§ 1981 and 1983 claims barred by Eleventh Amendment immunity).

Congress also has not abrogated Eleventh Amendment immunity for claims brought under 42 U.S.C. §§ 1985 and 1986. *Fincher v. State of Fla. Dep't of Labor & Employment Sec. Unemployment Appeals Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986); *Cuyler v. Scriven*, 2011 WL 861709, at *2 (M.D. Fla. Mar. 9, 2011); *Scruggs v. Lee*, 2006 WL 2850427 (M.D. Ga. 2006) ("[W]here . . . no violation of § 1985 can be maintained, there can be no violation of § 1986").

*ACTIVE 684846766v2*

Turning to Florida law, "[i]t is well established that a State may not be sued absent its consent by a specific waiver of its cloak of sovereign immunity." *State etc. v. Gordon Bros. Concrete*, 339 So. 2d 1156 (Fla. 2d DCA 1976).

Only the Florida Legislature has the constitutional authority to waive sovereign immunity. *See Hess v. Metro. Dade Cty.*, 467 So. 2d 297, 300 (Fla. 1985) ("[t]he legislature is the only entity that can provide for waiver of sovereign immunity"); *Manatee Cty. v. Town of Longboat Key*, 365 So. 2d 143, 147 (Fla. 1976) (waiver of sovereign immunity cannot be accomplished by local law); *Bradsheer v. Fla. Dep't of Highway Safety & Motor Vehicles*, 20 So. 3d 915, 920 (Fla. 1st DCA 2009) ("[t]o bring an action against the State, the legislature must have enacted a general law waiving the state's sovereign immunity for the claim").

Any purported waiver of sovereign immunity must be strictly construed. *Berek v. Metro. Dade Cty.*, 422 So. 2d 838, 840 (Fla. 1982); *Manatee County, supra* at 147. The waiver must be clear and unequivocal and cannot be implied or inferred. *Am. Home Assur. Co. v. Nat'l. R.R. Passenger Corp.*, 908 So. 2d 459, 472 (Fla. 2005).

The waiver of sovereign immunity under Florida law is found in Section 768.28, *Florida Statutes*. However, the limited waiver provided by that statute applies only to common law tort claims. *Hill v. Dep't of Corr.*, 513 So. 2d 129, 133 (Fla. 1987) (agreeing with Eleventh Circuit's conclusion that Section 768.28 "was

10

limited to traditional torts"); *Trianon Park Condo. Ass'n, Inc. v. City of Hialeah*, 468 So. 2d 912, 917 (Fla. 1985) ("[t]he statute's sole purpose was to waive that immunity which prevented recovery for breaches of existing common law duties of care"). The waiver does not apply to federal statutory claims. *See Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509 (11th Cir. 1986) (§ 768.28 does not encompass § 1983 actions); *Ostroff v. State of Fla., Dep't of Health & Rehab. Servs.*, 554 F. Supp. 347, 356 (M.D. Fla. 1983) ("the Court is unable to conclude that § 768.28 was intended to authorize civil rights damages suits to be brought in federal court against the State of Florida"); *Hill, supra* (§ 768.28 did not waive state's sovereign immunity for federal civil rights claims).

In short, Congress has not abrogated sovereign immunity for claims under Sections 1981, 1985 and 1986. Moreover, the Florida Legislature has not waived sovereign immunity for such claims. Accordingly, Counts VI and VII are barred by Eleventh Amendment immunity and should be dismissed with prejudice.

## C.    USFBOT Is Not A "Person" Under Section 1983

USFBOT cannot be sued pursuant to Section 1981 because "Section 1983 constitutes the exclusive remedy against state actors for violations of Section 1981." *Butts v. County of Volusia*, 222 F.3d 891, 893 (11th Cir. 2000); *see also Bush v. Houston County Commission*, 414 Fed. Appx. 264, 266 (11th Cir. 2011); *Baker v. Birmingham Bd. of Education*, 531 F.3d 1336, 1337 (11th Cir. 2008).

11

However, Section 1983 only permits actions against "persons." A state or a state agency is not a "person" within the meaning of Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are "persons" under Section 1983"). *See also Vanbenthuysen v. State of Florida*, 427 Fed. Appx. 864, 866 (11th Cir. 2011).

As discussed above, USFBOT is an agency or a subdivision of the State. Therefore, it is not a "person" subject to suit under Section 1983. *See Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995). For that reason, as well, Count VI should be dismissed.

## D. <u>Count VI Fails To Allege A Policy Or Custom</u>

Under *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978) and its progeny, USFBOT cannot be held liable under Section 1983 on a theory of respondeat superior.[2] *See Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403, 117 S. Ct. 1382, 1388 137 L.Ed.2d 626 (1997) ("[w]e have consistently refused to hold municipalities liable under a theory of respondeat superior"). Instead, DeBose must allege that the injuries she allegedly suffered were caused by a "policy or custom, whether made by [USFBOT], or by those whose edicts or acts may fairly be said to represent official policy." *Monell,* 436 U.S. at 694.

---

[2] The same is true under Section 1981. *See Jett v. Dallas Independent Sch. Dist.*, 491 U.S. 701, 735-36 (1989); *Butts v. County of Volusia*, *supra* at 893.

*ACTIVE 684846766v2*

Here, the Complaint does not identify a USFBOT custom or policy that purportedly was the moving force behind the alleged retaliation. For this reason as well, Count VI should also be dismissed. *See Grider v. Cook,* 590 Fed. Appx. 876 (11th Cir. 2014) (plaintiff failed to plead sufficient facts of a policy or custom); *Whitley v. Hanna,* 726 F.3d 631, 649 (5th Cir. 2013) ("[t]he proposed amended complaint makes no specific factual allegations of the county's policies and simply adds the words 'policies, practices, and/or customs' to Whitley's perceived wrongs. Such allegations are insufficient to survive dismissal").

## E.    DeBose's Tort Claim Must Be Dismissed

In Count IV, DeBose alleges that USFBOT intentionally interfered with her employment at Florida Polytechnic University ("Polytechnic") by "induc[ing] Florida Poly to create a hostile retaliatory work environment, discriminate, retaliate and take adverse action against Ms. DeBose" and "contact[ing] Florida Poly and induc[ing] its leadership and General Counsel not to provide the public records pursuant to Ms. De Bose's request and/or comply with a subpoena issued by a federal court to obtain those records" [Doc. 5, ¶¶ 50 and 54].

Section 768.28(6)(a), *Florida Statutes*, provides:

An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also . . . presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing . . . .

13

§ 768.28(6)(a), *Fla. Stat.*

Filing a notice of claim pursuant to Section 768.28(6) is a **mandatory** condition precedent to bringing a civil action, which must be strictly construed. *See Commercial Carrier Corp. v. Indian River Cty.*, 371 So. 2d 1010, 1022 (Fla. 1979); *Levine v. Dade Cty. Sch. Bd.*, 442 So. 2d 210, 212 (Fla. 1983); *Menendez v. North Broward Hosp. Dist.*, 537 So. 2d 89, 91 (Fla. 1988). However, DeBose has failed to allege compliance with § 768.28(6)(a), *Florida Statutes*.

Where a plaintiff fails to allege that she has provided written notice of a claim to the state agency or to the Florida Department of Insurance, Section 768.28(6), *Fla. Stat.*, requires dismissal of the claim. S*ee Anderson v. City of Groveland*, 2015 WL 6704516, at *11 (M.D. Fla. Nov. 2, 2015); *Motor v. Citrus Cty. Sch. Bd.*, 856 So. 2d 1054 (Fla. 5th DCA 2003); *see also Clark v. Sarasota Cty. Public Hosp. Bd.*, 65 F.Supp. 2d 1308 (M.D. Fla. 1998). Since Count IV fails to allege compliance with § 768.28(6), *Florida Statutes*, it should be dismissed.

## F. DeBose's Tortious Interference Claim Fails To State A Claim

To state a claim for tortious interference with a business relationship under Florida law, a plaintiff must establish the following elements: "(1) the existence of a business relationship[;] (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the

14

relationship." *Duty Free Ams., Inc. v. Estee Lauder Cos*., 797 F.3d 1248, 1279 (11th Cir. 2015) (alterations in original) (*quoting Ethan Allen, Inc. v. Georgetown Manor, Inc*., 647 So. 2d 812, 814 (Fla. 1994)).

DeBose alleges that "USFBOT has induced Florida Poly to create a hostile retaliatory work environment, discriminate, retaliate, and take adverse action against Ms. DeBose" [Doc 1, ¶ 50], "USFBOT sought to deprive Ms. DeBose of her prospects for other professional jobs in higher education in hopes of humiliating and degrading DeBose" [Doc. 1, ¶ 55] and "USFBOT contacted Florida Poly and induced its leadership and General Counsel not to provide the public records pursuant to Ms. De Bose's request and/or comply with a subpoena issued by a federal court to obtain those records. USFBOT is again seeking to deprive, delete, and destroy evidence that Ms. DeBose needs to prove her case at trial by urging Florida Poly to withhold the public records no matter the consequence because of its backdoor access and influence peddling with the courts in its jurisdiction." [Doc. 1, ¶ 54]. Moreover, DeBose alleges "[t]he interference with Ms. DeBose's employment at Florida Poly has damaged Plaintiff." [Doc. 1, ¶ 56].

However, DeBose fails to allege a breach of her relationship with Florida Polytechnic. *See Worldwide Primates, Inc. v. McGreal,* 26 F.3d 1089, 1091 (11th Cir. 1994) ("[a]n integral element of a claim of tortious interference with a business relationship requires proof of damages to the plaintiff *as a result of the breach of the*

15

*relationship"*) (emphasis supplied).  In fact, her Complaint makes clear that she is still employed by Polytechnic.  Accordingly, Count IV should be dismissed.

## G.    DeBose Lacks Standing To Bring Civil Claim For A Federal Hate Crime

Count V alleges hate crimes by USFBOT against DeBose.  [Doc. 1, pp. 17-22].  DeBose does not provide a legal basis for her hate crime claim, but the claim presumably arises under 18 U.S.C. § 249, a *criminal* statute.

To determine whether a statute provides for a private right of action, a court will first look for "rights-creating language" that "explicitly [confers] a right directly on a class of persons that includes the plaintiff." *Love v. Delta Air Lines*, 310 F.3d 1347, 1352 (11th Cir. 2002) (internal quotations and alterations omitted). Criminal statutes are "enacted for the protection of the general public" and provide "far less reason to infer a private remedy in favor of individual persons."  *Love*, 310 F.3d at 1352-53 (*quoting Cannon v. University of Chi.*, 441 U.S. 677, 690-93, 99 S. Ct. 1946, 60 L. Ed. 2d 560 (1979)).  Accordingly, the Supreme Court "has rarely implied a private right of action under a criminal statute" and has only done so when "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone."  *Chrysler Corp. v. Brown*, 441 U.S. 281, 316, 99 S. Ct. 1705, 60 L. Ed. 2d 208 (1979) (*quoting Cort v. Ash*, 422 U.S. 66, 79, 95 S. Ct. 2080, 45 L. Ed. 2d 26 (1975)).

*ACTIVE 684846766v2*

18 U.S.C. § 249 does not have any "rights-creating language" to form the basis of a private right of action. The statute merely outlines when the United States may prosecute someone for a hate crime and provides the penalties. *See* 18 U.S.C. § 249. Therefore, 18 U.S.C. § 249 does not create a private right of action because it only generally provides for the protection of the general public and does not confer rights on a specific class of persons. *Nazer v. City of St. Petersburg*, 2017 U.S. Dist. LEXIS 142669, at *5 (M.D. Fla. Sept. 5, 2017) (no private right of action under 18 U.S.C. § 249). Accordingly, DeBose's federal hate crime claim should be dismissed.

**H.** **DeBose's Race And Gender Discrimination Claims Fail To State A Claim**

In Counts I and II, DeBose alleges that USFBOT disparaged her to her current employer, Polytechnic, calling for her termination or forced early retirement because she is a Black, female. [Doc. 1, ¶¶ 33 and 38].

Title VII provides that it is an "unlawful employment practice for an **employer**" to discriminate against an individual "because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2. Because Title VII is limited to employment practices, Title VII claims against non-employer entities should be dismissed. *Andela v. Univ. of Miami*, 461 Fed. Appx. 832, 837 (11th Cir. 2012) (*citing Pardazi v. Cullman Medical Ctr.*, 838 F.2d 1155, 1156 (11th Cir. 1988)).

17

DeBose has made no showing that USFBOT paid DeBose's salary, established her work hours, directed her work duties or exercised any control over the means and manner of the performance of her job, had the ability to hire or fire DeBose during her employment with Polytechnic. In addition, under both Title VII claims, DeBose must prove that she suffered an employment adverse action. *See Holifield v. Reno*, 115 F.3d 1555, 1561-62 (11th Cir. 1997). However, DeBose fails to plead that she suffered any adverse employment action as a result of USFBOT's alleged discrimination. Accordingly, this Court should dismiss Counts I and II.

## I.     DeBose's Retaliation Claim Fails To State A Claim

Title VII's anti-retaliation provision makes it "an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The first part of that provision, ending at the first comma in the quotation, is called the "opposition clause." *See Gogel v. Kia Motors Mfg. of Ga. Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020) (*en banc*). The second part is called the "participation clause." *Id.*

A *prima facie* case of retaliation under Title VII requires the plaintiff to show that: (1) she engaged in an activity protected under Title VII; (2) she suffered an

18

adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).

Like her discrimination claims discussed above, DeBose has made no allegation that she has suffered any adverse employment action – DeBose alleges that USFBOT urged Polytechnic to take a host of adverse actions against her but fails to allege that Polytechnic has *actually* taken any adverse action against her as a result of USFBOT's alleged interference. DeBose has failed to plead that she suffered any materially adverse employment actions at Polytechnic to carry her burden of proof for her retaliation claim. For example, there has been no evidence --- or even pleading --- that any alleged interference had any negative effect on her salary, job status, or duties. *See Morales v. Ga Dep't of Hum. Res*., 446 Fed. Appx. 179, 184 (11th Cir. 2011) (evaluations and reprimands that did not affect plaintiff's salary, job status or future pay raises were not adverse actions) (*per curiam*); *McKitt v. Ala. Alcoholic Beverage Control Bd*., 2013 U.S. Dist. LEXIS 137336 at *17 (M.D. Ala. Sept. 25, 2013), *aff'd*, 571 Fed. Appx. 867 (11th Cir. 2014) ("increased scrutiny, new office rules, or lateral transfer" did not "constitute[] a materially adverse employment action for a retaliation claim"). Accordingly, Count III should be dismissed.

*ACTIVE 684846766v2*

**J.**   **DeBose's Allegations Barred By *Res Judicata* Should Be Stricken**

"A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). In particular, a court may take judicial notice of the pleadings and orders in a plaintiff's prior action as matters of public record because the pleadings and orders are "not subject to reasonable dispute" and are "capable of accurate and ready determination by resort to sources whose accuracy [can] not be reasonably questioned." *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010).

Because the pleadings and orders in DeBose's previous lawsuits are matters of public record, this Court may judicially notice of the documents without converting the instant motion to dismiss into a motion for summary judgment. *See Giles v. Wal-Mart Stores East, L.P.*, 2010 U.S. Dist. LEXIS 115791 (M.D. Ga. Nov. 1, 2010) (when "evaluating whether the affirmative defense of res judicata bars a claim, a district court may properly take judicial notice of pleadings and orders in a previous case that were matters of public record"); *see* Fed. R. Evid. 201(d) ("[t]he court may take judicial notice at any stage of the proceeding"); *United States v. Rey*, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987) ("[a] court may take judicial notice of its own records and the records of inferior courts").

*ACTIVE 684846766v2*

Turning to the merits, although *res judicata* is not a defense under Rule 12(b), it may be raised in a Rule 12(b)(6) motion where the existence of the defense can be determined from the face of the complaint. *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982). Here, it was clear on the face of the complaint that DeBose has filed other actions against the USFBOT.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Federated Department Stores v. Moitie,* 452 U.S. 394, 398 (1981) ("[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action").

Under *res judicata,* a final judgment in one case forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). *Res judicata* protects against the expense and vexation caused by multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions. *Id.*

*Res judicata* applies if:

1.    a prior decision was rendered by a court of competent jurisdiction;

2.    there was a final judgment on the merits;

21

3.     the parties were identical in both suits; and

4.     the prior and present causes of action are the same.

*Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003); *Koziara v.*

*City of Casselberry*, 239 F.Supp. 2d 1245, 1254 (M.D. Fla. 2002). "Importantly,

this bar pertains not only to claims that were raised in the prior action, . . ., but also

to claims that could have been raised previously." *Davila*, 326 F.3d at 1187; *see*

*also Moore v. Potter,* 2006 WL 2092277 (M.D. Fla. July 26, 2006).

In determining the fourth factor, *res judicata* applies not just to the exact legal

theories previously advanced but to all theories and claims arising from those

asserted facts. "[I]f a case arises out of the same nucleus of operative facts or is

based upon the same factual predicate, as a former action . . . the two cases are really

the same 'claim' or 'cause of action' for purposes of res judicata." *Solis v. Glob.*

*Acceptance Credit Co., L.P.*, 601 Fed. Appx. 767, 771 (11th Cir. 2015).

Several allegations in the Complaint have been disposed by other courts and

are barred by *res judicata*. For example, under the subsection "Background,"

Paragraphs a, d, e, f, g, and h were brought before the Court *DeBose v. Univ. of S.*

*Fla. Bd. of Trustees*, No. 8:15-cv-2787 (M.D. Fla.) and were litigated *ad nauseum.*

Paragraphs b, f, i, and k were litigated in *DeBose v. Univ. of S. Fla. Bd. of Trustees*,

No. 15-CA-5663 (Fla. 13th Cir. Ct.), *DeBose v. Univ. of S. Fla. Bd. of Trustee*s, No.

17- CA-1652 (Fla. 13th Cir. Ct.) and *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No.

22

19-CA-4473 (Fla. 13th Cir. Ct.). In addition, Paragraph Nos. 38, 58-60, 65-70, which were the subject of litigation in *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-cv-2787 (M.D. Fla.), and should be stricken. [Doc. 5, pp. 2-6].

Not only have these allegations been disposed of in DeBose's numerous other actions, but the inclusion of these allegations open the door to a re-examination and discovery into issues that both USFBOT and the Court have spent countless hours and money to resolve at length. The Court may strike allegations that are is 'impertinent' or 'immaterial' when it is neither responsive nor relevant to the issues involved in the action." *State Farm Mut. Auto. Ins. v. Advantacare of Fla., LLC*, 2020 U.S. Dist. LEXIS 92302, at *11 (M.D. Fla. May 22, 2020) (unpublished) (citation omitted).

Moreover, the inclusion of these allegations by DeBose would likely confuse a jury, particularly given that the allegations are not relevant to whether USFBOT allegedly participated in some scheme to discriminate and retaliate against DeBose and interfere in her employment with Polytechnic in some way. Because this information does not prove or disprove any of her claims, the Court should strike it from the Complaint. *See B&D Nutritional Ingredients v. Unique Bio Ingredients*, 2017 U.S. Dist. LEXIS 220974 (S.D. Fla. Jan. 25, 2017) (striking "commentary about the prior lawsuit should be stricken as

immaterial…. The Answers' references to the prior litigation confuse the issues and are largely irrelevant to any of the claims or defenses").

Accordingly, under *res judicata* principles, the aforementioned cases preclude DeBose from pursuing her allegations that were litigated in her earlier cases against USFBOT and the Court should strike those allegations.

## IV.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed for failure to state claims upon which relief can be granted. In addition, the Court should strike the allegations of the Complaint that are barred by *res judicata*.

## CERTIFICATION OF COUNSEL

Pursuant to Rule 7.1, the undersigned certifies that on January 30, 2023 at 9:02 a.m. counsel for USFBOT corresponded with Ms. DeBose by electronic mail regarding the instant motion and relief requested herein. Counsel for USFBOT and Ms. DeBose also had a telephone conference regarding the same on January 31, 2023. Ms. DeBose opposes the relief sought herein.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to Local Rule 7.1(F), undersigned counsel certifies that the foregoing is 5,791 words, exclusive of case style, signature block, and certificate of service,

*ACTIVE 684846766v2*

and certificate of compliance with local rule 7.1 and does not the exceed the 8,000 word limit.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla M. Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Attorneys for Defendant
University of South Florida Board of
Trustees

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 31, 2023, I electronically served the foregoing by email and a copy by U.S. mail to:

Angela DeBose, Pro Se
1107 W. Kirby Street
Tampa, FL 33604
awdebose@aol.com

/s/ Richard C. McCrea, Jr.
Attorney