IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| ANGELA DEBOSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE No.: 4:22cv439-RH-MAF |
| | ) |
| UNIVERSITY OF SOUTH FLORIDA | ) |
| BOARD OF TRUSTEES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MOTION FOR A CONTEMPT ORDER OR ALTERNATIVELY A PRESERVATION ORDER TO PRESERVE PLAINTIFF'S EVDIENCE FOR TRIAL, OR OTHER RELIEF

Plaintiff Angela DeBose respectfully asks the Court to issue a contempt order or preservation order to preserve the Plaintiff's evidence for trial. As grounds, Plaintiff states as follows:

### BACKGROUND

Plaintiff made a Florida FOIA public records request on Florida Polytechnic University to obtain emails to support her EEOC charge and investigation of post-employment discrimination/retaliation by the University of South Florida Board of Trustees, et al., over a seven (7) year period. As noted in Plaintiff's response to this Court's Order to Show Cause ("OSC"), DeBose sought to file the instant complaint with the Middle District of Florida ("MDF") and issued the subpoena in Case 8:21-cv-02127-SDM-AAS to obtain the documents from Florida Poly, as evidence for trial. With regard to the subpoena, no Objections in the way of a Motion to Quash or Protective Order was filed by nonparty FloridaPoly. In that USFBOT may not have had standing, it did not file any objection. A professional process server served the subpoena, issued by the

1



MDF clerk of the court, on FloridaPoly on October 26, 2022. On November 11, 2022, David Fugett and Alex Landback, general counsels for FLORIDAPOLY submitted an email in response to the subpoena, stating they would not comply, **(EXHIBIT A)**, showing disregard for the subpoena powers of the federal district court. The Return of Service ("ROS") certification was filed on November 16, 2022, contemporaneously with a motion asking the MDF to enforce the subpoena through a coercive contempt fine. The MDF denied the motion because it was divested of jurisdiction because the case was on appeal.[1] Because the subpoenaed documents are directly relevant or material to this instant case, the Plaintiff seeks (1) a Contempt Order from this Court to coerce FloridaPoly into compliance or (2) alternatively a Preservation Order to FloridaPoly and the University of South Florida Board of Trustees ("USFBOT") to ensure DeBose's evidence is available to the ultimate finder(s) of fact. FloridaPoly has undisputedly refused to provide the records in compliance with the subpoena, exhibiting a deliberate, willful indifference to the power of the federal court to Subpoena under Federal Rule 45 and/or Florida Rule of Civil Procedure 1.410. No order denying discovery sought by subpoena from this non-party has been issued by any court. See *P.H Glatfelter co. v. Windward Prospects Ltd.*, 847 F.3d 452, 455-58 (7th Cir. 2017); *Caswell v. Manhattan Fire & Marine Ins. Co.*, 399 F.2d 417, 422 (5th Cir. 1968)). No order denying discovery has been entered in ancillary action.

---

[1] The MDF injunction order prevented this matter from being filed in that jurisdiction. The MDF ruled that the pending appeal of the injunction order before the Eleventh Circuit Court prevented it from enforcing its subpoena or preserving DeBose's evidence. The Eleventh Circuit precedent holding is that the district court is divested of jurisdiction during the pendency of an appeal. However, this rule is not absolute in the circuits. See *Natural Resources Defense Council, Inc., v. Sw. Marine Inc. ("NRDC")*, 242 F.3d 1163 (9th Cir. 2001). The district court has the power to control its docket and maintain the status quo of cases during the pendency of an appeal, which includes the power to issue a preservation order in the case. *Id.*

## **FLORIDAPOLY'S FAILED COMPLIANCE HAS BEEN WILLFUL**

Rule 45 allows a party in a federal civil lawsuit to serve a subpoena on any person, including a nonparty. A subpoena may require the subpoenaed person to produce "documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). When a subpoena requires a person to disclose "a trade secret or other confidential research, development, or commercial information," the court for the district where compliance is required may quash or modify the subpoena. Fed. R. Civ. P. 45(d)(3)(B)(i). In addition, a court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). What constitutes an "undue burden" is the same when a nonparty is subpoenaed under Rule 45 as when a party receives a request for production under Rule 34. See *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012) ("[W]e will not read 'undue burden' differently just because a non-party was subpoenaed."). Rule 45 also requires that the subpoena be served by "delivering a copy to the named person," Fed. R. Civ. P. 45(b)(1). The rule adds that "[a] subpoena may be served at any place within the United States." Fed. R. Civ. P. 45(b)(2). Rule 45 further provides that "28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country." Fed. R. Civ. P. 45(b)(3).

FloridaPoly's custodian and attorneys have willfully failed to comply with the court-issued subpoena. Subpoenas for production of tangible evidence before the court may be issued by the clerk of the court, by any party or attorney of record in an action, or by the court on its own motion. If a subpoena commands the person to whom it is directed to produce the books, papers, documents, or tangible things designated in it, the court, on motion made promptly and in any event at or before the time specified in the subpoena for compliance with it, may: (1) quash or modify the subpoena if it is unreasonable and oppressive, or (2) condition denial of the motion on the advancement by

the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things. Any natural person who fails to comply with a subpoena to produce documents may be adjudged in contempt until the time the person purges himself or herself of the contempt. The attached exhibit shows that it is more probable than not that the documents requested from FloridaPoly are likely to exist.[2]

### REQUEST TO ORDER FLORIDAPOLY TO BE HELD IN CONTEMPT AND PAY COERCIVE FINES UNTIL THEY COMPLY BY PRODUCING THE DOCUMENTS DEMANDED UNDER SUBPOEANA

Plaintiff respectfully requests that the Court issue an Order holding FLORIDAPOLY in civil contempt and enforcing the subpoena by requiring FLORIDAPOLY to pay coercive monetary relief to Plaintiff. There are two categories of contempt available to the Court – civil contempt and criminal contempt. *Sauriol v. Sauriol*, 79 So. 3d 204, 206 (Fla. 2d DCA 2012). "Civil contempt sanctions are categorized as either compensatory or coercive." *Id.* Here, Plaintiff asks the Court to exercise its coercive civil contempt powers. "It has long been recognized that courts have the authority to enforce a judgment by the exercise of their contempt powers." *Parisi v. Broward County*, 769 So. 2d 359, 363 (Fla. 2000) (quoting *Johnson v. Bednar*, 573 So. 2d 822, 824 (Fla. 1991)). Indeed, "[i]f a party can make oneself a judge of the validity of orders issued by trial courts, and by one's own act of disobedience set them aside, then our courts are devoid of power, and the judicial power, both federal and state, would be a mockery." *Parisi*, 769 So. 2d at 363 (quoting *Johnson*, 573 So. 2d at 822). "[C]ivil contempt may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Parisi*, 769 So. 2d at 365. There is a "broad arsenal of coercive

---

[2] 2,584 and 141 emails about or concerning "Angela DeBose" from email domains: USF.edu, Gtlaw.com, Hwhlaw.com, Littler.com, Dldlawyers.com, or "thomas.gonzalez@gray-robinson.com"

contempt sanctions available" ranging from incarceration to additional fines, but a valid civil contempt order must also include a purge provision. *Id.* As a coercive civil contempt sanction, Plaintiff seeks a daily fine starting from November 11, 2022 that will cease to accrue when FloridaPoly purges itself of the contempt. *Id.* With regard to the amount of the fine, Plaintiff requests $1,000.00 (one thousand dollars) a day, understanding the Court must use its discretion and consider: (1) "the character and magnitude of the harm threatened by the continued contumacy;" (2) "the probable effectiveness of any suggested sanction in bringing about the result desired;" and (3) the Plaintiffs' "financial resources and the consequent seriousness of the burden to that particular defendant." *Id.* at 366.

Plaintiff requests that the Court require FloridaPoly to pay Plaintiff a coercive civil contempt sanction of $1,000.00 per day until FloridaPoly complies with the subpoena and federal/Florida law. At this point, it has been **81** days since FloridaPoly's refusal. Generally, federal appeals courts may hear appeals following final judgments from lower courts. Discovery orders therefore reviewable only in connection with an appeal from a final judgment (see *In re Subpoena Served on the Cal. Pub. Utils. Comm'n*, 813 F.2d 1473, 1476 (9th Cir. 1987)). However, sometimes such orders are immediately appealable. As a general matter, appellate courts review discovery orders under an abuse of discretion standard (see *Wantanabe Realty Corp. v. City of New York*, 159 Fed. App'x 235, 240 (2d Cir. 2005)). Non-parties may not take an immediate appeal from court-ordered discovery based on a subpoena regardless of whether the order is made in the underlying action or in a miscellaneous or ancillary proceeding. To obtain immediate appellate review, the subpoenaed party must defy the court order, be found in contempt, and appeal the contempt citation (see *In re Flat Glass Antitrust Litig.*, 288 F.3d 83, 89-90 (3d Cir. 2002) (underlying action); *MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 119-122 (4th Cir. 1994)

(ancillary proceeding); *In re Subpoena Served on the Cal. Pub. Utils. Comm'n*, 813 F.2d at 1476 (nonparty must appeal contempt citation).

## REQUEST TO ORDER FLORIDAPOLY AND USFBOT
## TO PRESERVE PLAINTIFF'S EVIDENCE FOR TRIAL

"Federal courts have the implied or inherent power to issue preservation orders as part of their general authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135-36 (2004). Courts have articulated different tests for determining entitlement to a preservation order—e.g., a streamlined two-prong standard that "requires that one seeking a preservation order demonstrate that it is necessary and not unduly burdensome." While mandamus may be used as an alternative, it would require appellate review or litigation in state court. See *In re Ford Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003) (noting that mandamus has been found appropriate where discovery orders implicate privacy rights). Here, FloridaPoly has refused to provide emails to DeBose, pursuant to her public records request and subpoena, understanding that the emails may potentially be used in litigation. Because of the sheer refusal alone, it creates uncertainty surrounding whether FloridaPoly has taken "reasonable steps" to preserve DeBose's evidence. It is also more probable than not that Defendant USFBOT has these same emails. In *Zest v. Implant Direct Manufacturing*[3], a party, well aware of its preservation obligations, saved emails it believed to be relevant after a duty to preserve attached, but overlooked some which were later secured from third parties. The court found that the party "should have put in place a litigation hold," and thus authorized an adverse inference instruction even though it was "unsure" that emails were destroyed intentionally. Rule 37(e) applies only to losses of ESI, not to losses of other forms of

---

[3] Civil No.10-0541-GPC(WVG) (S.D. Cal. Nov. 25, 2013).

6

'discoverable information." *Silvestri v. GM*, 271 F.3d 583, 593 (4th Cir. 2001). Moreover, it applies only when there has been a loss of ESI that "should have been preserved." *Silvestri*, 271 F.3d 583, 593 (allowing sanctions without required showing of culpability). The threshold question for the application of Rule 37(e) is already known here—that is when the duty to preserve was triggered. Litigation is already underway. Actual and/or potential litigants have a duty to preserve relevant information when litigation is reasonably foreseeable or is present and existing. With the matter of the FloridaPoly emails relevant to this case, Plaintiff therefore requests the Court to order both FloridaPoly and USFBOT to make the necessary arrangements with the appropriate entities storing the subpoenaed emails to prevent the spoliation or destruction of the requested ESI information.

WHEREFORE, Plaintiff respectfully requests that this Court (1) enter an order holding FloridaPoly in civil contempt with coercive civil contempt sanctions until FloridaPoly complies with the subpoena issued by a federal district court in the State of Florida or (2) issue a Preservation Order to FloridaPoly and USFBOT, ordering them to preserve DeBose's evidence for trial, or (3) other relief as justice so requires.

### CERTIFICATE OF GOOD FAITH ATTEMPT TO RESOLVE DISPUTE

Plaintiff certifies that she has made reasonable, good faith efforts to resolve this dispute with FloridaPoly's representatives who have provided USFBOT what is tantamount to a "protective order." Plaintiff also conferred with USFBOT by phone on 1/31/2023 about plans to secure these documents and USFBOT's plans to file a motion to dismiss this action.

*Angela DeBose*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January **31st**, 2023, the above and foregoing was served by US postal mail and via email on: David Fugett, General Counsel, and Alex Landback, Associate General Counsel, Florida Polytechnic University, 3433 WINTER LAKE RD, LTB BLDG, RM 2121, LAKELAND, FL 33803 and also filed with the Clerk of the Court by using the electronic filing system, which will send a notice of electronic filing to all counsels of record.

/s/ Angela DeBose
Angela DeBose
1107 W. Kirby St.
Tampa, FL 33604
Ph. 813.932.6959
awdebose@aol.com

# EXHIBIT A

**From:** dfugett@floridapoly.edu,
**To:** awdebose@aol.com,
**Cc:** alandback@floridapoly.edu,
**Subject:** DeBose v. United States, et. al., Civil Action No. 8:21-cv-2127-SDM-AAS
**Date:** Fri, Nov 11, 2022 3:11 pm

Ms. Dubose:

A subpoena purporting to be in the above-captioned matter was hand delivered to my office at your direction on or around October 25, 2022.

A review of the case file reveals, among other things, that the case was dismissed with prejudice on September 12, 2022.

For this reason, among others, we will not be responding.

Regards,

D. Fugett

**David A. Fugett**
Vice President and General Counsel
Office of the General Counsel
W: 863-874-8412
dfugett@floridapoly.edu | www.floridapoly.edu

**Florida Polytechnic University**
4700 Research Way, Lakeland, FL 33805
Office Location: Polk State College, Lakeland Technology Building, Room 2121, 3433 Winter Lake Rd, Lakeland, FL 33803

*Please note: Due to Florida's broad public records law, most written communication to or from university employees is considered a public record. Therefore, the contents of this email, including personal email addresses, may be subject to disclosure in the event a request is made.*

Angela DeBose
1107 W. Kirby St.
Tampa, FL 33604

USPS First-Class Pkg Svc-RTL
US Postage Paid $5.55
Origin: 33630
01/31/23
1189440600-19
0 Lb 4.30 Oz
RDC 06
C001

SHIP TO:
111 N ADAMS ST
STE 322
TALLAHASSEE FL 32301-7730

USPS TRACKING #
9500 1146 2899 3031 0532 18

United States District Court
Northern District of Florida
Office of the Clerk
111 No. Adams St., Suite 322
Tallahassee, FL 32301-7717

FEB 02 2023