# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANGELA DEBOSE,**

    **Plaintiff,**

vs.                                                  **Case No. 4:22cv439-RH-MAF**

**THE UNIVERSITY OF SOUTH**
**FLORIDA BOARD OF TRUSTEES,**

    **Defendant.**

_____/

## O R D E R

Service of the pro se Plaintiff's complaint has been carried out and Defendant has filed a motion to dismiss, ECF No. 11. Plaintiff has been directed to file opposition to the motion by March 2, 2023. ECF No. 13.

Plaintiff has now filed a "notice of 768.28 letter served," ECF No. 14, and a notice of summons returned executed, ECF No. 15. This Order acknowledges those filings, but no further action is necessary.

However, Plaintiff has simultaneously filed two motions, ECF No. 16-17, which are addressed in this Order. First, Plaintiff has filed a motion requesting permission to file documents electronically. ECF No. 16.

The Local Rules of this Court require use of the electronic filing system (pacer) by attorneys; however, documents filed by pro se parties <u>must</u> be filed "in hard copy." N.D. Fla. Loc. R. 5.4(A). The equal protection principle generally requires a rational basis for differential treatment of like-situated persons. Attorneys and pro se litigants are not like-situated, and there is a rational basis for treating them differently.

An attorney who is admitted to this Court's bar (and who, thus, may file documents electronically, without prior review by the Clerk's office for compliance with the rules) has successfully graduated from approximately three years of law school, passed a state bar examination, passed an exacting background investigation, and met other requirements. An attorney is more likely to understand, and comply, with the various applicable rules and is less likely to cause harm by making improper filings.

Plaintiff has asserted that she currently is able to use electronic filing with the Middle District of Florida and the Eleventh Circuit, and she asserts that she will comply with the e-filing rules in this Court. ECF No. 16 at 1. Notably, Plaintiff has been barred from filing in the Middle District which is why she initiated this case in this Court. *See* ECF No. 5 at 2. Plaintiff has been deemed a "vexatious litigant" by the Middle District. ECF No. 5 at 11.

Case No. 4:22cv439-RH-MAF

Those facts are relevant considerations.  And although Plaintiff has stated her willingness to comply with e-filing rules, this Court has announced a bright line ruling applicable to all - attorneys may file electronically while pro se litigants may not.  The alternative approach is not conducive to the most efficient judicial process, and a case by case examination of pro se litigants would be an unwise investment of court resources.  Plaintiff is not permitted to file documents electronically in this Court, and her motion, ECF No. 16, is denied.

    Plaintiff's second motion is "for a contempt order or alternatively a preservation order to preserve Plaintiff's evidence for trial or other relief," ECF No. 17.  It is not appropriate for this Court to review compliance with a subpoena issued in, or pertaining to, another case.  Moreover, the document attached to Plaintiff's motion indicates she served a subpoena in late October 2022, but her case had been dismissed on September 12, 2022.  ECF No. 17 at 10.  A party will not be required to comply with a subpoena served after a case is dismissed.  Notably, discovery has not been directed in this case and will not be permitted until a ruling is entered on the pending motion to dismiss.  Plaintiff's motion, ECF No. 17, is denied.

Plaintiff has until **March 2, 2023**, to file a response to Defendant's motion to dismiss and to strike, ECF No. 11. Plaintiff is advised that the Court may grant Defendant's motion "by default" if Plaintiff "does not file a memorandum as required by this rule." N.D. Fla. Loc. R. 7.1(H).

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to file electronically, ECF No. 16, is **DENIED**.

2. Plaintiff's motion for a contempt order or, alternatively, a preservation of evidence order, ECF No. 17, is **DENIED**.

3. Plaintiff has until **March 2, 2023**, to file a response in opposition to the pending motion to dismiss and to strike, ECF No. 11.

4. The Clerk of Court shall return this file upon Plaintiff's filing of a response to the motion to dismiss and to strike, ECF No. 11, or no later than March 2, 2023.

**DONE AND ORDERED** on February 6, 2023.

        S/  Martin A. Fitzpatrick
        **MARTIN A. FITZPATRICK**
        **UNITED STATES MAGISTRATE JUDGE**