IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | | |
|---|---|---|
| ANGELA DEBOSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE No.: 4:22cv439-RH-MAF |
| | ) | |
| UNIVERSITY OF SOUTH FLORIDA | ) | |
| BOARD OF TRUSTEES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | / | |

**PLAINTIFF'S OBJECTION AND TIME-SENSITIVE MOTION FOR
MISCELLANEOUS RELIEF**

Plaintiff Angela DeBose objects to irregular procedure followed by the Court in its February 6, 2023 Order, [18], and moves Miscellaneous Relief, including an Order to Show Cause Why Defendant University of South Florida Board of Trustees' ("USFBOT's") Motion to Dismiss and to Strike Plaintiff's Complaint, [11], should not itself be stricken. Plaintiff additionally moves the Court to reconsider the Order, while preserving the matters discussed in this Objection for purposes of appeal. USFBOT's Motion to Dismiss, ("MTD"), is premature and unfairly prejudices the Plaintiff, given the complete absence of a Case Management Scheduling Order anticipated under Rule 16. The Court's Order, ("the Order"), also denies Plaintiff's motion to file electronically and denies Plaintiff's motion for a contempt and/or preservation order against nonparty, Florida Polytechnic University. Plaintiff states as follows:


FILED USDC FLND TL
FEB 15 '23 PM1:48

1

## OBJECTION

Rule 16's Mandate

Rule 16 of the federal rules of civil procedure provides in pertinent part:   Except in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order.  The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.  The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared.  FED. R. CIV. P. 16.

The irregular procedure to allow a premature motion to dismiss in the absence of a scheduling order and the above activities (amend, complete discovery, and file motions)—unfairly prejudices the Plaintiff.  The Plaintiff filed in the Northern District after being "locked out," of her own jurisdiction.  The Order, [18], is tantamount to a protective order for USFBOT and denies DeBose due process, access to the court, and preservation of her evidence for trial.  While Rule 16 allows the judge to delay for good cause, the judge may not do so merely because the Defendant has filed a Motion to Dismiss.  Under Rule 16(b)(4), the party moving to modify a scheduling order (e.g. to submit a premature motion to dismiss before a case management scheduling conference is ordered), bears the burden of showing good cause and "diligence in attempting to meet the order's requirement." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). Here, the Court did not consider prejudice to the non-moving party.  Additionally, by not addressing prejudice to DeBose, the Court failed to require USFBOT, the moving party, to prove  "good cause" for its premature action, demonstrate diligence, or make a showing why its action does not result in unfair prejudice to DeBose. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).  Again, the Court's action

to order DeBose to respond to the Motion to Dismiss is itself premature and should not have occurred, forcing DeBose to respond to the MTD, ahead of a case scheduling order. A Case Management Scheduling Order ensures prior notice, due process, and the orderly administration of justice. Though it is arguably within the District Court's discretion, it would have assured judicial fairness if the Court had strickened the premature filing or issued an Order to Show Cause ("OSC") to USFBOT to respond why its MTD should not be stricken. Notably, the Court issued an OSC to Plaintiff and required her to respond why she filed in this forum, in order to discharge the order and continue.

In *Tuggle v. Maddox*, 60 So. 2d 158 (Fla. 1952), the Florida Supreme Court was asked to consider a motion to dismiss for "failure to state a claim * * upon which relief [could] be granted" and a motion to strike requesting that "any redundant, immaterial, impertinent, or scandalous matter" be stricken, or that the court could eliminate such matter of its own initiative. *Id.* The court did not decide the fundamental question of whether one may recover in such circumstances because of the irregular procedure followed in the trial court in arriving at the judgment—namely the correctness of the court's dismissal "Of Its Own Motion and Without Leave To Amend * * *". *Id.* The court determined error was committed and reversed. The Order, [18], authorizes an irregular procedure, without the usual due process safeguards, so as to render a fair proceeding impossible.

Rule 15's mandate

Rule 15 of the federal rules of civil procedure allows the Plaintiff to amend her complaint one time within 21 days of serving the original complaint or at any point before the defendant answers the complaint. The rule clearly provides that a plaintiff "may amend h[er] *pleading* once as a matter of course at any time before a *responsive pleading* is served." A *responsive pleading* does not include a *motion to dismiss*. See *Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir.

1995), cert. denied, 116 S.Ct. 2498 (1996). Rule 15 provides that leave to amend shall be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2). Courts view motions to amend filed before the deadline set out in the scheduling order with a "liberal policy favoring amendments." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016) (citing *In re Graphics Processing Units Antitrust Litig.*, 540 F. Supp. 2d 1085, 1090 (N.D. Cal. 2007)); see also *Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013) (describing the standard as "liberal"). Rule 15(a) also declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test h[er] claim on the merits.

The Order, [18], discusses the Middle District of Florida Injunction Order that alleges vexation by the Plaintiff as its primary reason for denying DeBose access to file electronically, though the appealed order is not finally and adversely determined against DeBose. The Order does not identify the MDF Injunction Order as its reason for following an irregular procedure similar to *Tuggle v. Maddox* in the instant case. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave to amend should, as the rules require, be "freely given." Though the Order does not expressly deny leave to amend, it requires the Plaintiff to respond to USFBOT's MTD or face certain dismissal by the Court. Although no case management scheduling conference has been ordered and a Case Management Order has not been proposed, the Court did not stricken the Defendant's MTD but authorized it, despite that it is premature. The Order does not discuss or order a stay of discovery; however, the

Order denies Plaintiff's motion to preserve her evidence from a nonparty, for trial. The Court shows a willingness to enforce the appealed Injunction Order of the MDF but declined to enforce an uncontested subpoena served on a nonparty when such enforcement is permitted. For example, under Rule 81(b) which provides: *Proceedings Involving a Subpoena.* These rules apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings. The Order indicates it is problematic that the subpoena was issued after issuance of the MDF Injunction Order, which ordered the case closed. However, Rule 45 allows the transfer of subpoenas and motions for contempt, in exceptional circumstances. This is a Title VII case involving allegations of invidious discrimination/retaliation. Florida Polytechnic University (and USF) are public universities or agencies. Florida Polytechnic, a nonparty, not only refused to provide responsive records to DeBose's public records request, it has refused to comply with the subpoena issued by a United States District Court in this region. The United States Constitution and the Constitution of the State of Florida both provide rights to due process and equal protection. As a state agency, Florida Polytechnic University may not withhold these public records. DeBose is "a person" under the *"every person"* entitlement to copy/inspect the state agency's nonexempt public records. Additionally, subpoenas are enforceable against nonparties and enforcement by this Court under Rule 45. The records sought are relevant to this case and to Defendant's MTD. A motion to dismiss should not be dismissed if there is substantial evidence of each element of the offense.

## MOTION FOR ORDER TO SHOW CAUSE

Plaintiff Angela DeBose moves this Court for an Order to Show Cause ("OSC") as to Why Defendant's Motion to Dismiss and to Strike Should not be Stricken. An order to show cause

5

(O.S.C.), is a court order or the demand of a judge requiring a party to justify or explain why the court should or should not grant a motion or a relief.

For the above and foregoing reasons set forth more fully in Plaintiff's Objection, Plaintiff respectfully asks this Court to Order respondent USFBOT to respond.

## MOTION FOR RECONSIDERATION

Plaintiff Angela DeBose moves this Court to reconsider its Order in the Entirety based on new evidence because it appears the MDF Injunction played a role in the Court's reasoning. The new evidence is attached as follows:

1.      Motion for Relief from Judgment / Set Aside the Judgment based on new evidence that Gregory P. Holder ("Holder"), former Thirteenth Circuit Judge, Criminal Division was a faculty adjunct employee of Defendant USF when he intervened / trespassed in DeBose's state court cases. Evidence also submitted to show that Holder was previously censured by the Florida Supreme Court for intervening in a prior case involving USF.

2.      Motion for Mandatory Disqualification of District Court Judge for undisclosed conflict involving defendant Holder, including appointing him as mediator in multiple cases wherein the District Judge presided in 2021 and 2022, during DeBose's case and while Holder was still employed by USF.

3.      Section 144 Affidavit of Angela DeBose.

4.      The above evidence shows that the state court Injunction Order upon which the District Court relied was not fully litigated or finally and adversely determined on the merits. In the state court actions, Elizabeth G. Rice was recused on or prior to January 6, 2020 and unlawfully entered an order denying mandamus relief to DeBose on January 17, 2020. Carl C. Hinson was incapacitated prior to his assignment to DeBose's state court

cases on January 6, 2020, replacing Rice and did not accept jurisdiction at any time.  Holder was assigned only to the criminal division and had no special assignments in Circuit Civil per Thirteenth Judicial Circuit Court Administration when he intervened, trespassed, or interfered in DeBose's cases, dismissing them with prejudice and entering final judgments.

**WHEREFORE,** Plaintiff respectfully asks the Court to grant the relief requested.

**Submitted 2/12/2023**                      Respectfully,

                                             /s/ Angela DeBose
                                             Angela DeBose


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February **12**, 2023, the above and foregoing was served by US postal mail for filing with the Clerk of the Court, which will send a notice of electronic filing to all counsels of record.

                                             /s/ Angela DeBose
                                             Angela DeBose
                                             1107 W. Kirby St.
                                             Tampa, FL 33604
                                             Ph. 813.932.6959
                                             awdebose@aol.com

7

Angela DeBose
1107 W. Kirby St.
Tampa, FL 33604



UNITED STATES POSTAL SERVICE.

**P**

Retail

US POSTAGE PAID

**$9.85**

Origin: 33630
02/12/23
1189440600-8

PRIORITY MAIL®

EXPECTED DELIVERY DAY: 02/15/23

0 Lb 9.30 O
RDC 0.

C001

SHIP
TO:
111 N ADAMS ST
STE 322
TALLAHASSEE FL 32301-7730

USPS TRACKING® #

9505 5146 2901 3043 0066 50

United States District Court
Northern District of Florida
Office of the Clerk
111 North Adams Street, Ste. 322
Tallahassee, FL 32301-7717