UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ANGELA DEBOSE,**

    **Plaintiff,**

v.                                  CASE NO. 4:22-CV-00439-RH-MAF

**UNIVERSITY OF SOUTH
FLORIDA BOARD OF
TRUSTEES,**

    **Defendant.**

_____/

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTION AND TIME-SENSITIVE MOTION FOR MISCELLANEOUS RELIEF

Defendant University of South Florida Board of Trustees ("USFBOT"), by and through its undersigned counsel, hereby responds to Plaintiff's Objection and Time-Sensitive Motion for Miscellaneous Relief [Doc. 19]. Plaintiff Angela DeBose ("DeBose") argues that USFBOT's Motion to Dismiss [Doc. 11] is premature and should be stricken by this Court because the Court has not yet entered a Case Management Scheduling Order. However, there is no basis in the Rules for striking USFBOT's motion or to order USFBOT to show cause. DeBose also seeks reconsideration of this Court's Order [Doc. 18], which should be denied as DeBose failed to make the requisite showing for reconsideration.

ACTIVE 685475787v1

I.

**PRELIMINARY STATEMENT**

1. On December 8, 2022, DeBose filed her Complaint against USFBOT. [Doc. 1].

2. On January 24, 2023, USFBOT was served with the Summons and Complaint. [Doc. 15].

3. On January 31, 2023, USFBOT filed its Motion to Dismiss. [Doc. 11].

4. On February 2, 2023, the Court entered an Order providing DeBose approximately one month to respond to USFBOT's motion. [Doc. 13].

5. On the same date, DeBose filed her Motion to File Electronically and Motion for Contempt Order or Alternatively a Preservation Order to Preserve Plaintiff's Evidence for Trial, or Other Relief. [Docs. 16 and 17].

6. On February 6, 2023, the Court entered its Order denying DeBose's Motion to File Electronically and Motion for Contempt Order or Alternatively a Preservation Order to Preserve Plaintiff's Evidence for Trial, or Other Relief. [Doc. 18].

II.

**ARGUMENT**

A. **The Motion to Dismiss Should Not Be Stricken, Nor Should A Show Cause Order Be Entered**

Federal Rule of Civil Procedure 16(b) provides:

2

> Except in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order:
> (A) after receiving the parties' report under Rule 26(f); or
> (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.

See Fed.R.Civ.P. 16(b).

Federal Rule of Civil Procedure 16(b)(2) provides the timing for which the Court is to enter the scheduling order. It states: "[t]he judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed.R.Civ.P. 16(b)(2).

Northern District Local Rule 16.1 provides:

> In a civil case in which the attorneys must confer under Federal Rule of Civil Procedure 26(f), the conference must occur as soon as practicable. The Court may—and ordinarily will— enter an order modifying the deadline for the conference. If an order has not been entered, the deadline is determined by the Federal Rules and is ordinarily the earlier of 69 days after any defendant has appeared or 99 days after the first service of process on any defendant. A party may seek discovery before the conference only when authorized by the Federal Rules, by stipulation, or by an order in the case.

See Local Rule 16.1.

Federal Rule of Civil Procedure 12(a)(1)(A)(i) states that a "defendant must serve an answer … within 21 days after being served with the summons and complaint." Here, USFBOT filed its Motion to Dismiss within the time prescribed

3

by Rule 12. USFBOT was required to file a response within 21 days of service of the summons and complaint, which it did on January 31, 2023. [Doc. 11]. USFBOT's motion was not premature and was permissible under the Federal Rules of Civil Procedure.

Moreover, pursuant to Rule 16, the Court will enter a Scheduling Order *after* the parties have participated in the Rule 16(f) conference. *See* Fed.R.Civ.P. 16(b)(A). The parties have not yet conducted the Rule 16(f) conference in order to prepare a Rule 16(f) report. In addition, pursuant to Rule 16(b)(2), the Court is under no obligation to enter the Scheduling Order until March 27, 2023 at the earliest.

There is no unfair prejudice to DeBose which would require this Court to enter an Order to Show Cause as to why USFBOT's Motion to Dismiss should not be stricken. Moreover, nothing in the Motion to Dismiss precludes DeBose from amending her pleading to correct the deficiencies that were raised in USFBOT's Motion to Dismiss.

**B.    The Motion for Reconsideration Should be Denied**

The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *See Beeders v. Gulf Coast Collection Bureau*, 2009 WL 3013502 (M.D. Fla. Sept. 16, 2009); *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) ("[t]his Court will not amend

4

a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction").

A motion for reconsideration is "not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." *Lamar Advertising of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 686 (M.D. Fla. 1999). There are only three limited grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon, & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Finally, "[a] motion for reconsideration should raise new issues, not merely address issues litigated previously." *Paine Webber Income Props. Three, Ltd v. Mobile Oil Corp.*, 902 F.Supp. 1514, 1521 (M.D. Fla. 1995).

DeBose is seeking this Court's reconsideration of its Order denying her motions to file electronically and for contempt. However, DeBose has not provided any change in controlling law, demonstration of clear error or to prevent manifest injustice, nor can she show that she has discovered new evidence that would change the Court's ruling on her motions.

With regard to DeBose's motion for contempt, "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Pursuant to Federal Rule of Civil

Procedure 45, subpoenas may be issued from "the court where the action is *pending*." (Emphasis added). Moreover, "[o]nce a court enters an order of dismissal, it generally loses jurisdiction to further act on the case except to the extent that it specifically retains jurisdiction." *Bacson Tobacco Co. v. Diplomatic Int'l Co.*, 2020 U.S. Dist. LEXIS 95750, at *1 (S.D. Fla. May 29, 2020); *United States v. 2411 NE 32nd Ct.*, 2012 U.S. Dist. LEXIS 29124, at *1 (S.D. Fla. Mar. 6, 2012) (same).

Because DeBose's case was closed and no longer pending, the Middle District lacked jurisdiction to issue an enforceable subpoena. *See* Fed.R.Civ.P. 45(a)(2). Courts have repeatedly invalidated subpoenas issued after entry of summary judgment or after a case has closed. *See Azania v. Squadrito*, 1997 U.S. App. LEXIS 10834, 1997 WL 268085, at *2 (7th Cir. May 7, 1997); *Matter of City of El Paso, Texas*, 887 F.2d 1103, 1105 (D.C. Cir. 1989). Therefore, the subpoena was ineffective when it was served on Polytechnic because the Court lacked jurisdiction to issue it. DeBose has made no showing (a change in law, manifest injustice or new evidence) to support the argument that this Court should enforce an ineffective subpoena.

DeBose provides this Court with four examples of "new evidence." [Doc. 19, pp. 6-7]. However, the allegations DeBose provides to the Court are not new evidence. For example, DeBose alleges "[e]vidence … submitted to show that Holder was previously censured by the Florida Supreme Court for intervening in a

6

prior case involving USF." This "evidence" is not new, does not relate to Judge Holder's actions in a case in which USF was a litigant[1], and it does not relate in any way to the allegations DeBose has lodged against USFBOT. Moreover, DeBose has lodged these same complaints and has filed motion after motion in her state court cases regarding Judge Holder's alleged involvement since 2020.

DeBose also alleges "new evidence" in that Judge Holder should have mandatorily recused himself because he was employed as a professor by USF. However, this also is not "newly discovered" evidence. Judge Holder's LinkedIn profile[2] provides that he has been an adjunct professor at USF since 2003 – *twelve years* before DeBose ever brought claims against USFBOT.

---

[1] "Judge Holder presided over a criminal case in the 13th Circuit Veterans' Court, in which the defendant — a decorated Army Green Beret — had a confrontation with a convenience store clerk that resulted in the defendant being charged with two felony counts: discharging a firearm from a vehicle and aggravated assault with a deadly weapon, as well as one count of criminal mischief (a misdemeanor). Judge Holder accepted a no contest plea and sentenced the man to 24 months of community control to be followed by 36 months of probation.

As a consequence of his conviction, the defendant was expelled and later denied re-admission to the University of South Florida. Judge Holder then sent a letter written on his judicial letterhead to USF President Dr. Judy Genshaft that served as both a letter of recommendation for the defendant and a request for him to be admitted into an online only program at USF." *See* https://www.floridabar.org/the-florida-bar-news/judge-holder-reprimanded-for-ex-parte-communication/.

[2] https://www.linkedin.com/in/gregory-holder-38788b125/

Moreover, even if DeBose recently discovered this information, the Eleventh Circuit in *Wu v. Thomas*, 996 F.2d 271 (11th Cir. 1993), ruled that a judge's status as an adjunct professor and his past contributions to the University did not require his recusal. The Court concluded that no reasonable observer would assume that the judge had extra-judicial knowledge of the case or would otherwise question his impartiality. *See also In re: Complaint of Judicial Misconduct,* 816 F.3d 1266, 1267 (9th Cir. 2016) (no abuse of discretion for failure to recuse where judge graduated from defendant university, served on the board of its alumni association, served as an adjunct professor, and received two honorary awards from defendant university); *Lunde v. Helms*, 29 F.3d 367, 370-71 (8th Cir. 1994) (no abuse of discretion for failure to recuse when judge was an alumnus of the defendant university's law school, made financial contributions to an alumni organization, and had presented education programs at the university). Accordingly, the aforementioned is not "new evidence" that would lead this Court to reconsider the Order that it entered on February 6, 2023.

Finally, DeBose alleges that:

The above evidence shows that the state court Injunction Order upon which the District Court relied was not fully litigated or finally and adversely determined on the merits. In the state court actions, Elizabeth G. Rice was recused on or prior to January 6, 2020 and unlawfully entered an order denying mandamus relief to De Bose on January 17, 2020. Carl C. Hinson was incapacitated prior to his assignment to DeBose's state court cases on January 6, 2020, replacing Rice and did not accept jurisdiction at any time. Holder was

8

> assigned only to the criminal division and had no special assignments in Circuit Civil per Thirteenth Judicial Circuit Court Administration when he intervened, trespassed, or interfered in DeBose's cases, dismissing them with prejudice and entering final judgments.

[Doc. 19 at pp. 6-7].

The above is not only factually inaccurate but, again, is not new evidence (Judge Rice was not recused but rotated as part of the normal course of judicial assignments) that would support reconsideration of this Court's February 6, 2023 Order. DeBose has raised these arguments over and over in her state court cases in attempts to have Final Orders in Case Nos. 15-CA-5563, 17-CA-1652, and 19-CA-004473 overturned, including but not limited to in an appeal to the Second District Court of Appeal. *See* Case No. 2D20-2532.

DeBose's arguments simply do not qualify as "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.,* 169 F.R.D. 680, 684 (M.D. Fla. 1996); *see McMahon v. Rambosk,* 2012 WL 1715822, at 1 (M.D. Fla. May 15, 2012) (denying motion for reconsideration where "[t]he Plaintiff does not present any new law or facts that would make the Court reconsider and change its previous Order"). As a result, DeBose's Motion for Reconsideration should be denied.

## III.

## CONCLUSION

For the foregoing reasons, defendant University of South Florida Board of Trustees respectfully requests that the Court deny Plaintiff's Objection and Time-Sensitive Motion for Miscellaneous Relief. [Doc. 19].

<div style="margin-left: 50%;">

Respectfully submitted,

/s/ Cayla M. Page
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla McCrea Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL  33602
Telephone:  (813) 318-5700
Facsimile:  (813) 318-5900
Attorneys for Defendant
University of South Florida Board of Trustees

</div>

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 22, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and I will serve via electronic mail and U.S. mail to:

>Angela DeBose, Pro Se
>1107 W. Kirby Street
>Tampa, FL  33604
>awdebose@aol.com

>>/s/ Cayla M. Page
>>Attorney