# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANGELA DEBOSE,**

    **Plaintiff,**

vs.                                                       **Case No. 4:22cv439-RH-MAF**

**THE UNIVERSITY OF SOUTH**
**FLORIDA BOARD OF TRUSTEES,**

    **Defendant.**
**_____/**

## O R D E R

Defendant filed a motion to dismiss, ECF No. 11, the pro se Plaintiff's complaint, ECF No. 1. Plaintiff was directed to file opposition to the motion by March 2, 2023. ECF No. 13. Thereafter, Plaintiff filed several notices and motions, ECF Nos. 14-17, which were addressed in an Order entered on February 6, 2023. ECF No. 18. Plaintiff has now filed her "objection and time-sensitive motion for miscellaneous relief." ECF No. 19. That filing is an omnibus submission. To the degree Plaintiff included within the filing a "motion for order to show cause" and "motion for reconsider," ECF No. 19 at 5-6, those motions are addressed below. To the degree Plaintiff

is objecting to the prior Order, the Clerk of Court must forward Plaintiff's objections to the attention of the presiding District Judge.

Plaintiff's motion for reconsideration is denied. Such a motion must not be filed to reargue issues already resolved. A motion for reconsideration is appropriate if there has been an intervening change in the law, or new or otherwise unavailable evidence has been discovered, or the Court made a clear error of law. McCoy v. Macon Water Auth., 966 F.Supp. 1209, 1222–23 (M.D. Ga. 1997); Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998). Plaintiff points to no clear error of law. New facts and arguments that should have been presented initially are not appropriate grounds to raise in a motion for reconsideration. Groover v. Michelin North Am., Inc., 90 F.Supp.2d 1236, 1256 (M.D. Ala. 2000). "[I]n the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999). Plaintiff's motion for reconsideration provides no basis to vacate or reconsideration the prior Order. To be clear - denying Plaintiff's motion for permission to electronically file documents was based on this Court's Local Rules and a

"no exception" policy. It is a bright line rule that shall remain in place - attorneys may file electronically while pro se litigants may not.

Plaintiff's motion for an order is show cause is also denied. There is no legal reason to strike Defendant's motion to dismiss. The motion to dismiss was not premature. Plaintiff demonstrated that Defendant was served with a summons and complaint on January 24, 2023. ECF No. 15. Defendant filed the motion to dismiss on January 31, 2023. ECF No. 11. It was timely filed, not premature.

Plaintiff has until **March 2, 2023**, to file a response to Defendant's motion to dismiss and to strike, ECF No. 11. Plaintiff is advised that the Court may grant Defendant's motion "by default" if Plaintiff "does not file a memorandum as required by this rule." N.D. Fla. Loc. R. 7.1(H).

Accordingly, it is

**ORDERED**:

1. Plaintiff's motion for reconsideration, submitted within her objections, ECF No. 19, is **DENIED**.

2. Plaintiff's motion for order to show cause, submitted within her objections, ECF No. 19, is **DENIED**.

Case No. 4:22cv439-RH-MAF

3. The Clerk of Court shall refer Plaintiff's objections, ECF No. 19, and the Defendant's response, ECF No. 20, to the presiding District Judge.

4. Plaintiff has until **March 2, 2023**, to file a response in opposition to the pending motion to dismiss and to strike, ECF No. 11.

5. The Clerk of Court shall return this file upon Plaintiff's filing of a response to the motion to dismiss and to strike, ECF No. 11, or no later than March 2, 2023.

**DONE AND ORDERED** on February 24, 2023.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**