# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ANGELA DEBOSE, )
)
    Plaintiff, )
)
v. ) CASE No.: 4:22cv439-RH-MAF
)
UNIVERSITY OF SOUTH FLORIDA )
BOARD OF TRUSTEES, )
)
    Defendant. )
)
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND TO STRIKE

Plaintiff Angela DeBose responds in opposition to the Motion to Dismiss, (Doc. 11), filed by the University of South Florida Board of Trustees alleging failure to state claims upon which relief may be granted and improper venue, and its motion to strike asserting the Complaint is barred by res judicata. Plaintiff states:

### BACKGROUND

1.    On December 8, 2022, Plaintiff filed the instant action, (Doc. 1), against the University of South Florida Board of Trustees ("USFBOT") in the United States Northern District of Florida.

2.    Plaintiff charged USFBOT with post-employment discrimination/retaliation with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Right



To Sue Letter ("RTSL") and Plaintiff filed timely with this Court, having been barred in the Middle District of Florida ("MDF"), when DeBose attempted to file the action in the MDF.

3. On December 8, 2022, this Court issued an Order to Show Cause ("OSC"), (Doc. 3), requiring Plaintiff to provide a copy of the Injunction Order issued by the Middle District of Florida and explain why Plaintiff contended she was barred from filing in her jurisdiction.

4. On January 5, 2023, Plaintiff responded to the OSC, making a showing that:

   a. At the beginning of the litigation, DeBose had attorney representation in her federal case. Therefore, DeBose was not pro se for purposes of the Florida Vexatious Litigant Law.

   b. DeBose is and has been at all relevant times a "nonpracticing" attorney;

   c. DeBose has not been previously accused of vexation or filing frivolous papers because DeBose prevailed in her cases and on appeal;

   d. Only one state court action was filed within the bright line of 5 years of the injunction order (i.e., 19-CA-004473); and

   e. Neither this case nor any other state/federal court action has been finally and adversely determined against DeBose;

5. Following Plaintiff's response, the Court issued a Summons and Plaintiff served process on USFBOT.

6. On January 31, 2023, after its counsel filed notices of appearance in the case, USFBOT moved to dismiss the action for failure to state a claim and subsequently filed a correction on February 2, 2023.0, 2023.

7. On February 2, 2023, the Court deferred ruling on USFBOT's motion, giving Plaintiff until March 2, 2023, to file a response.

8. On February 15, 2023, Plaintiff filed an Objection and Motion for Miscellaneous Relief, specifically asking the Court to adhere to the equitable procedures established for federal district courts, including have a case management scheduling order and discovery.

9. On February 24, 2023, the Court denied relief and stated Plaintiff had until March 2, 2023, to respond to USFBOT's Motion to dismiss.

## STANDARD OF REVIEW

The Eleventh Circuit has clearly set out the standard of review for a Rule 12(b)(6) motion to dismiss for failure to state a cause of action upon which relief can be granted. *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir.), *cert. denied*, 525 U.S. 1000, 119 S.Ct. 509, 142 L.Ed.2d 422 (1998):

> **"The standard of review for a motion to dismiss is the same for the appellate court as it was for the trial court."** *Stephens v. Department of Health and Human Servs.*, **901 F.2d 1571, 1573 (11th Cir. 1990). A motion to dismiss is only granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."** *Conley v. Gibson*, **355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).**

"On a motion to dismiss, the facts stated in appellant's complaint and all reasonable inferences therefrom are taken as true." *Stephens*, 901 F.2d at 1573 (citing *Delong*

*Equipment Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988)).

## ARGUMENT

**1. Defendant's 12(b)(6) motion should not be converted into a motion for summary judgment without an evidentiary hearing, comparing the complaints to determine whether the same facts and identities are present for purposes of res judicata.**

In its Preliminary Statement, USFBOT moves to dismiss Plaintiff's Complaint as barred by *res judicata* under Federal Rule of Civil Procedure 12(b)(6). USFBOT's motion to dismiss on this ground is problematic because this affirmative defense requires the Court to look outside of the four-corners of the complaint and convert its motion to dismiss into one for summary judgment under Federal Rule of Civil Procedure 12(d). However, "[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment," *Horne v. Potter*, 392 Fed.Appx. 800, 802 (11th Cir.2010) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir.1999)). *See also Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892–93 (11th Cir.2013) (comparing complaints from two separate cases to determine whether the same facts were involved for purposes of *res judicata*); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1184–85 (11th Cir.2003). Consequently, the Defendant's 12(b)(6) motion should not automatically be converted into a motion for summary judgment without USFBOT having to prove this defense.

## 2. Defendant's request to take judicial notice of Polo's and Merryday's appealed injunction orders is not proper because the injunction orders are not finally and adversely determined against DeBose and are subject to reasonable dispute.

USFBOT also appears to ask the Court to take Judicial Notice of Hillsborough state court circuit judge Melissa Polo's and U.S. district judge Steven Merryday's appealed injunction orders. Plaintiff contends that taking judicial notice is not proper because the appealed injunction orders are not finally and adversely determined against DeBose but moreover are subject to reasonable dispute. Judicial notice is proper when a fact is "not subject to reasonable dispute." FED. R. EVID. 201(b). If the Court decides to take judicial notice of the orders, Plaintiff asks the Court to also judicially notice the following undisputed facts based on information contained in the public record. Frequently, courts utilize judicial notice regarding information contained in public records. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated in part on other grounds by *Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). These factors militate against a finding of res judicata. DeBose did not have an opportunity to litigate the issues fully and fairly; she was denied due process to have her state court actions given a res judicata effect.

### Undisputed Facts in DeBose's that show the forum in 15-CA-005663, 17-CA-001652, and 19-CA-004473 was nonexistent or inadequate:

a. Elizabeth G. Rice ("Rice") was recused on January 6, 2020, but entered a final order in the case on January 17, 2020, denying mandamus relief in 15-CA-005663 after she was no longer the presiding judge.

b. Carl C. Hinson ("Hinson") was assigned the presiding judge over Circuit Civil, Division C, on January 6, 2020, but was seriously ill years prior to his assignment and thus never accepted nor exercised jurisdiction. A sham court was run under Hinson's name, with orders entered falsifying his signature / stamp, even several months after his death.

c. Gregory P. Holder ("Holder") intervened and issued final judgments / orders in DeBose's cases in favor of USFBOT and against DeBose when Holder was a paid faculty adjunct employee of the Defendant USFBOT. Holder did not disclose this conflict or recuse himself.

d. Holder was previously censured or reprimanded by the Florida Supreme Court for intervening in another case involving USF in 2016. In case SC16-970, Inquiry Concerning a Judge No. 15-594 Re: Gregory Holder, the Florida Supreme Court found that Holder's misconduct violated five canons of the Code of Judicial Conduct. Holder did not disclose this conflict or recuse himself.

e. 15-CA-005663, a case involving the fundamental and constitutional right to inspect/copy public records, was not listed in any notice leading up to the Injunction Order and was pending on appeal when the Injunction Order was issued in 2D20-0594.

f. There was no Injunction Hearing or any proceeding according to the Petitioner the opportunity to object to the Injunction Order.

g. Polo administratively closed the case the day after an ABC Action News broadcast broke the story on Hinson's sham court, and thereafter issued the Injunction Order.

h. In 17-CA-001652 and 19-CA-004473, there has been no trial or final evidentiary hearing, no final adjudication of the facts, and no declaratory judgment. The pleadings have not closed, the state parties have not answered, and no one has stepped forward to set the matter for trial.

**Undisputed Facts in DeBose's federal case to show the forum was biased and thus inadequate:**

i. Merryday appointed Defendant Holder as a mediator in his cases in 2021 and 2022 and had the opportunity to know about Holder's employment by Defendant USFBOT from his resume and/or curriculum vitae.

## II.

### A. The Complaint Should Not Be Dismissed For Improper Venue because the present forum is proper under the totality of the circumstances.

USFBOT argues that Rule 12(b)(3) of the Federal Rules is the proper vehicle for challenging improper venue. USFBOT alleges that DeBose filed in this Court simply to avoid the MDF injunction order and urge the Court to dismiss the Plaintiff's Complaint for circumventing the injunction order. Factually, this is not an accurate account of events. DeBose sought to stay the injunction order, pending appeal. DeBose pursued an extension with the EEOC to the filing deadline but was informed such an extension would have to come from the courts. DeBose sought to file the action with the MDF, but the filing was

rejected and DeBose was handed a copy of the Injunction Order. As a result, DeBose sought an alternative available forum in the Northern District of Florida. Section 1391, which governs venue, provides: a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts. In *Atlantic Marine*, the Supreme Court held that Rule 12(b)(3) authorizes dismissal only when venue is "wrong" or "improper" under the requirements of federal venue laws, specifically 28 U.S.C. § 1391. *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013). Therefore, "a case filed in a district that falls within § 1391 may not be dismissed under [28 U.S.C. § 1406(a)] or Rule 12(b)(3)." *Id.* Furthermore, dismissal on forum non conveniens grounds is conditioned on the existence of an adequate and available alternative forum. To prevail on a motion to dismiss on forum non conveniens grounds, a defendant must show that there is an available alternative forum. "[I]f no alternative forum is available to the plaintiff, the court should be 'extra cautious' before dismissing the suit." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 560 (9th Cir. 1990). Even where the alternative forum is available, a court cannot dismiss on forum non conveniens grounds if the alternative forum is inadequate. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). The MDF was not an available forum when the action was brought. A forum non conveniens dismissal must be based on the finding that, when weighed against

8

plaintiff's choice of forum, the relevant public and private interests strongly favor a specific, adequate, and available alternative forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Forum non conveniens is sensitive to plaintiff's motive for choosing h[er] forum, at least in the extreme case where h[er] selection is designed to "'vex,' 'harass,' or 'oppress' the defendant." *See Gilbert*, 330 U.S. at 508, 67 S.Ct. at 843. While the Defendant has alleged such a motive, the fact is that USFBOT communicated to DeBose's employer in over 2000 pages of emails that resulted in adverse changes to DeBose's employment. USFBOT has self-servingly moved to dismiss despite this substantial proof of USFBOT's interference in DeBose's employment at Florida Polytechnic University, as alleged. The "interest of justice" required allowing this action to be filed in the Northern District under 28 U.S.C. § 1406. *See Internatio-Rotterdam, Inc., v. Thomsen*, 218 F.2d 514, 517, (4th Cir. 1955). Allowing discovery of the emails is in the interest of justice under the circumstances to root out invidious discrimination/retaliation by this Defendant.

### B. Counts VI And VII Are Not Automatically Barred By Eleventh Amendment Immunity but depend on whether USFBOT functioned as an arm of the state in interfering with DeBose's employment.

USFBOT argues it is an arm of the state and thus entitled to Eleventh Amendment immunity on DeBose's claims under Section 1981, 1985, and 1986. Under the Eleventh Amendment, a nonconsenting state may not be sued for damages in federal court unless the state voluntarily waives its immunity or Congress clearly abrogates it. *See Hans v. Louisiana*, 134 U.S. 1, 14-17 (1890); *Cross v. Alabama*, 49 F.3d 1490, 1502 (11th Cir. 1995). While Congress has abrogated immunity for money damages suits brought under

Title VII, *Fitzpatrick v. Bitzer*, 427 U.S. 445, 447-48 (1976), it has not abrogated Eleventh Amendment immunity for claims brought under Section 1981, by and through the remedial vehicle of Section 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990). It is well-settled that an arm of the state, which includes state instrumentalities and agents, may invoke Eleventh Amendment immunity. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). To determine whether an entity is an arm of the state, we consider four factors: "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Id.* at 1309. We analyze these factors "in light of the particular function in which the defendant was engaged when taking the actions out of which liability is asserted to arise." *Id.* at 1308 (citing *Shands Teaching Hosp. & Clinics v. Beech St. Corp.*, 208 F.3d 1308, 1311 (11th Cir. 2000)). Notably here, the function at issue here is not USFBOT's role as an employer or a teaching/research university. It is its decisions related to DeBose's employment, as a former employer over seven years ago. Plaintiff is not suing USFBOT for wrongful termination. The "function" at issue is not termination of employment but interference with DeBose's employment and her contract with another entity. *See Ross v. Jefferson Cty. Dep't of Health*, 701 F.3d 655, 660 (11th Cir. 2012) (where plaintiff sues for wrongful termination, "function" at issue is termination of employment). DeBose's case against USFBOT is unlike *Jefferson Cty. Dep't of Health* because USFBOT did not act as an arm of the state in making legitimate personnel decisions against DeBose. While Plaintiff may suspect those who might be sued in individual or official capacities, no persons are yet

joined for a determination of qualified immunity. Florida State Statute 1001.72 has declared Defendant USFBOT a corporation or "public body corporate" which can sue and be sued. Therefore, Eleventh Amendment immunity does not preclude suits against the Board under Title VII. Plaintiff's 1981, 1985, and 1986 claims turn on what function USFBOT served and whether it can be said that USFBOT functioned as an arm of the state or merely as a corporate board when it set out to adversely impact DeBose's present employment. In this regard, (1) the first factor does not weigh in favor of immunity because USFBOT did not make or derive its unauthorized interference with DeBose's employment from the state. (2) the second factor calls the Court to consider the degree of control which Florida maintains over USFBOT. While Florida directly and substantially may control legitimate employment actions by USFBOT (e.g., hire, evaluation, termination), Florida does not control the informal, covert actions taken by an autonomous school board to negotiate or persuade an employer to take adverse, retaliatory action against a former employee. (3) The third factor evaluates the source of the entity's funding. State funding weighs in favor of immunity. However, it USFBOT is used funds from its Foundation or from the United States Treasury under 20 C.F.R. § 404.1626(a)-(d), this would weigh against immunity. (4) The fourth and final factor requires us to consider who will be responsible for an adverse judgment against USFBOT. A showing that the state would be liable for judgment militates with particular force in favor of holding Eleventh Amendment sovereign immunity to protect the defendant from suit in federal court; a showing that the state would not be liable cuts strongly against such immunity.

*See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 430 (1997). USFBOT as an entity could be responsible for its own adverse judgment.

### C. The Complaint is capable of Amendment to identify a "Person" Under Section 1983

Defendants allege that they are not "persons" as that term is defined under § 1983. To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a "person" acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Both elements must be present to sustain a § 1983 action. Plaintiff argues it is premature to consider dismissal without allowing discovery of the emails and amendment. Without conducting this discovery, the court would not be able to rule on USFBOT's immunity claim. To rule on the claim, the Court must decide whether the Defendant employees, agents, assigns, etc. violated "clearly established statutory or constitutional rights of which a reasonable person would have known.

### D. The Complaint Sufficiently Alleges A History, Policy, Custom, Usage, or Practice

The complaint alleges that Plaintiff faced continued discrimination and retaliation pursuant discrete acts of racial discrimination and retaliation over multiple years. A discrete act can constitute "policy" when it is performed by an official who has final authority. *See Rookard v. Health and Hospitals Corporation*, 710 F.2d 41, 45 (2d Cir. 1983). In addition, an individual official's acts can rise to the level of "policy" when "senior personnel" knowingly "acquiesce" in their subordinates' behavior. *See Turpin v.*

*Mailet,* 619 F.2d 196, 203 (2d Cir.), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980). USFBOT used its more senior position in the State University System to urge Florida Polytechnic to act in furtherance or acquiesce its behavior. Plaintiff alleged that USFBOT has had a notorious history of racially discriminatory practices through a long and widespread practice of explicit discrimination and hate crimes against blacks / African Americans. Plaintiff alleged the NAACP filed a complaint with the FBI Civil Rights Division against USFBOT. These allegations are sufficient to survive a motion to dismiss.

### E. DeBose Complied with the notice requirement of 768.28

Florida courts have found that pre-suit notice requirements are satisfied under 768.28(6)(a) when a plaintiff gives proper notice to the Defendant government agency. *Glace v. Lower Fla. Keys Hosp. Dist.,* 481 So.2d 509 (Fla. 3d DCA 1985). "We reach this result based on the authority of Fla. R. Civ. P. 1.120(c) which states that '[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.' " *Glace* v. Lower Fla. Keys Hosp. Dist., 481 So.2d 509 (Fla. 3d DCA 1985); see also Fla. R. Civ. P. 1.120(c). Plaintiff has complied with the "mere technicality" of the statute by serving USFBOT and the Florida Department of Financial Services ("FDFS") 768.28, F.S. notice.

### F. DeBose's Tortious Interference Claim identifies multiple ways her employment relationship with Florida Polytechnic was breached

Tortious Interference requires an intentional interference causing a breach or termination of the relationship. USFBOT alleges DeBose failed to allege a breach of her relationship with Florida Polytechnic because she is still employed. The Complaint

specifically asserts multiple ways in which USFBOT caused a breach between DeBose and her employer, where actual damages can be quantified or identified by amendment. Termination evinces a breach but is not the only result or outcome to show a breach. The Court should decline to dismiss Plaintiff's tortious interference claim on this ground.

### G. DeBose has standing to bring a civil claim for a hate crime under § 1983 and the Fourteenth Amendment of the Constitution

Under *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658 (1978), a governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 694. USFBOT deprived DeBose of federally protected rights and civil remedies under Florida Statutes § 775.085, Violent Interference with Federally Protected Rights,18 U.S.C. § 245, and Conspiracy Against Rights, 18 U.S.C. § 241. To have standing to sue under section 1983, therefore, DeBose must possess some right guaranteed by the Fourteenth Amendment.

### H. DeBose's Race And Gender Discrimination properly assert claims for post-employment discrimination / retaliation by USFBOT

A former employee can assert claims of retaliation against a former employer under Title VII's anti-retaliation provision. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997) (holding that term "employee" in Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-3(a), includes former employees).

## I. DeBose's Retaliation States A Claim and/or is amendable

A former employee can assert claims of retaliation against a former employer under Title VII's anti-retaliation provision. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997) (holding that term "employee" in Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-3(a), includes former employees). DeBose has substantial evidence of adverse actions and can amend and provide evidence. Discovery of the emails is required to prove causation.

## J. The action concerning USFBOT's interference with DeBose's employment at Florida Polytechnic University is not barred by res judicata when the action could not have been brought.

Under the Claim Preclusion/Res Judicata analysis, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *See O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981); *see also Smith v. Russell Sage College*, 54 N.Y.2d 185, 192-93 (1981). "This bar against later claims based upon the same cause of action is, however, subject to certain limitations, one of which is that it will not be applied if the initial forum did not have the power to award the full measure of relief sought in the later litigation." *See Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986) (emphasis added) (citing *McLearn v. Cowen Company*, 48 N.Y.2d 696, 698 (1979)). Therefore, the doctrine of res judicata does not act as a bar to Plaintiff's Title VII claim in this suit because Florida Polytechnic University could not have been included in the jury's nor the district court's decision. The action against Florida Polytechnic could not have

been brought and USFBOT's communications were not known by DeBose or disclosed to her.

WHEREFORE, Plaintiff respectfully asks the Court to:

1. Deny USFBOT's Motion to dismiss and require USFBOT to prove its affirmative defense(s);

2. Allow Plaintiff reasonable discovery and an opportunity to amend her complaint to cure any defects;

3. Hold an evidentiary hearing and oral argument on USFBOT's request for judicial notice;

4. And other relief deemed just and proper.

**Submitted: 2/27/2023**

Respectfully,
/s/ Angela DeBose
Angela DeBose, Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **27th** day of February 2023, the above and foregoing was sent by US postal mail for filing by the Clerk of the Court.

/s/ Angela DeBose
Angela DeBose
1107 W. Kirby Street
Tampa, Florida 33604
Telephone: (813) 932-6959
Email: awdebose@aol.com

Angela DeRose
1107 W. Kirby St,
Tampa, FL 33604

United States District Court
Northern District of Florida
Office of the Clerk
111 North Adams St., Suite 322
Tallahassee, FL 32301-7717