**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANGELA DEBOSE,**

      **Plaintiff,**

**vs.**                           **Case No. 4:22cv439-RH-MAF**

**THE UNIVERSITY OF SOUTH
FLORIDA BOARD OF TRUSTEES,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Proceeding pro se, Plaintiff initiated this case on December 8, 2022, by filing a complaint against the Defendant "for continued post-employment discrimination/retaliation through adverse actions designed to interfere with her employment, over the course of seven (7) years after her termination." ECF No. 1 at 2. She paid the filing fee in early January 2023, ECF No. 6, and was permitted to have the complaint and summons served on the Defendant. ECF No. 7.

On January 31, 2023, Defendant filed a motion to dismiss, ECF No. 11. The following day, Defendant filed a notice of correction, ECF No. 12,

which withdrew one argument made in the motion to dismiss. Plaintiff was provided an opportunity to file opposition to the motion to dismiss, ECF No. 13, and her response, ECF No. 22, was timely filed. The motion is ready for a ruling.

**Preliminary Issue**

The Court initially questioned why Plaintiff filed this case in this Court since she acknowledged within her complaint, ECF No. 1 at 3, that venue was proper in the Middle District of Florida. *See* ECF No. 4 at 2. Noting that Plaintiff said that the Middle District had "barred" her filing, the Court required Plaintiff to explain her assertion and provide the court order which she believed barred her case from proceeding in the Middle District, the "proper" place of venue. *Id.*

Plaintiff responded by, first, arguing that this Court has subject matter jurisdiction. ECF No. 5 at 2. Plaintiff said that both she and Defendant were domiciled in Florida and the amount in controversy exceeds $75,000. *Id.* That argument is unavailing. The federal diversity statute grants jurisdiction for a district court to decide civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §

1332(a)(1).  Because the parties are not diverse and are residents of the same state, this Court does not have diversity jurisdiction.  Nevertheless, because Plaintiff's claims allege the violation of Title VII, this Court does have subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[1]

Plaintiff then argued that this Court has personal jurisdiction over the Defendants "based on a federal question" and said she filed in this Court because she "does not have an adequate state or federal forum in her jurisdiction that accords her access to the courts as a self-represented litigant."  ECF No. 5 at 2.  Plaintiff claimed she "had no other option but to file outside of her jurisdiction."  *Id.* at 3.  She contends this case should continue here in the Northern District based on forum non conveniens.  *Id.* at 3-5.  She further contends that she was not "treated fairly in the" Middle District and was "falsely accused of vexation, against the clear court records and the great weight of the evidence."  *Id.* at 5.  She "asks this Court to serve as an alternative available federal forum for her Title VII action."  *Id.* at 9.

---

[1] That statute provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Title VII claims arise under the laws of the United States.

In addition, Plaintiff states she was "forced to file" this case here because when she attempted to file a new Title VII case in the Middle District of Florida on December 7, 2022, the Clerk of Court provided her with the court's injunction order and refused to file the case. ECF No. 22 at 3. Plaintiff said that she also "filed a motion to reopen her dismissed case" but the motion was denied. *Id.*

Plaintiff submitted a copy of an "Injunction Order" entered by the Middle District of Florida. ECF No. 5 at 10-26. The "Injunction Order" was signed by United States District Judge Steven D. Merryday on September 12, 2022, in case number 8:21cv02127-SDM-AAS. ECF No. 5 at 26. The order notes that Plaintiff had "lost her *pro se* Title VII action against the University of South Florida" and undertook to sue the University's Board of Trustees, its lawyers, and state and federal judges, among others, who denied Plaintiff "relief in her eight actions against USF and others." *Id.* at 11. The Order said that throughout case number 8:15cv02787-VMC-AEP, Plaintiff appeared pro se and "repeatedly moved for sanctions and asserted that USF had destroyed certain employment documents." *Id.* at 12. Her motions were denied and her assertions rejected. *Id.*

Considering Plaintiff's contention in this case that she was not pro se for purposes of the Florida Vexatious Litigant Law, *see* ECF No. 22 at 2, this Court has reviewed the docket for her 2015 case against the Defendant. Although Plaintiff initiated the case pro se on December 4, 2015, a notice of appearance of counsel (Charlotte Fernee Kelly) was filed on behalf of Plaintiff Angela W. DeBose on December 23, 2015. ECF No. 13 of that case. An unopposed motion to withdraw as counsel was filed by Charlotte Kelly on July 29, 2016, ECF No. 52, and another notice of appearance of counsel was filed on August 4, 2016, by Kathryn Comly Hopkinson, ECF No. 54, and by James Moten Thompson, ECF No. 55, on August 31, 2016. On February 16, 2017, both counsel filed a motion to withdraw. ECF No. 93. Plaintiff objected, ECF No. 95, but also sought permission to continue pro se, ECF No. 95. Counsel were permitted to withdraw on March 21, 2017, ECF No. 122, and from that point forward, Plaintiff proceeded pro se in the case, including a jury trial in September of 2018, *see* ECF Nos. 424-475, and while filing post-judgment motions. *See* ECF No. 620 of that case. Plaintiff filed repeated motions for sanctions, premature interlocutory appeals, motion for relief from judgment or to alter judgment, motion to vacate, and repeated motions to stay. ECF Nos. 123-

124, 172, 229, 238, 245, 266, 276, 280, 294, 316, 340, 343, 390, and 392.

Those were all filed by Plaintiff while proceeding pro se.  Thus, Plaintiff's

argument that she was not pro se for purposes of the vexatious litigant law

is rejected.

Judge Merryday's Order further stated that Plaintiff had filed nine

lawsuits in both federal and state court concerning her employment with

the University of South Florida (USF).  Judge Merryday found that Plaintiff

had demonstrated "a history of filing duplicative and vexatious actions," had

"no objectively good faith basis to prevail in these duplicative actions," and

had "subjected USF, USF's lawyers" and others, including the court "to

needless expense."  *Id.*  The court concluded that Plaintiff should not be

permitted to "perpetually file redundant, frivolous, and successive actions

burdening her adversaries with legal expenses without cost or

consequence to herself."  *Id.*  Thus, in accordance with the court's inherent

authority, Plaintiff was enjoined from filing a pro se action in the Middle

District of Florida[2] concerning "any complaint, petition, or claim that is . . .

about her employment with USF" or her "litigation against USF, the

---

[2] That order also notes that Plaintiff was enjoined in Florida's Thirteenth Judicial
Circuit from filing documents unless the document was "signed by a member in good
standing of The Florida Bar."  ECF No. 5 at 16.

Case No. 4:22cv439-RH-MAF

members of the Board of Trustees, USF's lawyers and Ellucian, LP." *Id.* at 25. Plaintiff was only permitted to file if the document included "the signature of a lawyer admitted to The Florida Bar and the bar of the Middle District of Florida." *Id.* Her case was "dismissed with prejudice as barred by *res judicata*, by collateral estoppel, by judicial immunity, by litigation immunity, and by sovereign immunity." *Id.*

Finally, a consideration in ruling on this matter is the fact that Plaintiff is a lawyer. *See* ECF No. 5 at 5, 11, 12, 20, and 23. Plaintiff was admitted to practice law in Wisconsin, *id*. at 12, and acknowledged to this Court that she is "a 'nonpracticing' attorney." *Id.* at 5; *see also* ECF No. 22 at 2. Plaintiff is pro se, but she is not without legal education and training.

**The Complaint, ECF No. 1**

Plaintiff filed the instant complaint in this Court on December 8, 2022, raising seven counts against the University of South Florida Board of Trustees. ECF No. 1. The complaint was filed just 87 days after entry of Judge Merryday's order. Beyond dispute, the complaint raises three claims under Title VI for gender discrimination, racial discrimination, and unlawful retaliation claims under Title VII. ECF No. 1 at 10-14. It is also beyond dispute that Plaintiff filed this case pro se and without an attorney.

Case No. 4:22cv439-RH-MAF

**The motion to dismiss, ECF No. 11**

Defendant argues this case should be dismissed for improper venue.

ECF No. 11 at 5. Plaintiff "admits that venue" is proper in the Middle

District, but she is "attempting to renew her litigiousness[3] in this venue" as

a means to avoid the Middle District's injunction. ECF No. 11 at 6.

Defendant contends that Plaintiff is a "vexatious litigant" and should not be

permitted to circumvent the injunction. *Id.* at 5-6. Further, transfer should

not be considered because it would "be of no benefit to Plaintiff, to this

Court, or to another federal court to which Plaintiff's case might be

transferred." *Id.* at 7.

In addition to arguing dismissal is warranted because of the

injunction, Defendant contends that two of the counts are barred by

Eleventh Amendment immunity, ECF No. 11 at 8-11. Further, Defendant

asserts that the University's Board of Trustees cannot be sued because it

is not a "person" for purposes of Plaintiff's § 1983 claims. *Id.* at 11-12.

Additional arguments raised are lack of a policy or custom, the state law

tortious interference claim is insufficient, Plaintiff lacks standing to bring a

---

[3] Defendant provided a list of Plaintiff's lengthy litigation against the University of South Florida's Board of Trustees in both federal and state court. *Id.* at 2-3. Thirty-six cases (including appeals) are listed, not including this case. *Id.*

Case No. 4:22cv439-RH-MAF

federal hate crime, the discrimination and retaliation claims are insufficient, and Plaintiff's allegations are barred by res judicata.  *Id.* at 12-24.

**Plaintiff's Response**

Plaintiff's response acknowledges that she filed in this Court "having been barred in the Middle District of Florida . . . . "  ECF No. 22 at 2.  She argued that the motion to dismiss should not be converted into a summary judgment motion and this Court should not "look outside of the four-corners of the complaint . . . ."  *Id.* at 4.  She nevertheless recognizes that the Court "may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment."  *Id.*  Plaintiff then addresses each argument raised by Defendant.  *Id.* at 9-16.

Several assertions made by Plaintiff in her response should be addressed at the outset.  First, Plaintiff claimed she "has not been previously accused of vexation of filing frivolous papers because DeBose prevailed in her cases an on appeal."  ECF No. 22 at 2.  That is not true.  As noted above, Judge Merryday declared Plaintiff to be a vexatious litigant as she was filing "redundant, frivolous" and duplicative actions.  ECF No. 5 at 24.  Judge Merryday attached to his order an order from state Circuit Court Judge Melissa M. Polo of the Thirteenth Judicial Circuit in and for

Hillsborough County, Florida. ECF No. 81-1 of case # 8:21cv2127. Judge

Polo's order stated that Plaintiff had abused her right to self-representation

"by filing repetitious and frivolous pleadings" and would not "stop engaging

in frivolous and abusive litigation" absent an injunction. *Id.* at 5-6. She was

enjoined from filing further documents unless signed by a member in good

standing of The Florida Bar. *Id.* at 6. Plaintiff's assertion that she "has not

been previously accused of vexation of filing frivolous papers" is rejected.

In addition, Plaintiff has argued that she has "prevailed in her cases

and on appeal." ECF No. 22 at 2. Judicial notice is taken that Plaintiff filed

case number 8:21cv2127 against numerous defendants on September 7,

2021. The case was dismissed with prejudice on September 12, 2022.

ECF No. 81 of that case. Judgment was in favor of the Defendants and

against Plaintiff. ECF No. 82. Plaintiffs motions to set aside judgment, for

a new trial, for miscellaneous relief, for reconsideration, and to reopen the

case were all denied. ECF Nos. 89, 98, 101, 106, and 109. As of this

date, Plaintiff's appeal is still pending before the Eleventh Circuit but,

notably, that Court denied Plaintiff's motion to stay the injunction. ECF No.

103 of that case. The fact that Plaintiff has a pending appeal does not

mean that a final judgment has not been entered against her. "[A]

judgment's preclusive effect is generally immediate, notwithstanding any appeal." Coleman v. Tollefson, 575 U.S. 532, 539, 135 S. Ct. 1759, 1764, 191 L. Ed. 2d 803 (2015) (citing Clay v. United States, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Typically, a federal judgment becomes final for ... claim preclusion purposes when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment")). The injunction order remains valid and Plaintiff did not prevail in that case.

**Venue**

The federal statute which governs venue provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Case No. 4:22cv439-RH-MAF

28 U.S.C. § 1391(b).  In this case, the judicial district in which all Defendants reside is the Middle District of Florida.  Furthermore, the judicial district in which all events occurred is the Middle District of Florida. As Plaintiff acknowledged within the complaint, Defendant is a "state agency" located in Tampa, Florida.  ECF No. 1 at 2.  Plaintiff is a resident of Hillsborough County, Florida, and is employed in Polk County, Florida. *Id.* at 3.  She acknowledged that "the unlawful employment-related practices described" in the complaint "occurred in both Hillsborough and Polk County, Florida."  *Id.* at 3.  Plaintiff admits that venue is appropriate in the Middle District of Florida, but filed this case in this Court because the Middle District of Florida had barred her from filing her case in that Court. *Id.*  Venue is not proper in this Court.

Nevertheless, Plaintiff requests that this case continue here based on 28 U.S.C. § 1404.  That statute authorizes an action to be transferred as a matter of "convenience" of the parties and witnesses or in the interest of justice.  However, the statute permits a case to be transferred only "to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  That statute is not applicable because the case could not "have been brought" in

this district and Defendant has not consented to filing the case here.  Put simply, venue in this Court is wrong and another statute is more applicable to that issue.

Pursuant to 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue *in the wrong division or district* shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a) (emphasis added).  Because it is not contested that venue is wrong, the only issue is whether this case should be transferred or dismissed.  Defendant contends that dismissal is warranted because Plaintiff is attempting to circumvent the injunction.  ECF No. 11 at 5-6.

The Southern District of Florida previously had a case filed there in an effort to circumvent an order enjoining a "serial-filer of lawsuits" from continuing to file cases in the District of Massachusetts.  Azubuko v. Citizens Bank, No. 11-22229-CIV, 2011 WL 13318699, at *1 (S.D. Fla. June 27, 2011), report and recommendation adopted, No. 11-22229-CIV, 2011 WL 13318700 (S.D. Fla. July 13, 2011).  The Southern District chose to transfer the case rather than dismiss it, but that decision was based on the fact that Massachusetts injunction had also imposed monetary

sanctions on the Plaintiff.  Azubuko, 2011 WL 13318699, at *1.  Finding it "possible" that plaintiff may have paid his sanction and was then "authorized to file in Massachusetts," it was recommended that the case be transferred and leave the determination of the propriety of filing with the District of Massachusetts.  Azubuko, 2011 WL 13318699, at *2.  In other instances, a case filed in the wrong venue has been dismissed and not transferred when noting that the plaintiff "had been declared a vexatious litigant" and was "enjoined and prohibited" from filing in the court where venue was proper.  See Emrit v. Devos, No. 3:20-CV-115-J-39JRK, 2020 WL 13547417, at *3 (M.D. Fla. Feb. 25, 2020), report and recommendation adopted, No. 3:20-CV-115-J-39JRK, 2020 WL 13547422 (M.D. Fla. Mar. 19, 2020); Emrit v. Special Agent, 2022 WL 17824014, at *1 (N.D. Fla. Nov. 9, 2022), report and recommendation adopted, 2022 WL 17821575 (N.D. Fla. Dec. 20, 2022) (dismissed for improper venue and not transferred); Emrit v. Barkley, No. 2:23-CV-019- RDP, 2023 WL 2189483, at *2 (N.D. Ala. Feb. 23, 2023).

There is no need to transfer this case to the Middle District.  Plaintiff is enjoined from filing there pro se, and this case was brought pro se. Plaintiff only filed this case in the Northern District of Florida to avoid the

injunction, a fact she acknowledges. An effort to circumvent an injunction and continue harassing litigation must not be tolerated or permitted. The motion to dismiss should be granted. If Plaintiff seeks to litigate a valid claim against her former employer which is not time barred or otherwise barred by res judicata or the Eleventh Amendment, Plaintiff must obtain counsel to represent her and she must file her case in the Court in which venue is proper. Because it is recommended that this case be dismissed on venue grounds, it is not appropriate to reach the merits of the other defenses raised by Defendants.

It is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 11, be **GRANTED** and this case be **DISMISSED** pursuant to 28 U.S.C. § 1406(a) because venue is not proper in this Court and Plaintiff acted to intentionally circumvent an injunction order.

**IN CHAMBERS** at Tallahassee, Florida, on March 29, 2023.


S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:22cv439-RH-MAF

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.