# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

ANGELA DEBOSE,

     **Plaintiff,**

v.                      **CASE NO. 4:22-CV-00439-RH-MAF**

UNIVERSITY OF SOUTH
FLORIDA BOARD OF
TRUSTEES,

     **Defendant.**

                       /

## DEFENDANT UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES' RESPONSE TO PLAINTIFF'S TIME-SENSITIVE MOTION FOR RELIEF FROM JUDGMENT DUE TO CLERICAL ERROR AND NEW EVIDENCE FOR FINDINGS OF FACT

### A.   The Standard For Obtaining Extraordinary Relief Under Rule 60(b)

"A motion … under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met." *Scutieri v. Paige,* 808 F.2d 785, 793 (11th Cir. 1987). "[F]or the court to grant such a motion," DeBose "must meet the following five-part test: (1) the evidence must be newly discovered since [the final judgment]; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be such that … would probably produce a new result." *Toole v. Baxter Healthcare Corp.,* 235 F.3d 1307, 1316 (11th Cir. 2000).

A Rule 60(b) motion does not provide "a means for litigants to obtain the district court's reconsideration of the claims and defenses its judgment adjudicated." *Gonzalez v. Sec'y for Dep't of Corr.,* 366 F.3d 1253, 1295 (11th Cir. 2004), *aff'd on other grounds, Gonzalez v. Crosby,* 545 U.S. 524 (2005). The motion should not be used to set forth new theories of law or to reiterate arguments previously made or such arguments that could have been made earlier. *See Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005) (a motion for reconsideration cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment").

**B.    DeBose Fails To Meet The Rule 60(b) Standard For Extraordinary Relief**

The allegations raised in DeBose's motion regarding United States District Judge Steven Merryday were not discovered *after* this Court's April 17, 2023 Order of Dismissal. That could not have been the case, because DeBose filed her motion for disqualification of United States District Judge Merryday on February 7, 2023.

In addition, none of the information raised in DeBose's motion constitutes "newly discovered" evidence because it consists of matters of public record and the Eleventh Circuit has repeatedly stated that "[e]vidence that is contained in the public records at the time of trial cannot be considered newly discovered evidence." *Scutieri v. Paige, supra* at 794. *See also United States v. Barroso,* 719 Fed. App. 936, 940 (11th Cir. 2018).

2

Moreover, because the "evidence" that DeBose attempts to rely upon was a matter of public record, she cannot demonstrate the exercise of due diligence. Therefore, DeBose cannot meet the first or second prongs of the five-part test under Rule 60(b)(2).

Moreover, DeBose cannot meet the last prong because she cannot demonstrate that her "newly discovered" evidence would probably produce a new result in this case. DeBose's attempt to claim that United States District Judge Steven Merryday was biased and that there was "a conflict among" Judge Merryday, former Judge Holder and USFBOT because Judge Merryday appointed former Judge Holder as a mediator in two cases is, in a word, far-fetched. A review of the court docket in those two cases reflect that, in both cases, the *parties* proposed in their Uniform Case Management Reports[1] that former Judge Holder serve as the mediator.

Similarly, the fact that former Judge Holder once served as an adjunct professor at USF would not probably produce a new or different result. The Eleventh Circuit in *Wu v. Thomas*, 996 F.2d 271 (11th Cir. 1993), ruled that a judge's status as an adjunct professor and his past contributions to a university did not require his recusal. The Court concluded that no reasonable observer would assume that the judge had extra-judicial knowledge of the case or would otherwise question his

---

[1] *See Evans v. LVNV Funding, Inc.,* Case No. 8:21-CV-01142 [Doc. 10]; *Warmbier v. Omega Water Services, LLC,* Case No. 8:20-CV-01718 [Doc. 49].

3

impartiality. *See also In re: Complaint of Judicial Misconduct,* 816 F.3d 1266, 1267 (9th Cir. 2016) (no abuse of discretion for failure to recuse where judge graduated from defendant university, served on the board of its alumni association, served as an adjunct professor, and received two honorary awards from defendant university); *Lunde v. Helms*, 29 F.3d 367, 370-71 (8th Cir. 1994) (no abuse of discretion for failure to recuse when judge was an alumnus of the defendant university's law school, made financial contributions to an alumni organization, and had presented education programs at the university).

Similarly, DeBose does not even attempt to argue that the fact that former Judge Holder was charged by the Florida JQC in 1999 and he received a "slap on the wrist" more than twenty years ago would probably produce a new result in this case. Since DeBose cannot demonstrate that any of her "newly discovered" evidence would probably produce a new or different result, the fact that the Clerk returned DeBose's materials to her is a matter of no moment.[2]

The fact is, it is undisputed that DeBose filed this action in the wrong venue because she is enjoined from *pro se* filings in the Middle District, it is undisputed

---

[2] DeBose's request for relief under Rule 60(a) is simply inapposite. "A district court is not permitted … to clarify a judgment pursuant to Rule 60(a) to reflect a new and subsequent intent because it perceives its original judgment to be incorrect." *Weeks v. Jones,* 100 F.3d 124, 129 (11th Cir. 1996) (quotation omitted). Moreover, "[c]orrections or alterations that affect the substantial rights of the parties … are beyond the scope of [R]ule 60(a)." *Vaughter v. E. Air Lines, Inc.,* 817 F.2d 685, 689 (11th Cir. 1987) (quotation omitted); *see also Weeks v. Jones, supra* at 128-29.

ACTIVE 687689263v1

that she is enjoined from proceeding *pro se* in the Middle District, and it is undisputed that DeBose has repeatedly filed claims against USFBOT and that she prevailed in none of those actions.

Finally, DeBose's request that the Court make additional factual findings under Rule 52 should be rejected. This case was resolved on a motion to dismiss, not a bench trial. Therefore, because this case was resolved on the pleadings[3], there was no evidentiary hearing, no facts to be found, and Rule 52 does not apply.

## III.

## CONCLUSION

For the foregoing reasons, defendant University of South Florida Board of Trustees respectfully requests that the Court deny Plaintiff's Time-Sensitive Motion for Relief from Judgment Due to Clerical Error and New Evidence and for Findings of Fact.

Respectfully submitted,

/s/ Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
Cayla McCrea Page
Florida Bar No. 1003487
Email: pagec@gtlaw.com
GREENBERG TRAURIG, P.A.

---

[3] The Court may take judicial notice of prior judgments and court documents on a motion to dismiss. *Horne v. Potter,* 392 Fed. Appx. 800, 802 (11th Cir. 2010); *Universal Express, Inc. v. S.E.C.,* 177 Fed. Appx. 52, 53-54 (11th Cir. 2006).

5

101 E. Kennedy Boulevard
Suite 1900
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900
Attorneys for Defendant
University of South Florida Board of
Trustees

## **<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on May 26, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Angela DeBose, Pro Se
1107 W. Kirby Street
Tampa, FL 33604
awdebose@aol.com

<u>/s/ Richard C. McCrea, Jr.</u>
Attorney

ACTIVE 687689263v1