# UNITED STATES COURT OF APPEALS
## ELEVENTH CIRCUIT

ANGELA DEBOSE,

Petitioner,

v.

UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES,

Respondent.

APPEAL No.: _____

NDF Case:  4:22cv439-RH-MAF

# PETITION FOR A WRIT OF MANDAMUS

## RELIEF SOUGHT

Petitioner Angela DeBose ("DeBose") respectfully requests that the Court grant this petition for a writ of mandamus and direct the Northern District Court of Florida, Tallahassee Division to vacate its order denying DeBose's motion to transfer the case to another United States District Court (e.g., the Southern District of Florida or United States District Court for the District of Columbia) and thereafter entering an Order and Clerk's Judgment dismissing the Petitioner's Original Complaint. The University of South Florida Board of Trustees ("USFBOT") opposes.

1

## ISSUES PRESENTED

(1) Whether this Court should direct the district court to vacate the order/ruling on DeBose's motion(s) requesting transfer, pending final resolution of DeBose appeal, including disposition of any petitions for a writ of mandamus.

## FACTS NECESSARY TO UNDERSTAND PETITION

DeBose charged USFBOT with post-employment discrimination/retaliation with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Right To Sue Letter ("RTSL"). On December 8, 2022, DeBose filed timely with the Northern District of Florida, having a prefiling injunction order issued by the Middle District of Florida ("MDF"), upon the dismissal of her FTCA case (No. 8:21-cv-02127-SDM-AAS). The MDF district judge relied on a state court judge's injunction order in the Thirteenth Judicial Circuit Court, barring DeBose for alleged vexation. An irregular procedure was followed and DeBose was not accorded the required injunction hearing. A defendant must move for a hearing to establish that a plaintiff is a vexatious litigant who "is not reasonably likely to prevail on the merits of the action against the moving defendant." § 68.093(3)(a), Fla. Stat. (2005). After a hearing, if a court determines that a defendant is both a "vexatious litigant" and "not reasonably likely to prevail on the merits," the court "shall order the plaintiff to furnish security to the moving defendant in an amount and within such time as the court deems appropriate." § 68.093(3)(b), Fla. Stat. (2005). If the plaintiff fails to post the

2

required security, "the court shall immediately issue an order dismissing the action with prejudice as to the defendant for whose benefit the security was ordered." § 68.093(3)(c), Fla. Statutes. The defendants in the state court action and the state trial court itself failed to follow this procedure. Because the injunction was issued without notice, it expired automatically—as a hearing on the injunction was not held, See Florida Rule of Civil Procedure 1.610. Even though the injunction expired and DeBose appealed, the state court and the federal court gave the injunction order legal effect or the operation of law to completely bar DeBose from filing any paper in her jurisdiction, unless represented by a Florida attorney. [1] DeBose had not been previously found to be vexatious by any court. While DeBose was involved in litigation, there was only one qualifying case in the 5-year Brightline of Florida's vexatious litigant law.

The MDF district court followed an irregular procedure. The court failed to order discovery, issued no case management order, and held no hearings,. The MDF district court injunction order used the state court's action under § 68.093(d)(2), F.S., "Any person or entity previously found to be a vexatious litigant pursuant to this section," to issue the injunction. Like the trial court, the MDF district court's injunction order also expired automatically because no hearing was held. Though the

---

[1] The order by the state court has been applied in small claims matter maintained by DeBose and/or her counsels, despite statutory restriction. It has also been applied to a recent probate matter in which DeBose was named executor, personal representative, and a beneficiary of her deceased sister's will.

district court has inherent power under the federal All Writs Act , Florida law governed in the FTCA action.

The NDF dismissed the case below for lack of jurisdiction. USFBOT filed a Rule 12(b)(3) motion to dismiss for improper venue. USFBOT alleged that DeBose filed in the NDF Court simply as a means to avoid the MDF injunction order and urged the NDF to dismiss the Plaintiff's Complaint for allegedly circumventing the MDF injunction order. This was not an accurate or factual account of events. Prior to filing suit with the NDF, DeBose sought to stay the injunction order, pending appeal. DeBose also pursued an extension to the RTSL filing deadline with the EEOC. Importantly, DeBose sought to file the action with the MDF but the complaint was refused by the MDF court. As a result, DeBose sought an alternative available forum in the NDF.

Section 1391, which governs venue, provides: a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts. In *Atlantic Marine*, the Supreme Court held that Rule *12(b)(3)* authorizes *dismissal* only when venue is "wrong" or "improper" under

the requirements of *federal* venue laws, specifically 28 U.S.C. § 1391. *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 577 (2013). Therefore, "a case filed in a district that falls within § 1391 may not be dismissed under [28 U.S.C. § 1406(a)] or Rule *12(b)(3)*." *Id.* Furthermore, dismissal on forum non conveniens grounds is conditioned on the existence of an adequate and available alternative forum. To prevail on a motion to dismiss on forum non conveniens grounds, a defendant must show that there is an available alternative forum."[I]f no alternative forum is available to the plaintiff, the court should be 'extra cautious' before dismissing the suit." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 560 (9th Cir. 1990). Even where the alternative forum is available, a court cannot dismiss on forum non conveniens grounds if the alternative forum is inadequate. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).

The MDF was not an available forum when the action was brought. A *forum* non conveniens dismissal must be based on the finding that, when weighed against plaintiff's choice of *forum*, the relevant public and private interests strongly favor a specific, adequate and *available alternative forum. Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). *Forum* non conveniens is sensitive to plaintiff's motive for choosing h[er] *forum*, at least in the extreme case where h[er] selection is designed to "'vex,' 'harass,' or 'oppress' the defendant." *See Gilbert*, 330 U.S. at 508, 67 S.Ct. at 843. While the Defendant alleged such a motive, the NDF

held no hearing of any kind (jurisdiction or otherwise). The NDF did not require USFBOT to prove this defense and did not accord DeBose the opportunity to heard. Additionally, substantively DeBose presented evidence that USFBOT communicated to DeBose's employer in over 2,000 pages of emails that resulted in adverse changes to DeBose's employment. DeBose submitted contracts by and between USFBOT and DeBose's employer, Florida Polytechnic University ("FLPOLY") showing USFBOT's interference in DeBose's employment and their mutual agreement to coordinate and conspire against DeBose through unlawful discrimination/retaliation. The "interest of justice" required allowing this action to be filed in the Northern District under 28 U.S.C. § 1406. *See Internatio-Rotterdam, Inc.*, v. *Thomsen*, 218 F.2d 514, 517, (4th Cir. 1955). Further discovery into the withheld emails and the agreement between the two universities was also in the interest of justice but the NDF denied discovery and dismissed the case, appearing to have a high regard to protect the government agencies than Title VII's goal to root out invidious discrimination/retaliation.

The NDF dismissed the case for lack of jurisdiction but also attempted to reach the merits of the injunction order. DeBose filed substantial evidence to support her Title VII claims against USFBOT. The NDF overlooked the evidence, finding DeBose's claims frivolous and not worthy of transfer to a new forum or even an

indicative order under Rule 62 to determine if another district court would accept the transfer. Ultimately, the NDF denied transfer.

## REASONS FOR GRANTING THE WRIT

A writ of mandamus is properly granted to correct the "usurpation of judicial power." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953). The power of the MDF district court to transfer the case to the Southern District of Florida or another United States district court derives from 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought".

The determination whether the circumstances warrant transfer under § 1404(a) is "peculiarly one for the exercise of judgment by those in daily proximity to these delicate problems of trial litigation". *Time, Inc. v. Manning*, 5 Cir. 1966, 366 F.2d 690, 699 (quoting *Lykes Brothers Steamship Co. v. Sugarman*, 2 Cir. 1958, 272 F.2d 679, 680). Accordingly, the decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion. *Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982); *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2nd Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."). "Generally, the interests of justice [favor]

transferring a case to the appropriate judicial district rather than dismissing it." *Kapordelis v. Danzig*, 387 Fed. App'x 905 (11th Cir. 2010) (If a case is filed in the wrong district, the court must dismiss the case, or, in the interests of justice, transfer the case to any district in which it could have been brought).

The Petitioner filed an action in the MDF that was pending around the time the EEOC issued the RTSL. The EEOC complaint concerned USFBOT's unlawfully retaliatory interference with DeBose's 7-year employment at FLPOLY. The state court injunction locked DeBose out of Hillsborough County. The MDF injunction, which included both the Tampa and Orlando divisions, locked DeBose out of federal court in her more convenient forums in the Middle District courts. Thus, while venue may not lie in NDF judicial district, the Petitioner did not have an adequate federal forum in her jurisdiction that accorded her access to the courts in Hillsborough County or Tampa, Florida as a self-represented litigant. *See Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 435, 102 S.Ct. 2515, 2522-23, 73 L.Ed.2d 116 (1982); *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). *Younger* advises that, when state proceedings are pending, constitutional issues should be raised in that forum, "'unless it plainly appears that this course would not afford adequate protection.'" 401 U.S. at 45, 91 S.Ct. at 751 (quoting *Fenner v. Boykin*, 271 U.S. 240, 244, 46 S.Ct. 492, 493, 70 L.Ed.

927 (1926)).   The Respondent, USFBOT, sought dismissal under 12(b)(3), challenging venue in the NDF.

**A. It was error to dismiss rather than transfer the case.**

Federal Rule 12(b)(3) is the proper vehicle for challenging improper venue. If venue is improper, then the district "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Forum non conveniens says that an appropriate forum—even though competent under the law—may divest itself of jurisdiction if, for the convenience of the litigants, the witnesses, or the public, it appears that the action should proceed in another forum where the action might originally have been brought. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981). ("The basic principle is that . . . forum non conveniens [will be invoked] where the court is satisfied that there is some other available forum, having competent jurisdiction, which is the appropriate forum for the trial of the action, i.e. in which the case may be tried more suitably for the interests of all the parties and the ends of justice.").

**B. The NDF District Court abused its discretion in failing to consider the evidence and circumstances that weighed heavily in favor of a transfer.**

A district judge has "broad discretion" under 28 U.S.C. § 1404(a) to transfer a civil action, *Kenneth F. Hackett &Assocs., Inc. v. GE Capital Info. Tech. Sols., Inc.*, 744 F. Supp. 2d 1305 (S.D. Fla. 2010), and the decision to transfer will not be

overturned absent an abuse of discretion. *Richardson v. Alabama State Bd. of Educ.*, 935 F.2d 1240, 1248 (11th Cir. 1991). The current doctrine calls on courts to conduct a two-part inquiry to determine whether a case should be dismissed on the basis of forum non conveniens. *See Piper*, 454 U.S. 235; *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947) (noting that application of the doctrine "presupposes at least two forums in which the defendant is amenable to process"). The court should determine whether an available alternative forum (AAF) exists for the action. *Piper*, 454 U.S. at 254 n.22. Additionally, the court determines whether it can dismiss the lawsuit in favor of another forum. *See Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 189 (2d Cir. 2009); *Barak v. Zeff*, 289 F. App'x 907, 916 (6th Cir. 2008); *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 865 (11th Cir. 2007).

Specifically, the two-step analysis under section 1404(a) to determine the propriety of a transfer to another district court:

> First, courts determine whether the action "might have been brought" in the proposed transferee court. This requires that the case could have been brought in the transferee district at the time the action was filed. *Hoffman v. Blaski*, 363 U.S. 335, 341, 80 S. Ct. 1084, 4 L.Ed. 2d 1254 (1960). Second, courts assess whether convenience and the interest of justice require transfer to the requested forum. See *Jewelmasters, Inc. v. May Dep't Stores*, 840 F. Supp. 893, 894–95 (S.D. Fla.1993) (citing *Cont'l Grain Co. v. The Barge FBL–585*, 364 U.S. 19, 80 S. Ct. 1470, 4 L.Ed. 2d 1540 (1960)). Section 1404 factors include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of

process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005).

*S.E.C. v. BIH Corp.*, No. 2:10-cv-544-FtM-29DNF, 2011 WL 3862530, at *2 (M.D. Fla. Aug. 31, 2011). "An action 'might have been brought' in a proposed transferee court if: (1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court." Id. The party requesting the transfer bears the burden of establishing that the transfer is warranted. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

### 1. **The action could have been brought in the NDF, which was an AAF for DeBose's Title VII Action.**

The facts, circumstances, and clear record discloses that DeBose sought jurisdiction in the NDF as an AAF. The legal expectation of an AAF is that (1) all defendants may be subject to the jurisdiction of this Court; (2) this Court may provide a meaningful remedy under the circumstances; (3) the plaintiff can be treated fairly; (4) the plaintiff and all parties will have practical access to the court; (5) the forum can provide procedural due process; and (6) the court appears to be a stable forum. See, e.g., *Sinochem Int'l Co. v. Malay. Shipping Int'l Co.*, 549 U.S. 422, 429 (2007); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996).

It is undisputed that USFBOT may be subject to the jurisdiction of the NDF (and the SDF). Under the Constitution, personal jurisdiction over a defendant arises from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citation omitted). Depending on the type of minimum contacts in a case, personal jurisdiction can be either general or specific. *Third Nat'l Bank v. Wedge Group Incorporated,* 882 F.2d 1087, 1089 (6th Cir. 1989). The Respondent has substantial contacts in the State of Florida, where it maintains its operations. More specifically, USFBOT has contacts with the NDF. The evidence shows that USF has been sued and has litigated in that forum.[2] In 2022, suits other than DeBose's was filed against USF. Arguably, the same is true of the SDF.

The NDF could have provided a meaningful remedy to transfer the case, given the circumstances. The NDF transferred cases against the Respondent-Defendant in other instances.[3] Here, the NDF district court dismissed the Petitioner's Title VII case and denied her motions requesting a transfer without a hearing, when the circumstances and the evidence did not justify it. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district court where the action

---

[2] Case No 4:22-cv-00324-MW-MAF, NOVOA et al v. DIAZ JR et al., filed 9/6/2022.
[3] Case No. 4:2022cv00100, Bobby Shed v. USFBOT et al., filed 3/7/2022, transferred to MDF.

might have been brought for the convenience of parties and witnesses and in the interest of justice. DeBose had the hope and expectation that she would be treated fairly and all parties and that all parties including USFBOT would have practical access. The NDF could have accorded DeBose procedural due process, although it resorted to an irregular pattern of a lockout (e.g., no case management scheduling order, no discovery, and no hearings). In responding to the NDF's Order to Show Cause ("OSC"), DeBose provided satisfactory reasons for her selection of venue. That said, pursuant to the above two-step analysis, the evaluation of whether this case could have been brought in the NDF, the Court should find that the Petitioner could.

Within the Eleventh Circuit, "[t]o constitute constitutionally minimum contacts, the defendant's contacts with the applicable forum must satisfy three criteria." *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993) (emphasis added). As explained by the *Vermeulen* court:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . . , thus invoking the benefits and protections of its laws. Third, the defendant's contacts with the forum must be such that [the defendant] should reasonably anticipate being haled into court there.

985 F.2d at 1546 (internal quotations and citations omitted). As a practical matter, the Respondent- Defendant has already been haled into court in the NDF, so venue in the

NDF where other like cases are already pending, is proper. Finding that it could, the first step of the section 1404(a) analysis is met. The Court next proceeds to consideration of the other section 1404(a) factors—namely, convenience of parties and witnesses and the interest of justice—to decide whether it should exercise its discretion to effectuate a transfer.

## 2. Section 1404(a) Factors Favor Transfer

District courts have broad discretion in determining whether to transfer a case to another district. *Brown v. Conn. Gen. Life Ins. Co.*, 934 F.2d 1193, 1196-97 (11th Cir. 1991); *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988). The burden is on defendants to establish that their suggested forum is more convenient than the forum chosen by the plaintiff. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). "[P]laintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (citation omitted). USFBOT did not establish or request a suggested forum. Instead, USFBOT filed a Rule 12(b)(6) motion seeking dismissal. The district court retains discretion whether to transfer or dismiss. *Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982).

The Petitioner contends the 1404(a) factors favored transfer rather than dismissal. In support of Transfer, it was impracticable for DeBose to follow the first-

filed rule which provides that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). In responding to the NDF's OSC, DeBose provided compelling reasons or circumstances to warrant an exception to the first-filed rule. USFBOT, as the party objecting to jurisdiction in the NDF, did not prove 'compelling circumstances' but merely sought dismissal rather than a transfer, amendment, or consolidation in the MDF. *Id.* (citation omitted). This principle overrides the usual rule that the party proposing transfer bears the burden of showing that transfer should be ordered. *Crimson Yachts, et al. v. M/Y Betty Lyn II, et al.*, Civil Action No. 08-334-WS-C, 2011 WL 176052, at *2 (S.D. Ala. Jan. 19, 2011) (footnotes omitted). USFBOT had the burden of proving compelling reasons but merely argued affirmative defenses of res judicata or claim preclusion. USFBOT was required to prove its defenses but merely pointed to DeBose's prior Title VII case (8:15-cv-02787-VMC-AEP, *Angela DeBose v. University of South Florida Board of Trustees and Ellucian, L.P.*). The fact is that the NDF overlooked the fact that the MDF injunction order prevented DeBose from filing in that court; the MDF clerk's office refused DeBose's Complaint because of the order; the MDF district court refused to allow DeBose to file a Third Amended Complaint that included her Title VII claims; the MDF district court did not consider

consolidation with DeBose's pending action(s); and the MDF disregarded DeBose's substantial evidence which showed the issues and the parties were not the same.

Transfer is in the interest of justice. The Respondent's argument of claim preclusion indicates no matter what retaliatory employment actions they take in the future against the Petitioner, she can only sue USFBOT once. This kind of thinking would require the Petitioner to project now, at the present time, what her former employer might to do to her in the future to impact her employment or livelihood. The Court should not agree with the Defendant's nor the NDF/MDF's alleged exhaustion. This a "red herring" when USFBOT continues to discriminate and retaliate against Black people, (Exhibit, There is a Black exodus at USF). Section 1404(a) "interest of justice" factors such as judicial economy and the need for consistent judgments. *See McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3rd Cir. 1970) ("it is not proper to postpone consideration of the application for transfer under § 1404(a) until discovery on the merits is completed."). While important, judicial economy considerations could not undermine the clear case for transfer in light of the imbalance on the other factors. *See Planned Parenthood*, 52 F.4th at 632 n.5 (declining to give significant weight to possibility of co-pending cases when those cases "involve[d] different parties[] [and] different claims," "although some factual issues may be similar"). DeBose's alleged vexation might be compelling; however,

16

DeBose presented compelling evidence against a finding of vexation. The injunction order has been appealed.

The Court should transfer the case to another district court—even one outside of Florida—in the interest of justice. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977-78 (7th Cir. 2010). In *Research Automation, Inc.*, the court explained, [w]e "do not simply engage in a perfunctory rubber-stamping of the district court's decision," but we "give that decision substantial deference." *American. Hospital Supply Corp. v. Hospital Products Ltd.*, 780 F.2d 589, 594 (7th Cir. 1986) (citation and internal quotation marks omitted).

## CONCLUSION

Petitioner respectfully asks that a writ of mandamus issue. For the foregoing reasons, Petitioner respectfully asks the Court to direct the Northern District Court to vacate the Order(s) and Clerk's Judgment entered on [DATE] and transfer the case to another United States District Court, jointly stipulated to by the parties.

**Respectfully submitted 07/07/2023**        */s/ Angela DeBose*
                                              Angela DeBose

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE**

This document complies with [the type-volume limit of Fed. R. App. P. 32(g)(1), because, including the parts of the document exempted by Fed. R. App. P. 32(f), this document contains **4,294** words.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July **7th**, 2023, the above and foregoing was served by US postal mail for filing with the Clerk of the Court in the Eleventh Circuit. which will send a notice of electronic filing to all counsels of record.

/s/ Angela DeBose
Angela DeBose
1107 W. Kirby St.
Tampa, FL 33604
Ph. 813.932.6959
awdebose@aol.com

# EXHIBIT

Case 4:22-cv-00439-RH-MAF    Document 36    Filed 07/10/23    Page 20 of 39

USCA11 Case: 23-12235    Document: 1-2    Date Filed: 07/10/2023    Page: 20 of 39

6/29/23, 5:54 PM    There is a Black exodus at USF': Faculty group says USF administration has been silent in the face of racism | Tampa Bay News |...

TAMPA BAY NEWS

# 'There is a Black exodus at USF': Faculty group says USF administration has been silent in the face of racism

"It's not like they don't know what's happening."

By Arielle Stevenson on Wed, Jun 28, 2023 at 4:04 pm

SEND A NEWS TIP





PHOTO VIA USF/FACEBOOK

University of South Florida in Tampa, Florida.

Last month, Gov. Ron DeSantis signed SB 266 into law, banning funds for any Diversity, Equity, Inclusion (DEI) programs at state universities and colleges. A statement from the Black Faculty and Staff Association (BFSA) to the University of South Florida alleges racism and silence towards faculty in the wake of SB 266. The statement— available in full at the bottom of this post—was written with Black affinity groups, the Committee on Black Affairs (COBA), and the Black Employee Steering Committees (BESTIES).

"Simply put, silence in the face of discrimination and racism is the same as agreement, and the silence of University of South Florida administration before and since the passing of HB/999 and SB266 is deafening," reads the statement. "Administrators tout their dedication to diversity, equity, and inclusion, while not openly condemning SB/266."

A spokesperson for BFSA spoke to Creative Loafing Tampa Bay on condition of anonymity, out of fear of retaliation from USF.

htt"All the organizations have met with the administration repeatedly," the spokesperson told CL. "It's not like they don't

know what's happening. They may say they're unaware or try to give you some statistics but what we know is there is a Black exodus at USF."

In its own statement, USF told CL it remains committed to providing access and opportunities for individuals of all backgrounds.

USF strives to provide a welcoming environment on our campuses where everyone can experience a sense of belonging and has the resources they need to be successful," Althea Johnson, USF's Director Of Media Relations told CL via email. "Throughout the past several months, USF leaders met with numerous university and community groups to share updates on proposed legislation and to listen. Their perspectives are important to understand as we regularly engage in conversations with the Board of Governors (BOG) and our elected officials about higher education in our state."

Regarding SB 266, Johnson told CL that after the law takes effect on July 1, the Florida Board of Governors (BOG) is required to develop several regulations that will guide how state universities implement different aspects of the law.

"Once the BOG regulations are created, we will be able to determine how the new law impacts USF," Johnson told CL via email. "We recognize this process causes some uncertainty, and we will continue to keep our community updated as soon as more information is available."

BFSA said many who've left cited mental illness from work stress as their cause for leaving. The group said it no longer holds its regular meetings on the USF-run Microsoft Teams for fear of being monitored. Some BFSA faculty said they no longer include their title on their email signature, for fear of being targeted. The last six months has shown that fear isn't unfounded.

In March, USF arrested and charged five students, also known as the "Tampa 5," with felonies after they protested for diversity, equity and inclusion outside president Rhea Law's office. In a video obtained by Creative Loafing through public records request, USF President Rhea Law spoke to staff about the recent arrests.

Case 4:22-cv-00439-RH-MAF    Document 36    Filed 07/10/23    Page 22 of 39

6/29/23, 5:54 PM        'There is a Black exodus at USF': Faculty group says USF administration has been silent in the face of racism | Tampa Bay News | ...

USCA11 Case: 23-12235    Document: 1-2    Date Filed: 07/10/2023    Page: 22 of 39



**TOP STORIES**

"It's not the content and what they were concerned about, they were concerned about this legislation [SB 266], we're concerned about it too," Law said in the video. "But we were working on it, hopefully in a productive way to get a result we can all live with. They, on the other hand, were being disruptive."

The meeting was ahead of the students' code of conduct hearings and Law told faculty she heard that staff thought the protest was an "active shooter situation."

### Related



**Veteran Tampa journalist says USF censored his antisemitism comments over fear of DeSantis**

Mike Deeson made the comments on an episode of the school's 'Activism Lab' podcast.

Not long after, one of the Tampa 5 was fired from their job at USF. In April, Tiktok and WeChat were banned at USF after the Florida Board of Governors approved an emergency regulation earlier this year. In another instance, veteran investigative journalist Mike Deeson told CL that his comments were censored on a recent university podcast. Asked on the podcast to talk about the rise of antisemitism, Deeson, who is also Jewish, tracked the increase in antisemitism to former President Donald Trump. Deeson described it as "self-censorship."

htl
A spokesperson for the Committee on Black Affairs (COBA) also spoke to CL anonymously and said they no longer

encourage Black students to come to USF.

"My own conscience won't allow me to assist in recruiting new Black students at USF, based solely on the climate that exists here," the spokesperson told CL. "Don't come to USF. Don't come to any Florida state university."

At this point BFSA and the Black affinity groups say they just want to let others at their organizations know they aren't alone.

"Most of us would feel better if the leadership at state universities would at least make public statements saying this new legislation is bad for the university," the spokesperson said. "They'll say it behind closed doors, but they won't say it in earshot of the Governor or any other politician."

 PDF — Statement_from_USF_Black_Affinity_Groups.pdf

**Subscribe to Creative Loafing newsletters.**

"If we accept and acquiesce in the face of discrimination, we accept the responsibility ourselves and allow those responsible to salve their conscience by believing that they have our acceptance and concurrence. We should, therefore, protest openly everything… that smacks of discrimination or slander." —Mary McLeod Bethune

Simply put, silence in the face of discrimination and racism is the same as agreement, and the silence of University of South Florida administration before and since the passing of HB/999 and SB266 is deafening. What is happening with Black faculty and staff at USF on all campuses goes beyond DEI and what is and isn't taught in classes. Administrators tout their dedication to diversity, equity, and inclusion, while not openly condemning SB/266. They are allegedly working behind the scenes while remaining silent in the face of discriminatory legislation.

However, while some may be ambiguous about their support of Black people, not only at USF but also within all of the communities that house USF campuses, The Black Faculty and Staff Association (BFSA), The Black Employee Steering Committee (BESTIES),  and the Committee on Black Affairs (COBA) want to make it  abundantly clear that we condemn any and all discriminatory legislation as displayed in SB/266.

We stand on the shoulders of our ancestors who withstood unspeakable atrocities and wore chains so that we wouldn't have to. We stand on the shoulders of civil rights leaders who protested and fought for so many of the "freedoms" we have today. We stand with, beside, and behind any and all Black faculty, staff, and students.

We're being shown that too many are determined to strip away those freedoms by any and all means. Therefore, our message to any and everyone impacted by this legislation is simple:

We see you.

We hear you.

We feel you.

We support you.

We speak openly and boldly against any practices/laws/policies that directly affect our faculty, staff, and students because in the words of Assata Shakur, "It is our duty to fight for our freedom. It is our duty to win. We must love each other and support each other. We have nothing to lose but our chains."

 

encourage Black students to come to USF.

"My own conscience won't allow me to assist in recruiting new Black students at USF, based solely on the climate that exists here," the spokesperson told CL. "Don't come to USF. Don't come to any Florida state university."

At this point BFSA and the Black affinity groups say they just want to let others at their organizations know they aren't alone.

"Most of us would feel better if the leadership at state universities would at least make public statements saying this new legislation is bad for the university," the spokesperson said. "They'll say it behind closed doors, but they won't say it in earshot of the Governor or any other politician."

☐ **PDF — Statement_from_USF_Black_Affinity_Groups.pdf**

**Subscribe to Creative Loafing newsletters.**

Case 4:22-cv-00439-RH-MAF   Document 23   Filed 03/02/23   Page 1 of 2

Page 1 of 2

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

ANGELA DEBOSE,

      Plaintiff,

v.                                                    CASE NO.  4:22cv439-RH-MAF

UNIVERSITY OF SOUTH FLORIDA
BOARD OF TRUSTEES,

      Defendant.

_____/

## ORDER OVERRULING THE OBJECTIONS
## TO THE ORDER OF FEBRUARY 6, 2023

The plaintiff has filed objections, ECF No. 19, to the magistrate judge's nondispositive order of February 6, 2023, ECF No. 18. I have reviewed the order and objections under Federal Rule of Civil Procedure 72(a). The order is neither clearly erroneous nor contrary to law.

No purpose would be served by responding to each of the plaintiff's various assertions. But one point should be mentioned. The plaintiff asserts a defendant cannot properly move to dismiss before entry of a scheduling order and that the defendant's motion to dismiss thus should be struck. The assertion is frivolous.

Case No.  4 22cv439-RH-MAF

Case 4:22-cv-00439-RH-MAF   Document 28   Filed 03/02/23   Page 2 of 2

Page 2 of 2

IT IS ORDERED:

The objections, ECF No. 19, are overruled. The February 6 order is

approved.

SO ORDERED on March 2, 2023.

s/Robert L. Hinkle
United States District Judge

Case No   4.22cv439-RH-MAF

Case 4:22-cv-00439-RH-MAF    Document 36    Filed 07/10/23    Page 28 of 39

USCA11 Case: 23-12235    Document: 12    Date Filed: 07/10/2023    Page: 28 of 39
Case 4:22-cv-00439-RH-MAF    Document 26    Filed 04/16/23    Page 1 of 1

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

ANGELA DEBOSE,

     Plaintiff,

v.                                                                CASE NO.  4:22cv439-RH-MAF

THE UNIVERSITY OF SOUTH
FLORIDA BOARD OF TRUSTEES,

     Defendant.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation, ECF No. 24, and the objections, ECF No. 25. I have reviewed de novo the issues raised by the objections. Upon consideration,

IT IS ORDERED:

1. The report and recommendation is accepted and adopted as the court's opinion.

2. The defendant's motion to dismiss, ECF No. 11, is granted.

3. The clerk must enter judgment stating, "This case is dismissed."

4. The clerk must close the file.

SO ORDERED on April 16, 2023.

                         s/Robert L. Hinkle
                         United States District Judge

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ANGELA DEBOSE,

     Plaintiff,

v.                           CASE NO.  4:22cv439-RH-MAF

THE UNIVERSITY OF SOUTH
FLORIDA BOARD OF TRUSTEES,

     Defendant.

_____/

## ORDER DENYING THE MOTION TO
## ALTER OR AMEND THE JUDGMENT

The plaintiff has moved to alter or amend the April 17, 2023 judgment and the April 16, 2023 order that directed entry of the judgment. The plaintiff has not shown a basis to alter or amend; the judgment and order were correct. Only two matters warrant discussion.

First, the plaintiff asserts "it is more probable than not" that the defendant provided information to the court. This may be an assertion that information was provided ex parte, not on the record. The assertion is false. No information has been provided other than on the record.

Case No. 4:22cv439-RH-MAF

Case 4:22-cv-00439-RH-MAF   Document 29   Filed 04/27/23   Page 2 of 2

Page 2 of 2

Second, the plaintiff asserts I did not review de novo the magistrate judge's

report and recommendation, even though the April 16 order explicitly said I did.

The plaintiff's assertion is again false.

IT IS ORDERED:

The plaintiff's motion, ECF No. 28, to alter or amend the judgment and the

order directing its entry is denied.

SO ORDERED on April 27, 2023.

s/Robert L. Hinkle
United States District Judge

Case No. 4:22cv439-RH-MAF

Case 4:22-cv-00439-RH-MAF    Document 36    Filed 07/10/23    Page 31 of 39
USCA11 Case: 23-12235    Document: 12    Date Filed: 05/26/23    Page: 31 of 39

Page 1 of 2

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANGELA DEBOSE,

      Plaintiff,

v.                        CASE NO.  4:22cv439-RH-MAF

THE UNIVERSITY OF SOUTH
FLORIDA BOARD OF TRUSTEES,

      Defendant.

_____/

## ORDER DENYING THE 60(b) MOTION

This case ended with the entry of judgment on April 17, 2023. The plaintiff moved to alter or amend the judgment, but the motion was plainly unfounded, and it was promptly denied. The plaintiff now has moved for relief from the judgment under Federal Rule of Civil Procedure 60. She asserts the judgment was based on a clerical error, mistake, or inadvertence, and that there is new evidence. But the judgment was correct; it was not based on a clerical error, mistake, or inadvertence; and the plaintiff has not pointed to evidence that is new or would have made any difference.

The plaintiff's filing of this lawsuit in this district bordered on sanctionable misconduct. Her continued effort to litigate the issue here has brought her closer

Case No. 4:22cv439-RH-MAF

and closer to sanctionable misconduct. The plaintiff should take note: the court's

tolerance of frivolous filings is nearing an end.

IT IS ORDERED:

The plaintiff's motion, ECF No. 30, for Rule 60 relief from the judgment is

denied.

SO ORDERED on May 26, 2023.

s/Robert L. Hinkle
United States District Judge

Case 4:22-cv-00439-RH-MAF    Document 34    Filed 06/09/23    Page 1 of 1

Page 1 of 1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ANGELA DEBOSE,

      Plaintiff,

v.                                                    CASE NO.  4:22cv439-RH-MAF

THE UNIVERSITY OF SOUTH
FLORIDA BOARD OF TRUSTEES,

      Defendant.

_____/

## ORDER DENYING THE MOTION
## TO CERTIFY THE MAY 26 ORDER

The plaintiff has moved to certify as "final and appealable" the May 26, 2023 order denying her Federal Rule of Civil Procedure 60 motion for relief from the judgment. The motion is yet another instance of the plaintiff needlessly multiplying the proceedings. Judgment dismissing the action was entered long ago. The order denying the Rule 60 motion disposed of that motion. An appeal will be frivolous, but the order is appealable. There is no need to certify the order.

IT IS ORDERED:

The motion to certify, ECF No. 33, is denied as moot.

SO ORDERED on June 9, 2023.

                        s/Robert L. Hinkle
                        United States District Judge

Case No. 4:22cv439-RH-MAF

Query    Reports    Utilities    Help    Log Out

CLOSED,ProSeNonPrisonerCase,R&R

## U.S. District Court
### Northern District of Florida (Tallahassee)
### CIVIL DOCKET FOR CASE #: 4:22-cv-00439-RH-MAF

DEBOSE v. UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES
Assigned to: JUDGE ROBERT L HINKLE
Referred to: MAGISTRATE JUDGE MARTIN A FITZPATRICK
Cause: 42:1983 Civil Rights Act

Date Filed: 12/08/2022
Date Terminated: 04/17/2023
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**ANGELA DEBOSE**            represented by  **ANGELA DEBOSE**
1107 W KIRBY ST
TAMPA, FL 33604
PRO SE

V.

**Defendant**

**UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES**     represented by  **CAYLA MCCREA PAGE**
GREENBERG TRAURIG PA - TAMPA FL
101 E KENNEDY BLVD
STE 1900
TAMPA, FL 33602
813-318-5737
Fax: 813-318-5900
Email: pagec@gtlaw.com
*ATTORNEY TO BE NOTICED*

**RICHARD COURTNEY MCCREA , JR**
GREENBERG TRAURIG PA - TAMPA FL
101 E KENNEDY BLVD
STE 1900
TAMPA, FL 33602
813-318-5700
Fax: 813-318-5900
Email: mccrear@gtlaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/08/2022 | 1 | COMPLAINT against THE UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, filed by ANGELA DEBOSE. (tpm) (No service copies received. Filing fee NOT paid / No pending IFP.) (Entered: 12/08/2022) |
| 12/08/2022 | 2 | CIVIL COVER SHEET. (tpm) (Entered: 12/08/2022) |

| | | |
|---|---|---|
| 12/08/2022 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 1 Complaint, 2 Civil Cover Sheet. (tpm) (Entered: 12/08/2022) |
| 12/08/2022 | 3 | Notice to Pro Se (tpm) (Entered: 12/08/2022) |
| 12/14/2022 | 4 | ORDER. The Clerk of Court shall forward to Plaintiff an application packet for requesting in forma pauperis status by a non-prisoner. Plaintiff shall have until 1/17/2023 to either file a completed in forma pauperis motion supported by her financial affidavit, or to pay the $402.00 filing fee. Plaintiff has until 1/17/2023 to submit a copy of the order from the United States District Court for the Middle District of Florida which barred Plaintiff from filing this action in that court and she must file a response to this Order which explains her contention that she is barred from proceeding before that court. The Clerk of Court shall return this file upon receipt of Plaintiff's compliance with this Order or no later than 1/17/2023. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 12/14/2022. (kjw) (Entered: 12/14/2022) |
| 01/05/2023 | 5 | RESPONSE by ANGELA DEBOSE re 4 Order. (pll) (Entered: 01/06/2023) |
| 01/06/2023 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 5 Response/Reply. (pll) (Entered: 01/06/2023) |
| 01/09/2023 | 6 | Filing fee: $ 402.00, receipt number FLN400045772. Fee status updated to *paid*. (sjb) (Entered: 01/10/2023) |
| 01/10/2023 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 6 Filing Fee Received. (sjb) (Entered: 01/10/2023) |
| 01/10/2023 | 7 | ORDER - The Clerk of Court shall forthwith issue a summons for the named Defendant, and deliver the summons along with this Order to Plaintiff, who shall be responsible for prompt service of the summons and complaint upon the Defendant. Pursuant to 28 U.S.C. § 636(c)(2),2 the Clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with this case number written on it. The Clerk of Court shall return this file the filing of an executed or unexecuted summons, or no later than 4/10/2023. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 01/10/23. (sjb) (Clerk will send forms as directed) Modified on 1/13/2023 (sjb). (Main Document 7 replaced on 1/13/2023) (sjb). (Entered: 01/10/2023) |
| 01/10/2023 | 8 | Summons Issued as to UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES. (sjb) (Entered: 01/11/2023) |
| 01/10/2023 | | Set/Reset Deadlines: Notify Chambers on 4/10/2023. (sjb) (Entered: 01/20/2023) |
| 01/30/2023 | 9 | NOTICE of Appearance by RICHARD COURTNEY MCCREA, JR on behalf of UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES (MCCREA, RICHARD) (Entered: 01/30/2023) |
| 01/30/2023 | 10 | NOTICE of Appearance by CAYLA MCCREA PAGE on behalf of UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES (PAGE, CAYLA) (Entered: 01/30/2023) |
| 01/31/2023 | 11 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and to Strike* by UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES. (MCCREA, RICHARD) (Entered: 01/31/2023) |
| 02/01/2023 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 11 MOTION TO DISMISS |

Case 4:22-cv-00439-RH-MAF    Document 36    Filed 07/10/23    Page 36 of 39

7/7/23, 6:09 PM    USCA11 Case: 23-12235    Document: 1-2    CM/ECF - U.S. District Court:flnd    Date Filed: 07/10/2023    Page: 36 of 39

| | | |
|---|---|---|
| | | FOR FAILURE TO STATE A CLAIM *and to Strike*. Referred to MARTIN A FITZPATRICK. (sjb) (Entered: 02/01/2023) |
| 02/02/2023 | 12 | NOTICE *OF CORRECTION REGARDING MOTION TO DISMISS AND TO STRIKE* by UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES (PAGE, CAYLA) (Entered: 02/02/2023) |
| 02/02/2023 | 13 | ORDER - Ruling is DEFERRED on Defendant's motion to dismiss and to strike, ECF No. 11 . Plaintiff shall have until March 2, 2023, to file a response in opposition to the pending motion, ECF No. 11 . The Clerk of Court shall return this file upon Plaintiff's filing of a response to the motion to dismiss and to strike, ECF No. 11 , or no later than March 2, 2023. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 2/2/23. (sjb) (Entered: 02/02/2023) |
| 02/02/2023 | | Set Deadlines/Hearings Notify Chambers on **3/2/2023**. (Internal deadline for referral to judge if response not filed earlier: **3/2/2023**). (sjb) (Entered: 02/02/2023) |
| 02/02/2023 | 14 | NOTICE OF 768.28 LETTER SERVED by ANGELA DEBOSE (sjb) (Entered: 02/03/2023) |
| 02/02/2023 | 15 | NOTICE OF SUMMONS RETURNED EXECUTED by ANGELA DEBOSE (sjb) (Entered: 02/03/2023) |
| 02/02/2023 | 16 | MOTION TO FILE ELECTRONICALLY by ANGELA DEBOSE. (sjb) (Entered: 02/03/2023) |
| 02/02/2023 | 17 | MOTION FOR A CONTEMPT ORDER OR ALTERNATIVELY A PRESERVATION ORDER TO PRESERVE PLAINTIFF'S EVIDENCE FOR TRIAL OR OTHER RELIEF by ANGELA DEBOSE. (sjb) (Entered: 02/03/2023) |
| 02/03/2023 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 16 MOTION TO FILE ELECTRONICALLY, 17 MOTION FOR A CONTEMPT ORDER OR ALTERNATIVELY A PRESERVATION ORDER TO PRESERVE PLAINTIFF'S EVIDENCE FOR TRIAL OR OTHER RELIEF, 15 Notice (Other), 14 Notice (Other). Referred to MARTIN A FITZPATRICK. (sjb) (Entered: 02/03/2023) |
| 02/06/2023 | 18 | ORDER - Plaintiff's motion to file electronically, ECF No. 16 , is DENIED. Plaintiff's motion for a contempt order or, alternatively, a preservation of evidence order, ECF No. 17 , is DENIED. Plaintiff has until March 2, 2023, to file a response in opposition to the pending motion to dismiss and to strike, ECF No. 11 . The Clerk of Court shall return this file upon Plaintiff's filing of a response to the motion to dismiss and to strike, ECF No. 11 , or no later than March 2, 2023. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 2/6/23. (sjb) (Entered: 02/06/2023) |
| 02/06/2023 | | Set Deadlines/Hearings Notify Chambers on **3/2/2023**. (Internal deadline for referral to judge if response not filed earlier: **3/2/2023**). (sjb) (Entered: 02/06/2023) |
| 02/15/2023 | 19 | OBJECTION AND TIME-SENSITIVE MOTION FOR MISCELLANEOUS RELIEF by ANGELA DEBOSE. (sjb) (Entered: 02/16/2023) |
| 02/16/2023 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: OBJECTION AND MOTION FOR MISCELLANEOUS RELIEF (sjb) (Entered: 02/16/2023) |
| 02/21/2023 | | MOTIONS REFERRED to Magistrate Judge re 19 Motion for Miscellaneous Relief. Referred to MARTIN A FITZPATRICK. (sjb) (Entered: 02/21/2023) |

| | | |
|---|---|---|
| 02/22/2023 | 20 | RESPONSE in Opposition re 19 MOTION re 18 Order on Motion for Miscellaneous Relief,,,,, filed by UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES. (PAGE, CAYLA) (Entered: 02/22/2023) |
| 02/23/2023 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 20 Response in Opposition to Motion. (sjb) (Entered: 02/23/2023) |
| 02/24/2023 | 21 | ORDER - Plaintiff's motion for reconsideration, submitted within her objections, ECF No. 19, is DENIED. Plaintiff's motion for order to show cause, submitted within her objections, ECF No. 19, is DENIED. The Clerk of Court shall refer Plaintiff's objections, ECF No. 19, and the Defendant's response, ECF No. 20, to the presiding District Judge. Plaintiff has until March 2, 2023, to file a response in opposition to the pending motion to dismiss and to strike, ECF No. 11. The Clerk of Court shall return this file upon Plaintiff's filing of a response to the motion to dismiss and to strike, ECF No. 11, or no later than March 2, 2023. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 2/24/23. (sjb) (Entered: 02/24/2023) |
| 02/24/2023 | | Set Deadlines/Hearings Notify Chambers on **3/2/2023**. (Internal deadline for referral to judge if response not filed earlier: **3/2/2023**). (sjb) (Entered: 02/24/2023) |
| 02/24/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE ROBERT L HINKLE notified that action is needed Re: 19 MOTION re 18 Order on Motion for Miscellaneous Relief,,,,,, 20 Response in Opposition to Motion, 21 Order on Motion for Miscellaneous Relief,,, (sjb) (Entered: 02/24/2023) |
| 03/01/2023 | 22 | RESPONSE in Opposition re 11 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *and to Strike* filed by ANGELA DEBOSE. (sjb) (Entered: 03/02/2023) |
| 03/02/2023 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 22 Response in Opposition to Motion. (sjb) (Entered: 03/02/2023) |
| 03/02/2023 | 23 | ORDER OVERRULING THE OBJECTIONS TO THE ORDER OF FEBRUARY 6, 2023 - The objections, ECF No. 19, are overruled. The February 6 order is approved. Signed by JUDGE ROBERT L HINKLE on 3/2/23. (sjb) (Entered: 03/03/2023) |
| 03/21/2023 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MARTIN A FITZPATRICK notified that action is needed Re: 23 Order, 18 Order ( No response filed) (sjb) (Entered: 03/21/2023) |
| 03/29/2023 | 24 | REPORT AND RECOMMENDATION - It is respectfully RECOMMENDED that Defendant's motion to dismiss, ECF No. 11, be GRANTED and this case be DISMISSED pursuant to 28 U.S.C. § 1406(a) because venue is not proper in this Court and Plaintiff acted to intentionally circumvent an injunction order. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 3/29/23. Internal deadline for referral to district judge if objections are not filed earlier: **4/26/2023**. (sjb) (Entered: 03/29/2023) |
| 04/13/2023 | 25 | OBJECTION to 24 Report and Recommendations by ANGELA DEBOSE. (sjb) (Entered: 04/14/2023) |
| 04/14/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE ROBERT L HINKLE notified that action is needed Re: 25 Objection to Report and Recommendations (sjb) (Entered: 04/14/2023) |
| 04/16/2023 | 26 | ORDER OF DISMISSAL (re 24 R&R ad 25 Objections) - The report and recommendation is accepted and adopted as the court's opinion. The defendant's motion to dismiss, ECF No. 11, is granted. The clerk must enter judgment stating, "This case is dismissed." The clerk |

7/7/23, 6:09 PM
CM/ECF - U.S. District Court:flnd

Case 4:22-cv-00439-RH-MAF    Document 36    Filed 07/10/23    Page 38 of 39
USCA11 Case: 23-12235    Document: 1-2    Date Filed: 07/10/2023    Page: 38 of 39

(Entered: 04/17/2023)

| 04/17/2023 | 27 | CLERK'S JUDGMENT entered pursuant to 26 Order. 90 Day Exhibit Return Deadline set for **7/17/2023** (ckm) (Entered: 04/17/2023) |
|---|---|---|
| 04/24/2023 | 28 | MOTION TO ALTER/AMEND THE ORDER AND CLERK'S JUDGMENT by ANGELA DEBOSE. (sjb) (Entered: 04/25/2023) |
| 04/25/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE ROBERT L HINKLE notified that action is needed Re: 28 MOTION to Alter Judgment MOTION to Amend/Correct (sjb) (Entered: 04/25/2023) |
| 04/27/2023 | 29 | ORDER DENYING THE MOTION TO ALTER OR AMEND THE JUDGMENT - The plaintiff's motion, ECF No. 28 , to alter or amend the judgment and the order directing its entry is denied. Signed by JUDGE ROBERT L HINKLE on 4/27/23. (sjb) (Entered: 04/27/2023) |
| 05/24/2023 | 30 | TIME SENSITIVE MOTION FOR RELIEF FROM JUDGMENT DUE TO CLERICAL ERROR AND NEW EVIDENCE AND FOR FINDINGS OF FACT by ANGELA DEBOSE. (Attachments: # 1 Exhibits) (sjb) (Entered: 05/24/2023) |
| 05/26/2023 | 31 | RESPONSE to Motion re 30 MOTION MOTION TIME SENSITIVE MOTION FOR RELIEF FROM JUDGMENT DUE TO CLERICAL ERROR AND NEW EVIDENCE AND FOR FINDINGS OF FACT filed by UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES. (MCCREA, RICHARD) (Entered: 05/26/2023) |
| 05/26/2023 | 32 | ORDER DENYING THE 30 60(b) MOTION. Signed by JUDGE ROBERT L HINKLE on 5/26/2023. (vkm) (Entered: 05/26/2023) |
| 06/06/2023 | 33 | MOTION FOR CERTIFICATION OF ORDER AS FINAL AND APPEALABLE by ANGELA DEBOSE. (sjb) (Entered: 06/07/2023) |
| 06/09/2023 | 34 | ORDER DENYING THE MOTION TO CERTIFY THE MAY 26 ORDER- The motion to certify, ECF No. 33 , is denied as moot. Signed by JUDGE ROBERT L HINKLE on 6/9/23. (sjb) (Entered: 06/09/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/07/2023 17:00:56 | | | |
| **PACER Login:** | awdebose7367 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:22-cv-00439-RH-MAF |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

Angela DeBose
1107 W. Kirby St.
Tampa, FL 33604

9589 0710 5270 1055 5565 87



Retail

U.S. POSTAGE PAID
FCM LG ENV
TAMPA, FL 33630
JUL 07, 2023

30303

$7.09

RDC 23

R2305K135813-07

Office of the Clerk of the Court
Eleventh Circuit Court of Appeals
56 forsyth Street, NW
Atlanta, GA 30303

U.S. MARSHALS SERVICE
Atlanta, GA

JUL 1 0 2023

CLEARED SECURITY