IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ANGELA DEBOSE,

    Plaintiff,

v.                                       CASE NO. 4:22cv439-RH-MAF

THE UNIVERSITY OF SOUTH
FLORIDA BOARD OF TRUSTEES,

    Defendant.

_____/

## ORDER DENYING THE MOTION TO RECONSIDER

      The plaintiff has moved to reconsider the January 2, 2024 order. For the most part, the motion repeats arguments already considered and denied. The new assertions are also unfounded. This order thus denies the motion. Only two matters warrant discussion.

      First, the plaintiff asserts this court misconstrued her petition for a writ of mandamus as a notice of appeal. Not so. A docketing clerk made a docket entry describing the filing as a "notice of appeal titled as 'petition for a writ of mandamus relief sought.'" ECF No. 36 (capitalization altered). The docketing clerk had no role in considering or acting on the petition, and the wording of the docket entry made no difference to anyone for any purpose. The Eleventh

Circuit—the court to which the filing was submitted—correctly treated it as a petition for a writ of mandamus.

Second, the plaintiff complains that the January 2 order provided for refund of the $505 filing fee she improperly paid to the clerk of this court—but only if "no motion for relief from dismissal of the plaintiff's petition for a writ of mandamus is pending in the Eleventh Circuit based on the plaintiff's payment of the fee to the clerk of this court." ECF No. 44 at 2. This was simply an effort to achieve the proper result. If the plaintiff succeeds in having the Eleventh Circuit reinstate her mandamus petition based on her payment of the $505, she will not be entitled to a refund. If, on the other hand, the Eleventh Circuit's dismissal of the petition for nonpayment of the filing fee ultimately stands, the plaintiff should get the $505 back. The plaintiff cannot eat her cake and have it, too—she cannot get the $505 back but be allowed to go forward as if the $505 has been paid.

Perhaps the plaintiff's complaint is that the January 2 order sets a February 5 date for the refund. This was intended to help—not hurt—the plaintiff, by setting a date for the refund, so that this did not drag out indefinitely. If it turns out on February 5 that the refund cannot be made on that date because an attempt to have the petition reinstated is pending, the refund date can be extended.

IT IS ORDERED:

The motion to reconsider, ECF No. 45, is denied.

SO ORDERED on January 19, 2024.

        s/Robert L. Hinkle
        United States District Judge